JENNIFER L. BROWN #10885
Hawai'i Civil Rights Project
P.O. Box 8415
Honolulu, HI 96830
Phone: 808-554-5576
Email: hawaiicivilrightsproject@gmail.com

Alphonse A. Gerhardstein #0032053 (OH)
Jacqueline Greene # 0092733 (OH)
Friedman, Gilbert, + Gerhardstein
441 Vine Street, Suite 3400
Cincinnati, Ohio 45202
PH: 513.572.4200
FAX: 216.621.0427
Email: al@fggfirm.com; jacqueline@fggfirm.com

Paul Hoffman #71244
John Washington #315991
Schonbrun, Seplow, Harris, Hoffman & Zeldes
200 Pier Ave. Ste. 226
Hermosa Beach, California 90254
Phone: 310-717-7373
Emails: hoffpaul@aol.com; jwashington@sshhzlaw.com

Attorneys for Plaintiff
JOSHUA SPRIESTERSBACH

**UNITED STATES DISTRICT COURT**

**DISTRICT OF HAWAI'I**

| | |
|---|---|
| JOSHUA SPRIESTERSBACH,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAI'I, CITY AND COUNTY OF HONOLULU, OFFICER ABRAHAM K. BRUHN, DEPARTMENT OF PUBLIC SAFETY, OFFICE OF THE PUBLIC DEFENDER, NIETZSCHE LYNN TOLAN, | Case No. 1:21-cv-00456-LEK-RT<br><br>**PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: 1.14.22 |

1

| | |
|---|---|
| MICHELLE MURAOKA, LESLIE MALOIAN, JACQUELINE ESSER, JASON BAKER, MERLINDA GARMA, SETH PATEK, DR. JOHN COMPTON, DR. MELISSA VARGO, DR. SHARON TISZA, HAWAIʻI STATE HOSPITAL, DR. ALLISON GARRETT, and JOHN/JANE DOES 1-20, <br><br>Defendants. | Time: 2:20 pm |

## INTRODUCTION

Plaintiff Joshua Spriestersbach was arrested and detained for nearly three years for crimes committed by another man, Thomas Castleberry. The main reason for this was because the Honolulu Police Department ("H.P.D.") relied on and maintained false information connecting Mr. Spriestersbach to Mr. Castleberry's crimes without any basis for doing so, and despite Mr. Spriestersbach's continuous pleas that H.P.D. and the other Defendants had the wrong man. Plaintiff brings this motion for a preliminary injunction to ensure that Defendants finally correct the information, so he is not wrongfully arrested and incarcerated in the future.

There is no dispute that Plaintiff is not Thomas Castleberry, that Plaintiff has no connection to Mr. Castleberry's crimes, or that the warrant and criminal database information associating him with Thomas Castleberry is inaccurate and false. Nevertheless, H.P.D. has never corrected this information. A preliminary injunction is necessary in these circumstances.

Each of the factors necessary for a preliminary injunction strongly favors one here. Initially, Plaintiff is likely to succeed on the merits. For example, it is well established that failing to take reasonable steps to ensure a person is not wrongfully arrested on another's warrant violates due process. *E.g. Fairley v. Luman,* 281 F.3d 913, 918 (9th Cir. 2002). Additionally, this case is very similar to the leading one establishing a Fourth Amendment violation for similar conduct. *See Lee v. Gregory*,

363 F.3d 931, 935 (9th Cir. 2004) (holding that knowingly causing a person's arrest on a warrant meant for another violates the Fourth Amendment).

Similarly, there is a likelihood Plaintiff will suffer irreparable injury absent injunctive relief. The false information that Plaintiff seeks to have removed is likely to cause his false arrest any time he interacts with an H.P.D. officer. Lastly, the balance of equities for the parties and public interest favors the injunction. Plaintiff has a significant liberty interest in not being falsely arrested or detained. The law heavily favors protecting Plaintiff's civil rights. There is also no legitimate reason for the H.P.D. to maintain and rely on erroneous information of this kind in its databases and records.

Plaintiff's motion for a preliminary injunction should be granted, and Defendant City and County of Hawai'i should be required to amend the warrant and database information falsely targeting Plaintiff for arrest for Thomas Castleberry's crimes.

