# MINUTE ORDER

| | |
|---|---|
| CASE NUMBER: | CIVIL NO. 21-00456 LEK-RT |
| CASE NAME: | Joshua Spriestersbach vs. State of Hawaii |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | DATE: | 3/10/2022 |

COURT ACTION:  **EO: COURT'S INCLINATION REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [DKT. NO. 27]**

Plaintiff Joshua Spriestersbach's ("Spriestersbach") Motion for Preliminary Injunction ("Motion") was filed on January 14, 2022. [Dkt. no. 27.]  On February 18, 2022, Defendant City and County of Honolulu ("the City") filed its memorandum in opposition ("City Opposition"), and Defendants Office of the Public Defender, Nietzsche Lynn Tolan, Michele Muraoka, Lesley Maloian, Jacquelyn Esser, Jason Baker, Merlinda Garma, and Seth Patek (collectively "PD Defendants") filed their memorandum in opposition ("PD Opposition").  [Dkt. nos. 50, 52.]  On February 25, 2022, Spriestersbach filed his reply to the City Opposition ("City Reply") and his reply to the PD Opposition ("PD Reply").  [Dkt. nos. 55, 56.]  Defendant Allison Garrett, M.D., filed a statement of no position on February 28, 2022.  [Dkt. no. 59.]

On March 4, 2022, this Court issued an entering order stating that, at the hearing on the Motion, this Court will only hear argument from counsel for Spriestersbach and counsel for the City because the Motion seeks relief solely as to the City.  [Dkt. no. 73.]

Spriestersbach presents the testimony of his expert regarding law enforcement data management systems.  [City Reply, Decl. of Jeffrey D. Gottstein ("Gottstein Decl.").]  Spriestersbach apparently argues he should be permitted to submit expert testimony, which was not presented in the Motion, with his reply because the City presented testimony from Honolulu Police Department Detective Alexander Waseleski, IV as "an IT expert."  See City Reply at 1.  The Court is inclined to strike Mr. Gottstein's declaration as it was improperly presented in the City Reply and not in the Motion.  See generally Local Rule LR7.2 ("Any argument raised for the first time in the reply shall be disregarded.").

The Court advises the parties, at oral argument, to address Spriestersbach's burden of establishing that he is likely to suffer imminent, irreparable harm unless this Court issues a preliminary injunction.

  The Court is inclined to find that a future wrongful arrest for a warrant issued for, or an offense committed by, Thomas R. Castleberry would violate Spriestersbach's constitutional rights, and would be irreparable harm.  See Am. Trucking Ass'ns v. City of Los Angeles, 559 F.3d 1046, 1059 (9th Cir. 2009) ("Unlike monetary injuries, constitutional violations cannot be adequately remedied through damages and therefore generally constitute irreparable harm." (citation omitted)).  However, in order to have standing to obtain a preliminary injunction against the City, Spriestersbach must establish irreparable harm that is "actual and imminent, not conjectural or hypothetical" and is "fairly traceable to the challenged action of the defendant[.]"  See Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009) (citation omitted); see also GEO Grp., Inc. v. Newsom, 15 F.4th 919, 939 (9th Cir. 2021) ("A party 'does not have to await the consummation of threatened injury to obtain preventive relief.  If the injury is certainly impending, that is enough.'" (quoting Pennsylvania v. West Virginia, 262 U.S. 553, 593, 43 S. Ct. 658, 67 L. Ed. 1117 (1923))).

  The parties should appear at the March 11, 2021 hearing prepared to discuss these issues and/or to direct the Court to controlling case law that either supports or contradicts this matter.

  The Court notes that this inclination is intended only to help the parties prepare for oral argument and is not the Court's final decision in the matter.  Rather, the parties are encouraged to raise relevant case law and/or facts to show the Court why its inclination is mistaken or correct.

  The parties are reminded that their argument at the hearing is to be confined to the evidence included, and legal authority cited, in their filings.  If any party wishes to present argument regarding evidence or legal authority that was not included within their filings, that party must first make an oral request for leave of Court to refer to the new material.

  IT IS SO ORDERED.

Submitted by: Agalelei Elkington, Courtroom Manager