UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSHUA SPRIESTERSBACH,<br><br>              Plaintiff,<br><br>     vs.<br><br>STATE OF HAWAII, CITY AND COUNTY OF HONOLULU, OFFICER ABRAHAM K. BRUHN, DEPARTMENT OF PUBLIC SAFETY, OFFICE OF THE PUBLIC DEFENDER, NIETZSCHE LYNN TOLAN, MICHELLE MURAOKA, LESLIE MALOIAN, JACQUELINE ESSER, JASON BAKER, MERLINDA GARMA, SETH PATEK, DR. JOHN COMPTON, DR. MELISSA VARGO, DR. SHARON TISZA, HAWAII STATE HOSPITAL, DR. ALLISON GARRETT, JOHN/JANE DOES 1-20,<br><br>              Defendants. | CIV. NO. 21-00456 LEK-RT |

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

           Before the Court is Plaintiff Joshua Spriestersbach's ("Spriestersbach") Motion for Preliminary Injunction ("Motion"), filed on January 14, 2022. [Dkt. no. 27.] Defendant City and County of Honolulu ("the City") filed its memorandum in opposition on February 8, 2022, and Spriestersbach filed his reply on February 25, 2022.[1] [Dkt. nos. 50, 55.] This matter came on for hearing on March 11, 2022. For the reasons set

---

           [1] Other filings were submitted regarding the Motion, see dkt. nos. 52, 56, 59, but they are not addressed in this Order because the Motion only seeks relief against the City.

forth below, Spriestersbach's Motion is denied, without prejudice to the filing of a new motion seeking a preliminary injunction, if warranted by additional developments in this case.

## BACKGROUND

The instant case arises from Spriestersbach's May 11, 2017 arrest for crimes committed by Thomas R. Castleberry and Spriestersbach's subsequent detention related to that arrest until January 17, 2020. See Complaint, filed 11/21/21 (dkt. no. 1), at ¶ 2. The Complaint alleges thirteen claims against seventeen defendants. Relevant to the instant Motion, Spriestersbach alleges the following claims against the City: a 42 U.S.C. § 1983 claim alleging violations of Spriestersbach's rights under the Fourth Amendment; a § 1983 claim alleging violations of Spriestersbach's due process rights under the Fourteenth Amendment; disability discrimination, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*; a § 1983 claim alleging abuse of process, in violation of Spriestersbach's rights under the Fourteenth Amendment; intentional infliction of emotional distress ("IIED"); and negligent infliction of emotional distress ("NIED").

## I. Evidence Presented with the Motion

On July 24, 2009, a Circuit Court of the State of Hawai`i issued a Bench Warrant for Thomas R. Castleberry after

2

he failed to comply with the terms and conditions of his probation in a 2006 criminal case ("Castleberry Warrant").[2]  See Motion, Decl. of Attorney Alphonse A. Gerhardstein in Supp. of Motion for Preliminary Injunction ("Gerhardstein Decl."), Exh. A-2 (version of Castleberry Warrant returned after Spriestersbach's May 11, 2017 arrest) at PageID #: 138.[3]

Spriestersbach has testified that he has a mental health disability, and he lived unhoused in Hawai`i for several years before 2017.  [Motion, Decl. of Plaintiff Joshua Spriestersbach in Supp. of Motion for Preliminary Injunction ("Spriestersbach Decl.") at ¶¶ 2, 5.]  On October 14, 2011, when he was arrested for sleeping on a stairwell, he gave the name "Castleberry," with no first name, to the arresting officer.[4] [Id. at ¶ 7.]  According to Spriestersbach, he was arrested for an outstanding warrant for Thomas R. Castleberry, but he was later released without a court appearance.  Id. at ¶¶ 8-9; see also Gerhardstein Decl., Exh. A-5 (Honolulu Police Department ("HPD") documents related to the 10/14/11 arrest).

---

[2] The case is State of Hawai`i v. Thomas R. Castleberry, Case No. 1PC-06-1-001421 ("Castleberry Criminal Case").

[3] A redacted version of Exhibit A-2 was among the exhibits attached to the Redacted Declaration of Attorney Alphonse A. Gerhardstein in Support of Motion for Preliminary Injunction, filed on March 7, 2022.  [Dkt. no. 74.]

[4] Spriestersbach's grandfather was named William C. Castleberry.  [Spriestersbach Decl. at ¶ 7.]

On January 17, 2015, Spriestersbach was arrested for sleeping in a park in Honolulu. Spriestersbach told the arresting officer his name was Joshua Spriestersbach. Spriestersbach Decl. at ¶ 10; see also Gerhardstein Decl., Exh. A-7 (HPD documents related to the 1/17/15 arrest). According to Spriestersbach, at that time, "Joshua Spriestersbach" was listed as an alias for Thomas Castleberry. [Spriestersbach Decl. at ¶ 11.] However, after booking, Spriestersbach was released because his fingerprints did not match Thomas R Castleberry's fingerprints. [Id.]

