DANA M. O. VIOLA            6095
Corporation Counsel

ROBERT M. KOHN              6291
RICHARD D. LEWALLEN         7092
Deputy Corporation Counsel
City and County of Honolulu
530 S. King Street, Room 110
Honolulu, Hawaiʻi  96813
Telephone:  (808) 768-5129 / (808) 768-5242
Facsimile:   (808) 768-5105
Email:  robert.kohn@honolulu.gov / rlewallen@honolulu.gov

Attorneys for Defendant
CITY AND COUNTY OF HONOLULU

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JOSHUA SPRIESTERSBACH,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF HAWAIʻI, CITY AND COUNTY OF HONOLULU, OFFICER ABRAHAM K. BRUHN, DEPARTMENT OF PUBLIC SAFETY, OFFICE OF THE PUBLIC DEFENDER, NIETZSCHE LYNN TOLAN, MICHELLE MURAOKA, LESLIE MALOIAN, JACQUELINE ESSER, JASON BAKER, MERLINDA GARMA, SETH PATEK, DR. JOHN COMPTON, DR. MELISSA VARGO, DR. SHARON TISZA, HAWAIʻI STATE HOSPITAL, DR. ALLISON GARRETT, and JOHN/JANE DOES 1-20,<br><br>　　　　Defendants. | CIVIL NO. 21-00456 LEK-RT<br><br>STIPULATED PROTECTIVE ORDER; EXHIBIT "A"<br><br><br><br><br><br><br><br><br><br><br><br>Trial Date: None. |

## STIPULATED PROTECTIVE ORDER

Pursuant to F.R.C.P. Rule 26 and LR10.5, it is hereby stipulated, by and between the parties hereto, through their respective counsel, that the following procedure shall apply to documents, records, and other information which is, are, or will be produced, disclosed, or obtained in this case. In order to protect the confidentiality of confidential, personal, and/or private information obtained by the parties in connection with this case, the parties hereby agree as follows:

1. Any party or non-party may designate as "confidential" (by stamping the relevant page or otherwise set forth herein) any document, response to discovery, deposition, or other information which that party or non-party considers in good faith to contain information involving confidential, personal, private, and/or protected health information, trade secrets, proprietary interests, and/or business or financial information, subject to protection under the Federal Rules of Civil Procedure or Hawai`i law ("Confidential Information").

Each page shall be marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or similar wording on every page of the protected documents to indicate that the material is confidential and to ensure that counsel, paralegals, support staff, the parties, witnesses, consultants and experts are given notice that such documents and information are to be treated as covered by this Protective Order.

For the purposes of discovery in this action "Joshua Spriestersbach" means the plaintiff both when identified or referred to as Joshua Spriestersbach and/or when identified or referred to as Joshua Castleberry, Thomas Castleberry, Thomas C. Castleberry, Thomas R. Castleberry, William Castleberry, and William C. Castleberry.

2.	A party or non-party may designate information disclosed during a deposition or in response to document and/or written discovery as "confidential", by so indicating in said response or on the record at the deposition and requesting the preparation of a separate transcript of such material.  Additionally, a party or non-party may designate in writing, within twenty (20) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "confidential" information.  Any other party may object to such proposal, in writing or on the record.  Upon such objection, the parties shall follow the procedures described in paragraph 8 of this Protective Order.  After any designation made according to the procedure set forth in paragraph 8 herein, the designated documents or information shall be treated according to the designation, until the matter is resolved according to the procedures described in paragraph 8 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the

specified designation.

3. All information produced, exchanged, or obtained in the course of this case and that is subject to this Protective Order (other than information publicly available), shall be used by the party or parties to whom the information is produced solely for the purpose of litigating this case.

4. Except with the prior written consent of other parties, or upon prior order of this Court obtained upon notice to all other parties and/or their counsel, Confidential Information shall not be disclosed to any person *other than*:

   (a) counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for this litigation;

   (b) employees of such counsel;

   (c) individual defendants, any officer or employee of a party, to the extent deemed necessary by counsel for the prosecution or defense of this litigation;

   (d) consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall first read and execute a copy of the Certification annexed to this Protective Order as Exhibit "A" (which shall be retained by counsel to the party so disclosing the Confidential Information and made available for inspection by opposing counsel during the pendency or after the termination of the action only upon good cause shown and

upon order of the Court);

   (e) any authors of the Confidential Information;

   (f) the Court, Court personnel, and court reporters;

   (g) witnesses (other than persons described in paragraph 4(e)). A witness shall sign the Certification before being shown a confidential document. Confidential Information may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the Confidential Information is represented or has been given notice that Confidential Information shall be designated "Confidential" pursuant to paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies; and

   (h) any mutually agreed upon or court-appointed mediator.

