IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSHUA SPRIESTERSBACH,<br><br>          Plaintiff,<br><br>     vs.<br><br>STATE OF HAWAII, CITY AND COUNTY OF HONOLULU, OFFICER ABRAHAM K. BRUHN, DEPARTMENT OF PUBLIC SAFETY, OFFICE OF THE PUBLIC DEFENDER, NIETZSCHE LYNN TOLAN, MICHELLE MURAOKA, LESLIE MALOIAN JACQUELINE ESSER, JASON BAKER, MERLINDA GARMA, SETH PATEK, DR. JOHN COMPTON, DR. MELISSA VARGO, DR. SHARON TISZA, HAWAII STATE HOSPITAL, DR. ALLISON GARRETT, and JOHN/JANE DOES 1-20,<br><br>          Defendants. | CIVIL NO. 21-00456 LEK-RT<br><br>MEMORANDUM IN SUPPORT OF MOTION |

MEMORANDUM IN SUPPORT OF MOTION

I.     INTRODUCTION

Plaintiff Joshua Spriestersbach brought this action in his own name in November 2021, and since then multiple status conferences and hearings have been held both with the Magistrate Judge and with Judge Kobayashi.

868236

The Court is therefore undoubtedly well-acquainted with the parties' claims and defenses and the procedural history of this case.

In August 2022, counsel for the Office of Public Defender Defendants approached Plaintiff's counsel about conducting Plaintiff's oral deposition. Plaintiff resides in the state of Vermont. Plaintiff's counsel was willing to discuss scheduling the deposition subject to certain conditions, or "accommodations." Those accommodations included the location of the deposition, the duration of the deposition, the number of examiners, etc. In support of the claimed need for accommodations, Plaintiff's counsel provided letters and reports from Plaintiff's treating mental health provider Julia Frankel, NP, and from his retained expert witness, Paul S. Applebaum, M.D.

In the intervening four months, the parties have had multiple discussions but have been unable to reach agreement concerning the conditions under which Plaintiff's oral deposition will be conducted.

The parties' discussions have raised a larger issue, that is, not only whether Plaintiff is capable of meaningfully participating in an oral deposition, but whether he is now, or has ever been, competent to bring this action for himself in the first place. As set out in ¶ 44 of the Complaint, as well as in the exhibits to former Defendant Dr. Sharon Tisza's Motion to

Dismiss (ECF No. 80), the State of Hawaii First Circuit Court ordered a three-person panel to evaluate Plaintiff and determine his fitness to proceed in the underlying criminal matters.  Following the panel's evaluations, Plaintiff was transferred from the Oahu Community Correctional Center to the Hawaii State Hospital where he was held from September 2017 to January 2020.  Per Nurse Frankel and Dr. Applebaum, Plaintiff continues to have a severe mental health condition to this day.

For the reasons and authorities set out below, the State Defendants move this Court to order Plaintiff to submit to a mental examination.

II.   LEGAL STANDARD

Fed. R. Civ. P. 35, Physical and Mental Examinations, reads in pertinent part:

> **(a) Order for an Examination.**
>
> **(1) *In General.***  The court where the action is pending may order a party whose mental or physical condition – including blood group – is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner.  The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.
>
> **(2) *Motion and Notice; Contents of the Order.***  The order:
>
>> **(A)**  may be made only on motion for good cause and on notice to all parties and the person to be examined; and

> **(B)** must specify the time, place, manner,
> conditions, and scope of the examination, as
> well as the person or persons who will perform
> it.

"To establish that a mental condition is 'in controversy,' the moving party

should demonstrate one or more of the following factors:

> (1) a cause of action for intentional or negligent
>     infliction of emotional distress;
>
> (2) an allegation of a specific mental or psychiatric
>     injury or disorder;
>
> (3) a claim of unusually severe emotional distress;
>
> (4) plaintiff's offer of expert testimony to support
>     a claim of emotional distress; and/or
>
> (5) plaintiff's concession that his or her mental
>     condition is 'in controversy' within the meaning
>     of Rule 35(a)."