## FACTUAL BACKGROUND

**A. Thomas Castleberry Commits Several Crimes in Hawaii and Elsewhere. A Bench Warrant Issues for His Arrest.**

On July 16, 2006, Thomas Castleberry was arrested by H.P.D. officers for crimes committed in Hawai'i. At the time of those crimes, Plaintiff, Joshua Spriestersbach was being treated in a mental health facility on Hawai'i island. Spriestersbach Decl. ¶ 4.

When he was arrested, Mr. Castleberry was fingerprinted and photographed, and his mugshot taken by H.P.D. and entered into their criminal database. Once Mr. Castleberry was transferred to Oahu Community Correctional Center ("O.C.C.C.") his identifying information was also entered into the O.C.C.C. database. In 2007, Mr. Castleberry pleaded guilty to his crimes. He was placed on HOPE probation[1]

---

[1] "Hawai'i's Opportunity Probation with Enforcement."

and monitored until July of 2009, when he failed to appear in court and a bench warrant issued for his arrest. Gerhardstein Decl., A-1 (Docket *State v. Thos Castleberry Case* No. 1PC061001421) and A-2 (Castleberry Bench Warrant July 2009 served May 2017). At some point that year Mr. Castleberry left Hawai'i and moved to Arizona and was incarcerated there from 2011 to 2014. Gerhardstein Decl. A-3 (Castleberry Arizona Records Dec 2011-2014). He then moved to Alaska, where he was also incarcerated and has been in the custody of the Alaska Department of Corrections, with an expected release in 2022. Gerhardstein Decl., A-4, Castleberry Alaska Records.

### B. Plaintiff Joshua Spriestersbach is Arrested Three Times for Castleberry's Warrant and Detained on the Warrant for Thirty-Two Months. Defendants Still Have Not Corrected the False Identification.

Plaintiff Joshua Spriestersbach is a fifty-year-old man with disabilities. Spriestersbach Decl. ¶ 2. He lived seventeen of his last 19 years in Hawaii and was occasionally unhoused during his time in Hawai'i. Spriestersbach Decl. ¶¶ 3,5. The only crimes with which he has been charged are those relating to his houselessness, such as trespass and sitting or lying on sidewalks while houseless. Spriestersbach Decl. ¶ 6.

On October 14, 2011, Plaintiff was houseless and sleeping on a stairwell. Spriestersbach Decl. ¶ 7. An officer who arrested him requested his name. Joshua only gave the last name "Castleberry," as he sometimes goes by his grandfather's name, William C. Castleberry. He did not give a first name. Spriestersbach Decl. ¶ 7. He was then arrested for the outstanding warrant of Thomas R. Castleberry even though Joshua insisted that he was *not* Thomas R. Castleberry to the officers. Spriestersbach Decl. ¶ 8; Gerhardstein Decl. A-5 (Spriestersbach first arrest on Castleberry warrant 101411). Plaintiff has a different birthday from Thomas Castleberry, a different social security number, looks different, is a different height

and weight, and has different fingerprints from Thomas Castleberry.[2] The HPD could have easily verified that Plaintiff was not the Thomas Castleberry sought in the pending warrant.

Plaintiff was ultimately never brought to court in 2011, though officers added his name "Joshua Spriestersbach" as the alias of Thomas Castleberry, and they failed to correct the erroneous addition.

On January 17, 2015, Plaintiff was houseless and sleeping in Aala Park in the City and County of Honolulu. Spriestersbach Decl. ¶ 10. An officer arrested Plaintiff, and asked him his name. Spriestersbach Decl. ¶ 10. Plaintiff gave his name, Joshua Spriestersbach. Spriestersbach Decl. ¶10; Gerhardstein Decl. A-7 (Spriestersbach second arrest on Castleberry warrant). Because H.P.D. officers did not correct their records in 2011, Joshua Spriestersbach was still an erroneous alias added for Thomas Castleberry. Plaintiff was taken in for booking. Spriestersbach Decl. ¶ 11. An officer ran his prints and identified him as Joshua Spriestersbach, ("Possible warrant under Castleberry, Thomas A#1077743. Checks via ID (Daisey) per ID prints under A#1077743 Castleberry, Thomas do not match Spriestersbach." Gerhardstein Decl. A-7  (Bates Honolulu PD PRR 000043.)  Because the officers noticed Plaintiff and Thomas Castleberry's fingerprints did not match during the booking process, they released Plaintiff. Again, the information was not corrected.