On May 11, 2017, Spriestersbach was arrested after he fell asleep on a sidewalk while waiting in a food distribution line. Spriestersbach gave his full name, birth date, and social security number to the HPD officer who arrested him. Although Spriestersbach did not know it at the time, he was arrested for the Castleberry Warrant. [Id. at ¶ 12.]

Spriestersbach does not currently live in Hawai`i, but he states he "love[s] Hawai`i" and "would like the opportunity to return to Hawai`i free of the risk of being arrested again on the outstanding 2009 warrant for Thomas Castleberry or for any other crimes committed by Thomas Castleberry." [Id. at ¶ 18.] In the instant Motion, Spriestersbach asks this Court to enter a preliminary injunction requiring the City "to correct the H.P.D.'s database and warrant by removing [his] name as an alias

4

for Thomas Castleberry, and removing any other information indicating [he] is responsible for Thomas Castleberry's crimes and to take any other action necessary to implement the order." [Mem. in Supp. of Motion at 11.]

## II. Developments After the Filing of the Motion

The City presents evidence that an "active advisory" for Spriestersbach has been entered in HPD's internal Case Reporting System ("CRS"), stating Spriestersbach is not to be arrested for offenses by or warrants for Thomas R. Castleberry. [Mem. in Opp., Decl. of Alexander Waseleski, IV ("Waseleski Decl.") at ¶¶ 7, 15.[5]] All HPD personnel can access the CRS, and the active advisory would be visible on the initial screen shown in a search of Spriestersbach's name. [Id. at ¶¶ 8, 17.] Detective Waseleski states that HPD does not control or maintain: the Hawai`i Criminal Justice Data Center ("HCJDC") database; the State of Hawai`i Adult Criminal Information portal that allows public access to the HCJDC database; nor the State of Hawai`i Judiciary's case dockets or other databases. [Id. at ¶¶ 4-6.] Further, the HPD CRS does not interface with any of

---

[5] Alexander Waseleski, IV is an HPD Detective, assigned to the Information Technology Division. [Waseleski Decl. at ¶¶ 2-3.] Detective Waseleski personally entered the active advisory for Spriestersbach, and he personally entered a similar one for Thomas Castleberry, stating Castleberry is not to be arrested for offenses by or warrants for Spriestersbach. [Id. at ¶¶ 15-16.]

5

those databases. [Id. at ¶ 9.] HPD sent a letter, dated February 18, 2022, to the HCJDC, requesting that HCJDC's records regarding Spriestersbach's May 11, 2017 arrest be corrected and/or expunged. [Mem. in Opp., Decl. of Derek T. Mayeshiro ("Mayeshiro Decl."), Exh. A (letter to Christopher D.W. Young, HCJDC Administrator, from Major Joseph A. Trinidad, HPD Records and Identification Division).]

In addition to the instant case, Spriestersbach has attempted to obtain relief, including the correction of state court records, in his state court Hawai`i Rule of Penal Procedure 40 proceedings, Joshua Spriestersbach, a.k.a. Thomas Ralph Castleberry v. State of Hawai`i, Case No. 1CPN-21-0000032 ("Spriestersbach Rule 40 Case"). See Plaintiff's Statement per Court Order of 1/21/22, filed 1/28/22 (dkt. no. 43), at 4. On January 22, 2022, the state court in the Spriestersbach Rule 40 Case issued the Order Regarding Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner for [sic] Custody Filed August 2, 2021 ("1/22/22 Rule 40 Order"). [Id. at PageID #: 283-87 (1/22/22 Rule 40 Order).] The state court granted part of Spriestersbach's Rule 40 petition and ordered that the records about Spriestersbach in the Castleberry Criminal Case be removed from the Castleberry Criminal Case and preserved in a special proceedings case. [Id. at PageID #: 287.]

## **STANDARD**

This Court has described the standards that apply to a motion for a preliminary injunction as follows:

> "[I]njunctive relief is an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 376, 172 L. Ed. 2d 249 (2008). . . .
>
> Sakala v. BAC Home Loans Servicing, LP, CV. No. 10-00578 DAE-LEK, 2011 WL 719482, at *4 (D. Hawai`i Feb. 22, 2011) . . . .
>
> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. Am. Trucking Ass'ns v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008)) (explaining that, "[t]o the extent that [the Ninth Circuit's] cases have suggested a lesser standard, they are no longer controlling, or even viable" (footnote omitted)); see also Winter, 129 S. Ct. at 374–76 (holding that, even where a likelihood of success on the merits is established, a mere "possibility" of irreparable injury is insufficient to warrant preliminary injunctive relief, because "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with [the Supreme Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief").