 5. Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.

 6. No party or non-party shall file or submit for filing as part of the court record any documents under seal without first obtaining leave of court. Notwithstanding any agreement among the parties, the party seeking to file a paper under seal bears the burden of overcoming the presumption in favor of public access to papers filed in court.

7. A party may designate as "Confidential" documents or discovery materials produced by a non-party by providing written notice to all parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as confidential, although a document may lose its confidential status if it is made public.

8. If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have twenty-five (25) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking an order designating the material as confidential has the burden of establishing that the document is entitled to protection.

9. Notwithstanding any challenge to the designation of material as Confidential Information, all documents designated as confidential shall be treated as such and shall be subject to the provisions hereof, unless and until one of the following occurs:

    (a) the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

(b) the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c) the Court rules the material is not confidential.

10. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been permanently destroyed.

11. The terms of this Protective Order do not preclude, limit, restrict, or otherwise apply to the use of 'Confidential' documents and materials at mediation, arbitration, and/or at trial.

12. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an

inadvertent disclosure of material protected by privilege or work product protection.

13. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Protective Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

DATED:  Cincinnati, Ohio, May 16, 2022.

/s/ Alphonse A. Gerhardstein
JENNIFER BROWN
ALPHONSE A. GERHARDSTEIN
JACQUELINE GREENE
PAUL HOFFMAN
JOHN WASHINGTON

Attorneys for Plaintiff
JOSHUA SPRIESTERSBACH

DATED:  Honolulu, Hawai'i, May 16, 2022.

/s/ Lois H. Yamaguchi
ARTHUR F. ROECA
LOIS H. YAMAGUCHI

Attorneys for Defendant
DR. ALLISON GARRETT

---

Civ. No. 21-00456 LEK-RT; *Joshua Spriestersbach v. State of Hawaii, et al.*, Stipulated Protective Order; Exhibit A

DATED:  Honolulu, Hawaiʻi, May 16, 2022.

/s/ Edquon Lee
THOMAS E. COOK
EDQUON LEE

Attorneys for Defendant
DR. SHARON TISZA

DATED:  Honolulu, Hawaiʻi, May 16, 2022.

/s/ Justine Hura
MARIE MANUELE GAVIGAN
DAVID N. MATSUMIYA
JUSTINE HURA
Deputy Attorneys General

Attorneys for Defendants
OFFICE OF THE PUBLIC DEFENDER, NIETZSCHE LYNN TOLAN, MICHELE MURAOKA, LESLEY MALOIAN, JACQUELYN ESSER, JASON BAKER, MERLINDA GARMA, AND SETH PATEK

DATED:  Honolulu, Hawaiʻi, May 16, 2022.

/s/ Kendall J. Moser
CARON M. INAGAKI
KENDALL J. MOSER
Deputy Attorneys General

Attorneys for Defendants
STATE OF HAWAIʻI, DEPARTMENT OF PUBLIC SAFETY, DR. JOHN COMPTON, DR. MELISSA VARGO, AND HAWAII STATE HOSPITAL

Civ. No. 21-00456 LEK-RT; *Joshua Spriestersbach v. State of Hawaii, et al.*, Stipulated Protective Order; Exhibit A

DATED: Honolulu, Hawaiʻi, May 16, 2022.

> DANA M.O. VIOLA
> Corporation Counsel
>
> By: /s/ Richard D. Lewallen
>   ROBERT M. KOHN
>   RICHARD D. LEWALLEN
>   Deputy Corporation Counsel
>
> Attorneys for Defendant
> CITY AND COUNTY OF HONOLULU

APPROVED AND SO ORDERED:

DATED: Honolulu, Hawaii, May 17, 2022.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 21-00456 LEK-RT; *Joshua Spriestersbach v. State of Hawaii, et al.*, Stipulated Protective Order; Exhibit A

## **CERTIFICATION**

By my signature below, I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order entered on _____, in *Joshua Spriestersbach v. State of Hawaii, et al.*, Civil No. 21-00456 LEK-RT, in the United States District Court for the District of Hawaii. I have been given a copy of that Protective Order and read it. I agree to be bound by the Protective Order. I will not reveal the Confidential Information to anyone, except as allowed by the Protective Order. I will maintain all such Confidential Information –- including copies, notes, excerpts, or other transcriptions made therefrom –- in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information –- including copies, notes, excerpts, or other transcriptions made therefrom – to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the United States District Court for the District of Hawaii, for the purpose of enforcing the Protective Order.

Signature: _____
Print Name: _____ Date: _____
Address: _____
_____
Telephone No.: _____

**EXHIBIT "A"**