*Giddens v. City of Suisun*, No. 2:14-cv-0943 TLN AC, 2017 WL 3009189 at

*2 (E.D. Cal. Jul. 14, 2017) (citing *Turner v. Imperial Stores*, 161 F.R.D. 89,

95 (S.D. Cal. 1995)).  "To establish 'good cause' exists for the [mental

health examination], the moving party generally must offer specific facts

showing the examination is necessary and relevant to the case." *Nguyen v.*

*Qualcomm, Inc.*, No. Civ. 09-1925-MMA WVG, 2013 WL 3353840, at *3

(S.D. Cal. Jul. 3, 2013).  Factors considered in assessing whether "good

cause" exists include, but are not limited to:

(1) the possibility of obtaining desired information by other means;

(2) whether plaintiff plans to prove her claim through testimony of expert witnesses;

(3) whether the desired materials are relevant; and

(4) whether plaintiff is claiming ongoing emotional distress.

*Nguyen*, WL 3353840, at *3. "Rule 35 'is to be construed liberally in favor of granting discovery.'" *McAllister v. Adecco Group N.A.*, Civ. No. 16-00447 JMS-KJM, 2017 WL 11151274, at *1 (D. Haw. May 5, 2017) (citation omitted).

## III.   ARGUMENT

There is no disagreement that Plaintiff's mental health is "in controversy." Most or all of the *Giddens* factors are present: Plaintiff claims that the State Defendants' actions caused him to "suffer[] and continue[] to suffer severe emotional distress" (Complaint at ¶¶ 126-133), and both Nurse Frankel and Dr. Applebaum have commented in writing on Plaintiff's mental condition.

Good cause exists for ordering an examination. There is uncertainty not only about how Plaintiff's condition affects his ability to be deposed but also to prosecute his claims. Dr. Applebaum, Plaintiff's retained expert

witness, opined that Plaintiff can be deposed effectively if the deposition is structured in a way that accommodates his disability.  Whereas, one month earlier, Plaintiff's treating nurse Julia Frankel wrote that "the attorneys must be prepared to cancel or postpone the deposition if he is not fully present." If Plaintiff cannot tolerate a deposition, even in a familiar setting, how then can he meaningfully engage at trial in front of a jury in a courtroom in Honolulu?  Further, with Plaintiff repeatedly being found unfit to proceed while he was living in Hawaii, and still having a severe mental health condition today, at what point did he become competent to bring suit in his own name?

Under these circumstances, the State Defendants' position is that the best way to determine Plaintiff's competence and therefore how (and whether) this action can proceed is for him to be examined by "a suitably licensed or certified examiner" who can provide the Court and parties with a report that "set[s] out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests."  Fed. R. Civ. P. 35(b)(2).  The Defendants have proposed to Plaintiff's counsel that Dr. Renee Sorrentino perform the examination.  Dr. Sorrentino is, among other things, a forensic psychiatrist and an instructor in psychiatry at Harvard Medical School.  But

once again, after much discussion, the parties have been unable to agree on the specifics of how the examination will be conducted.

Accordingly, the State Defendants respectfully request that this Court order an examination of Plaintiff.

IV.   <u>CONCLUSION</u>

Based on the foregoing reasons and authorities, the State Defendants respectfully request that this Court grant their motion and order an examination of Plaintiff.

DATED:  Honolulu, Hawaii, December 22, 2022.

STATE OF HAWAII

ANNE E. LOPEZ
Attorney General of Hawaii

/s/ Kendall J. Moser
KENDALL J. MOSER
Deputy Attorney General

Attorney for Defendants
STATE OF HAWAII,
DEPARTMENT OF PUBLIC
SAFETY, AND HAWAII
STATE HOSPITAL