---

[2] Thomas Castleberry is 6'3", 230 lbs., and has hazel eyes. *E.g.* Gerhardstein Decl. A-3 (Castleberry Arizona records). Plaintiff is two inches shorter, fifty pounds lighter, and has blue eyes. Gerhardstein Decl. A-8 (Spriestersbach third arrest on Castleberry warrant) and A-9 (Discharge Summary from Hawaii State Hospital at Bates page 000013) ("The Detective determined that the picture and fingerprints of Thomas Castleberry do not match the picture and fingerprints of Joshua Spriestersbach."). See also the dramatically different photos of Joshua Spriestersbach on the Hawaii eCrim website as of April 3, 2020 (Gerhardstein Decl. A-6) and Thomas Castleberry from his time as an Arizona inmate 2011-2014. (Gerhardstein Decl. A-12 and A-13).

On May 11, 2017, Plaintiff was houseless and waiting for food with others outside Safe Haven in Honolulu. Due to long lines and heat, Plaintiff fell asleep on the sidewalk. Spriestersbach Decl. ¶ 12. Plaintiff Spriestersbach was arrested for a third time on the 2009 Castleberry warrant. Gerhardstein Decl. A-8 (Spriestersbach third arrest on Castleberry warrant 051117). Plaintiff provided the officer his full name, Joshua Spriestersbach, his date of birth, and his social security number. Spriestersbach Decl. ¶ 12. The officer did not release Plaintiff. Spriestersbach Decl. ¶12. Joshua Spriestersbach's name was handwritten on the face of the warrant issued for Thomas Castleberry, which had remained open for eight years. Gerhardstein Decl, A-2 (Castleberry bench warrant July 2009 served May 2017).

Plaintiff was transported to the Department of Public Safety's Oahu Community Correctional Center ("O.C.C.C."). Spriestersbach Decl. ¶ 13. He was held at O.C.C.C. for four months, during which time he was never properly identified. Spriestersbach Decl. ¶ 13.

Prior to his first court hearing, Plaintiff told the Deputy Public Defenders that he was not Thomas Castleberry, that he had not committed Castleberry's crimes, and provided his identifying information. Spriestersbach Decl. ¶ 14. Instead of investigating the information, Plaintiff was taken to Hawai'i State Hospital for a mental fitness evaluation. Spriestersbach Decl. ¶ 14. He was evaluated multiple times by doctors who had access to and were required to access his medical and legal records. They also did not verify his identity, though Plaintiff continually advised them and other hospital staff of his name and identity, and that he was not Thomas Castleberry. Spriestersbach Decl. ¶ 15; Gerhardstein Decl. A-9 (Hawaii State Hospital Discharge Summary).

In January 2020, a physician verified that Plaintiff was not Thomas Castleberry. Plaintiff was given fifty cents, his identity documents, and a ride back to the homeless shelter where he had been arrested thirty-two months earlier. Spriestersbach Decl. ¶ 16; Gerhardstein Decl. A-9 (Hawaii State Hospital Discharge

Summary).

The false information identifying Plaintiff as Thomas Castleberry has *still* not been corrected. A search on the eCrim database for Thomas Castleberry produces a record with Spriestersbach's photo, height and weight and listing Thomas Castleberry as an alias. Gerhardstein Decl. A-10 . A search on the eCrim database for Joshua Spriestersbach produces the same photo as the one used for Castleberry with Spriestersbach's height and weight. The entry for Spriestersbach also continues to list Thomas Castleberry as an alias. Gerhardstein Decl. A-11. Moreover, the photo employed for Spriestersbach in these records has been changed since Joshua was released from the Hawaii State Hospital in January 2020. Compare the eCrim photo downloaded on April 3, 2020 (Gerhardstein Decl. A-6) with the current eCrim photo (Gerhardstein Decl. A-11).

To this day, Plaintiff has received nothing from Defendants indicating they have taken any step to correct the false alias and information in the H.P.D.'s database identifying him as Thomas Castleberry, or taken any other necessary step to ensure Plaintiff is not arrested for a fourth time.

## **LEGAL STANDARD**

A preliminary injunction should issue where a plaintiff shows: "(1) a likelihood of success on the merits; (2), that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, 758 F.3d 1069, 1071 (9th Cir. 2014).