>    Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co., 685 F. Supp. 2d 1123, 1128-29 (D. Hawai`i 2010) (footnote and some citations omitted) (alterations in original). . . .

Kelley O'Neil's Inc. v. Ige, CIVIL NO. 20-00449 LEK-RT, 2021 WL 767851, at *4 (D. Hawai`i Feb. 26, 2021) (some alterations in Kelley O'Neil's) (some citations omitted).

**DISCUSSION**

**I.   Scope of the Motion**

At the outset, this Court emphasizes that it considers the scope of Spriestersbach's request for injunctive relief to be limited to what is set forth in the Motion. First, this Court notes that Spriestersbach improperly presented the testimony of his expert regarding law enforcement data management systems, Jeffrey Gottstein, with his reply. This Court rejects Spriestersbach's argument that his presentation of Mr. Gottstein's testimony was proper because Spriestersbach was merely responding to Detective Waseleski's testimony. Spriestersbach could have anticipated that expert testimony about the types of data systems that would need to be corrected in order to achieve the injunctive relief sought would be relevant to the Motion, and Spriestersbach could have been presented such testimony with the Motion itself. Mr. Gottstein's testimony is therefore stricken because Spriestersbach improperly presented it in his reply. See

generally Local Rule LR7.2 ("Any argument raised for the first time in the reply shall be disregarded.").

Similarly, as to the specific terms of the preliminary injunction sought, at the hearing on the Motion, Spriestersbach argued in favor of terms that went beyond the terms that are requested in the Motion.  Based on representations made by Spriestersbach, the additional requests appear to have been prompted by information obtained after filing the Motion.  The additional requests are therefore denied because they are not properly before this Court, nor are they adequately supported by the evidence presented in the Motion.  The analysis in this Order focuses solely upon the relief expressly sought in the Motion.  See Mem. in Supp. of Motion at 11, quoted infra.

## II.  Imminent, Irreparable Harm

Under the circumstances of this case, the critical factor in the Winter analysis is whether Spriestersbach faces imminent, irreparable harm in the absence of a preliminary injunction.  At the hearing, Spriestersbach argued he faces three types of imminent, irreparable harm: 1) the risk that he may be arrested in Hawai`i on warrants issued for, or for offenses committed by, Thomas R. Castleberry; 2) the risk of that type of arrest outside of Hawai`i; and 3) the knowledge that his identity is wrongfully linked to a person who has been convicted of violent crimes.  Spriestersbach's third argument is

9

rejected because the personal distress that he experiences is a harm that he can be compensated for through an award of monetary damages if he ultimately prevails on his claims against the City, including his IIED and NIED claims.  See Swan v. Tanjuakio, Civ. No. 21-00052 JMS-KJM, 2021 WL 1794756, at *7 (D. Hawai`i May 5, 2021) ("[M]onetary relief is available if damages are proven, and 'monetary injury is not normally considered irreparable.'" (quoting Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1202 (9th Cir. 1980))).  Therefore, this type of distress does not constitute irreparable harm for purposes of the Winter analysis.

In contrast, this Court finds that a future wrongful arrest for a warrant issued for, or an offense committed by, Thomas R. Castleberry would violate Spriestersbach's constitutional rights.  See U.S. Const. amend. IV ("The right of the people to be secure in their persons . . . against unreasonable . . . seizures, shall not be violated . . . .").  Such a violation of Spriestersbach's Fourth Amendment rights would constitute irreparable harm.  See Am. Trucking, 559 F.3d at 1059 ("Unlike monetary injuries, constitutional violations cannot be adequately remedied through damages and therefore generally constitute irreparable harm." (citation omitted)).

However, in order to have standing to obtain a preliminary injunction against the City, Spriestersbach must

10

establish irreparable harm that is "actual and imminent, not conjectural or hypothetical" and that is "fairly traceable to the challenged action of the defendant[.]" See Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009) (citation omitted); see also GEO Grp., Inc. v. Newsom, 15 F.4th 919, 939 (9th Cir. 2021) ("A party 'does not have to await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending, that is enough.'" (quoting Pennsylvania v. West Virginia, 262 U.S. 553, 593, 43 S. Ct. 658, 67 L. Ed. 1117 (1923))).

### A. Threat of Arrest in Hawai`i

Spriestersbach does not currently live in the State of Hawai`i, [Spriestersbach Decl. at ¶ 18,] nor has he presented any evidence that he has specific plans to return to Hawai`i. Moreover, the actions that the City has undertaken in response to Spriestersbach's Complaint and the instant Motion - *i.e.* the active advisory in the HPD CRS and the February 18, 2022 letter to the HCJDC - as well as the actions that resulted from the Spriestersbach Rule 40 Case significantly mitigate the threat that Spriestersbach will be arrested as Thomas R. Castleberry if Spriestersbach does return to Hawai`i.