Alternatively, a preliminary injunction is necessary even where a plaintiff cannot show a likelihood of success on the merits, but raises a "serious question" of success on the merits where the balance of hardships tips sharply in his favor. *Shell Offshore, Inc. v. Greenpeace, Inc.,* 709 F.3d 1281, 1291 (9th Cir. 2013); *All. For*

*The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1135 (9th Cir. 2011).[3] This is because this Circuit adopts a "sliding scale" approach, such that the stronger one showing is, the less significant another need be to support a preliminary injunction. *Cottrell*, 632 F.3d at 1131. Given the preliminary nature of a preliminary injunction and fact that there has not been extensive factual development, evidence need not be admissible to support a preliminary injunction. *See, e.g.*, *Herb Reed Enters., LLC v. Fla. Entm't Mgmt.,* 736 F.3d 1239, 1250 n.5 (9th Cir. 2013); *Johnson v. Couturier,* 572 F.3d 1067, 1083 (9th Cir. 2009).

As addressed below, Plaintiff is likely to prevail on the merits of his claims, and the balance of hardships tips strongly in his favor. Moreover, there is no legitimate reason for Defendants to refuse to correct their records. Indeed, each factor strongly points in favor of granting the preliminary injunction here.

## ARGUMENT

### I. Plaintiff is Likely to Prevail With an Injunction Requiring Defendants to Fix False Identifiers Causing His Arrest.

Plaintiff's complaint requests injunctive relief, *inter alia*, removing Plaintiff's identity from the warrant and criminal database falsely connecting him to Mr. Castleberry's crimes. *E.g.* Dkt. 1 at 39. This information caused him to be falsely arrested three times in less than five years. Plaintiff seeks injunctive relief now so that he is not falsely arrested again. Plaintiff is highly likely to prevail on his claims.

First, there is no basis for H.P.D. and Defendant City and County of Honolulu's refusal to correct patently erroneous information causing Plaintiff to be arrested three times and exposing him to future wrongful arrests.

There is an obvious and significant liberty interest in not being baselessly detained and arrested by the police on a warrant for someone else. *Fairley v. Luman,*

---

[3] A "serious question" is one on which the movant "has a fair chance of success on the merits." *Sierra On-Line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415, 1421 (9th Cir. 1984).

281 F.3d 913, 918 (9th Cir. 2002). Thus, a municipality's refusal to institute readily available procedures to decrease the risk of a person's erroneous arrest on a warrant targeting another violates due process. *See, e.g.*, *id.; Smith v. Cty. of L.A.*, No. CV 11-10666 DDP (PJWx), 2015 U.S. Dist. LEXIS 187003, at *14 (C.D. Cal. Jan. 16, 2015) ("The constitutional guarantee of due process does not tolerate a system that refuses to correct known errors, especially if those errors result in the repeated arrest and detention of an innocent person.").[4]

Courts in this circuit thus unsurprisingly hold that municipalities that refuse to correct knowingly erroneous warrants and databases targeting the wrong person for arrest are liable for due process violations. *See, e.g.*, *Pierce v. Cty. of Marin*, 291 F. Supp. 3d 982, 994 (N.D. Cal. 2018) (finding Defendant County liable because it "failed to take any correction after plaintiff was first falsely booked" and "continued to maintain the incorrect warrant" despite knowledge that the information was incorrect); *Smith*, 2015 U.S. Dist. Lexis 187003 at *11 (refusal to update database to clarify that person incorrectly arrested was not the true target violates due process); *Rogan v. Los Angeles,* 668 F. Supp. 1384, 1395 (C.D. Cal. 1987) (holding municipality liable for due process violation when it would not amend crime database after it contributed to a false arrest).

There is no question that the City and County of Honolulu and named and unnamed H.P.D. Officers know about these errors. Plaintiff filed this lawsuit against the City and County of Honolulu specifically demanding it and the necessary officers correct the warrant. Dkt. 1 at 3, 39. Even before that, this incident was publicized throughout the country. *See, e.g.*, New York Post, *Wrong Man Locked up Nearly 3 Years Due to Mistaken Identity* (Aug. 4, 2021) *available at*: https://bit.ly/3mptIj2; The Washington Post, *Officials Put the Wrong Man in a*

---

[4] Moreover, Defendant knows Plaintiff is not the proper target of the warrant. Causing Plaintiff to be arrested on a warrant known to be for another person also violates the Fourth Amendment. *See, e.g.*, *Lee v. Gregory*, 363 F.3d 931, 935 (9th Cir. 2004).