Spriestersbach argues the actions that the City has taken are insufficient to eliminate completely the risk that he will be wrongfully arrested as Thomas R. Castleberry in Hawai`i.

11

However, as the party seeking the extraordinary remedy of a preliminary injunction, Spriestersbach bears the burden of establishing imminent, irreparable harm.  See Winter, 555 U.S. at 20 (listing requirements for a preliminary injunction, all of which must be established by the movant).  It is not the responding party's burden to establish the adequacy of any attempt it makes to address the situation challenged in the motion.  This Court therefore finds that Spriestersbach has failed to carry his burden of establishing that the threat of a wrongful arrest in Hawai`i is imminent.

    B.    **Threat of Arrest Outside of Hawai`i**

Spriestersbach arguably faces the risk of arrest as Thomas R. Castleberry in one or more places outside of Hawai`i, such as the place where he is currently residing or places he visits regularly (although Spriestersbach has not identified these place in the Motion).  He contends the City should be required to eliminate that risk by correcting national databases that link him with Thomas R. Castleberry.  Spriestersbach requests a preliminary injunction requiring the City to "remove any information identifying [him] as having the alias Thomas Castleberry or identifying Thomas Castleberry as having the alias of Joshua Spriestersbach from all criminal databases in which [the City] has the ability to cause such removals; including . . . any national criminal databases, including

12

National Crime Information Systems ('NCIC')." See Motion at PageID #: 186 (part of Spriestersbach's proposed order granting the Motion). Spriestersbach has not established that the City has the ability to cause the removal of such information from national databases. To the extent that the Castleberry Warrant remains active and is accessible on a national database, it is a bench warrant issued by a state court, and there is no evidence that HPD or any other City office is responsible for entering state court bench warrants into any national database. Moreover, Spriestersbach acknowledges that the original text of the Castleberry Warrant correctly identifies Thomas R. Castleberry.

Spriestersbach points to handwritten notations on some copies of the Castleberry Warrant, and he argues those notations refer to HPD records of his arrests on the warrant, *i.e.*, City records that improperly connect Thomas R. Castleberry's name with his. For example, the version of the Castleberry Warrant with a return of service date of May 11, 2017 includes a handwritten notation to Police Report number "17174648." See Gerhardstein Decl., Exh. A-2 at PageID #: 138. HPD Incident Report number 17-174648 and HPD Arrest Report number 17-174648 are reports related to Spriestersbach's May 11, 2017 arrest on the Castleberry Warrant. See id., Exh. A-8 (HPD documents associated with Spriestersbach's 5/11/17 arrest) at PageID

13

\#: 168, 170. Spriestersbach also presents another version of the Castleberry Warrant with a handwritten notation to Police Report number "11-373552." See id., Exh. A-5 at PageID #: 152. HPD Incident Report number 11-373552 and HPD Arrest Report number 11-373552 are reports related to Spriestersbach's October 14, 2011 arrest on the Castleberry Warrant. See id. at PageID #: 148-50. HPD reports 17-174648 and 11-373552 intermingle Spriestersbach's personal identifying information with Thomas R. Castleberry's information. However, Spriestersbach has not established that any annotated version of the Castleberry Warrant or any of the HPD reports with the intermingled information is available on a national database, nor has he established that the City has the ability to correct any nationally available information. Absent such a showing, Spriestersbach cannot establish that any threat of his arrest outside of Hawai`i on warrants issued for, or offenses committed by, Thomas R. Castleberry is fairly traceable to the City.

C. **Ruling**

This Court therefore finds that Spriestersbach has failed to establish any threat of irreparable harm that is both imminent and fairly traceable to the City. Because Spriestersbach has failed to establish that he faces the requisite type of irreparable harm, he is not entitled to a preliminary injunction against the City, and it is not necessary

14

for this Court to address the other preliminary injunction requirements.

## CONCLUSION

For the foregoing reasons, Spriestersbach's Motion for Preliminary Injunction, filed January 14, 2022, is HEREBY DENIED. The denial is WITHOUT PREJUDICE to the filing of a new motion seeking a preliminary injunction, if such a motion is warranted by later developments in this case.

Counsel for all parties who have appeared in this case are ORDERED to appear before the magistrate judge for an early settlement conference addressing, in particular, voluntary measures that can be taken to achieve the correction of records associating Spriestersbach with Thomas R. Castleberry. Spriestersbach's counsel is DIRECTED to contact the magistrate judge's courtroom manager to initiate the scheduling of the conference.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 24, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JOSHUA SPRIESTERSBACH VS. STATE OF HAWAII, ET AL; CV 21-00456 LEK-RT; ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**