9

*Mental Facility for 2 Years. When He Objected, they Called him "Delusional."* (Aug. 5, 2021), *available at*: https://wapo.st/3yORude; New York Times, *Man Held for More Than 2 Years after Hawaii Arrest Over Mistaken Identity* (Aug. 6, 2021), *available* at: https://nyti.ms/3yXomRe. Yet Defendants have *still* never corrected the warrant, consistent with the H.P.D.'s actions in 2011, in 2015, in 2017, and in 2020 when Plaintiff was most recently released.

## II. Plaintiff Will Likely Suffer Irreparable and Unnecessary Harm Absent a Preliminary Injunction.

The second consideration for a preliminary injunction is the likelihood of irreparable harm. *Shell Offshore*, 709 F.3d at 1289. The harm here, being arrested or detained again is irreparable. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Index Newspapers LLC v. U.S. Marshals Serv.*, 977 F.3d 817, 837 (9th Cir. 2020) (citing *Melandres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012).

Plaintiff is not presently in Hawaii but seeks an opportunity to return without fear of false arrest. Spriestersbach Decl. ¶ 18. The right to travel which Plaintiff seeks to exercise is protected by the constitution and directly infringed by defendants who have failed to correct false information which subjects Plaintiff to false arrest. *See generally Crandall v. Nevada*. 73 U.S. (6 Wall.) 35 (1867) and *Edwards v. California*, 314 U.S. 160 (1941) (addressing right to travel). The false information in Defendants' records is likely to lead to his arrest every time an H.P.D. officer interacts with Plaintiff, as it has in the past.[5] That alone also indicates a likelihood of irreparable injury. *See, e.g.*, *Index Newspapers LLC*, 977 F.3d at 826 (finding fact that violation happened more than once is compelling evidence supporting a preliminary injunction).

---

[5] As an unhoused person, Plaintiff likely has more interactions than most with H.P.D. officers, who have sought to arrest him for poverty crimes such as falling asleep while waiting to be served food.

### III. The Balance of Equities and Public Interest Favor an Injunction.

The last two considerations in granting or denying a preliminary injunction are whether the balance of equities tip in Plaintiff's favor, and whether the public interest favors an injunction. *Shell Offshore, Inc.*, 709 F.3d at 1289. "When the government is a party, these last two factors merge." *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)). "'[I]t is always in the public interest to prevent the violation of a party's constitutional rights.'" *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Sammartano v. First Judicial District Court*, 303 F.3d 959 (9th Cir. 2002). Further, Plaintiff's request adds no more burden on the Defendant City and County of Honolulu than that already imposed by HRS §846 which establishes the Hawaii Criminal Justice Data Center and authorizes the collection of criminal justice data, including arrests and case dispositions. As a Criminal Justice Agency under that statute, the Defendant, pursuant to Haw. Rev. Stat. Ann. §846-6 (LexisNexis 2021) has a duty minimize the storing of "inaccurate information." Further that statute requires, "Any criminal justice agency which finds that it has reported inaccurate information of a material nature shall forthwith notify all criminal justice agencies known to have received such information." *Id.*

As addressed above Plaintiff has a significant liberty interest in not being baselessly arrested, or detained, again. There is no legitimate reason for Defendants to refuse to correct their records. Failing to do so serves no valid goal, and certainly none outweighing Plaintiff's interests.

### CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court order the City and County of Honolulu to correct the H.P.D.'s database and warrant by removing Plaintiff's name as an alias for Thomas Castleberry, and removing any other information indicating Plaintiff is responsible for Thomas Castleberry's crimes and to take any other action necessary to implement the order. A draft order is

11

attached.

DATED: January 14, 2022     Respectfully submitted,

HAWAI'I CIVIL RIGHTS PROJECT

By:  /s/ Alphonse A. Gerhardstein
      Jennifer L. Brown
      Alphonse A. Gerhardstein
      Jacqueline Greene
      Paul Hoffman
      John Washington

      Attorneys for Plaintiff
      JOSHUA SPRIESTERSBACH

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 14, 2022, a copy of the foregoing pleading was filed electronically. Notice of the filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

      s/ Alphonse A. Gerhardstein
      Attorney for Plaintiff