JENNIFER L. BROWN #10885
Hawai'i Civil Rights Project
P.O. Box 8415
Honolulu, HI 96830
Phone: 808-554-5576
Email: hawaiicivilrightsproject@gmail.com

Alphonse A. Gerhardstein #0032053 (OH)
Jacqueline Greene # 0092733 (OH)
Friedman, Gilbert, + Gerhardstein
37 East 7th St., Suite 201
Cincinnati, Ohio 45202
PH: 513.572.4200
FAX: 216.621.0427
Email: al@fggfirm.com;jacqueline@fggfirm.com

Paul Hoffman #71244
John Washington #315991
Schonbrun, Seplow, Harris, Hoffman & Zeldes
200 Pier Ave. Ste. 226
Hermosa Beach, California 90254
Phone: 310-717-7373
Emails: hoffpaul@aol.com; jwashington@sshhzlaw.com

Attorneys for Plaintiff
JOSHUA SPRIESTERSBACH

**UNITED STATES DISTRICT COURT**

**DISTRICT OF HAWAII**

| | |
|---|---|
| JOSHUA SPRIESTERSBACH,<br><br>                    Plaintiff,<br>      vs.<br><br>STATE OF HAWAI'I, CITY AND COUNTY OF HONOLULU, OFFICER ABRAHAM K. BRUHN, DEPARTMENT OF PUBLIC | Case No. 1:21-cv-00456-LEK-RT<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO SUBSTITUTE GUARDIAN AS PLAINTIFF.** |

| |
|---|
| SAFETY, OFFICE OF THE PUBLIC DEFENDER, NIETZSCHE LYNN TOLAN, MICHELE MURAOKA, LESLIE MALOIAN, JASON BAKER, SETH PATEK, DR. JOHN COMPTON, DR. MELISSA VARGO, DR. SHARON TISZA, HAWAI'I STATE HOSPITAL, DR. ALLISON GARRETT, and JOHN/JANE DOES 1-20,<br><br>          Defendants. |

## INTRODUCTION

Plaintiff seeks to substitute Robert Griffith, his brother-in-law and guardian under Vermont law, as his guardian in this action. Dkt. 208. Substituting the guardian Robert Griffith as plaintiff will avoid all the concerns defendants have raised about Plaintiff's ability to consent to a waiver of the attorney-client privilege, consider settlement offers, or make other litigation decisions. Plaintiff notes that Defendants raised these concerns more than a year after this case was filed and after they filed Rule 12 motions without once raising the issues they raise now. This is despite the fact that they had Plaintiff in their custody for more than two years. Granting this motion will fairly balance the interests of all the parties and permit Plaintiff to procced with his efforts to obtain justice for his wrongful detention in this case.

Defendants' oppositions to Plaintiff's motion make no coherent legal argument why Mr. Griffith, a duly appointed guardian by the Vermont court, can or should be barred from prosecuting this case for Plaintiff as his Guardian. Plaintiff addresses these arguments and Defendants' purported concerns in turn.

## I.     Defendants' Arguments Against Substitution Are Unavailing.

Rule 17 says that a guardian may sue in their own names.  Plaintiff has a court-appointed guardian, Robert Griffith, who can assist him in prosecuting this case.  The Rule therefore unequivocally states he may sue on Plaintiff's behalf.  To the extent Defendants seek to question whether the appointment of Mr. Griffith was appropriate under Vermont law, this issue is not subject to collateral attack.  Dkt. 208 at 5.  Defendants do not argue otherwise.  Rule 17 is unequivocal.  A guardian may sue in his own name.  Mr. Griffith is duly appointed and is authorized to sue under the plain text of Rule 17.

Perhaps given the plain text, Defendants argue that Rule 17(a) does not apply, claiming that Rule 17 does not apply because it would in fact be a "transfer of interest" after a lawsuit is initiated, and thus would be governed by Rule 25(c). Dkt. at 216 at 8 (citing *Hillbrands v. Far East Trading Co., Inc.*, 509 F.2d 1321, 1323 (9th Cir. 1975)).  Defendants' argument, though, is internally inconsistent. If Rule 25(c) governs instead of Rule 17(a), it can only be because there has been a

"transfer of interest." *Hillbrands*, 509 F.2d at 1323. But Defendants *themselves* state that a guardianship is *not such a transfer of interest*. Dkt. 216 at 9.

Plaintiff has appropriately argued in the alternative that if this was a "transfer of interest" under Rule 25(c), then substitution should be allowed under Rule 25 as well as Rule 17. Dkt. 208 at 5. This Court has "ample discretionary power" to substitute parties under the Rule. *United States Use of Acme Granite & Tile Co. v. F. D. Rich Co.*, 437 F.2d 549, 552 (9th Cir. 1970). Mr. Griffith is a duly appointed guardian by the Vermont court; and Defendants provide no reason or authority why the court should deny the substitution of Mr. Griffith in this case. It is obvious that allowing a court-appointed guardian who is a trusted family member to assist Plaintiff in prosecuting this case makes sense for all the parties and the Court and eliminates the concerns that Defendants themselves raised that led Plaintiff to see the guardianship in the first place.

Defendant Garrett argues that the Court must conduct a competency hearing under Rule 17(c)(2). Dkt. 209-2 at 7. The provision applies to those without a representative, not those with them. Fed. R. Civ. P. 17(c)(2). This is not a problem, Garrett explains, because legal counsel is not a "representative." Dkt. 209-2 at 7. "Without a representative" though means without any duly appointed guardian. *E.g. Wieczorek v. Woldt (In re Kjellsen)*, 53 F.3d 944, 946 (8th Cir.

4

1995). Plaintiff has one, is not "unrepresented" and thus the provision does not apply in these circumstances. *Id.*

Defendants Public Defenders ask that the motion be denied as premature. They ask the Court to wait for the Plaintiff's competency to be assessed. They concede that Plaintiff's competency or incompetency cannot be a reason for denying his ability to prosecute this case through a duly appointed guardian. Dkt. 220 at 8-9.  Defendants agree that even if Plaintiff were incompetent "he may bring suit under 17(a)(1)(C)." Dkt. 220 at 9.  Defendants argue, though, if Plaintiff were incompetent he would have "to apply for a guardian to be substituted" under Rule 17(c)(1) to receive a substitution under 17(a)(1)(C). *Id.* This makes no sense. The rules both address persons who can sue in this case, with the latter noting additional persons who can represent incompetent persons and minors.  Fed. R. Civ. P. 17(a)(1)(c), 17(c)(1)(A)-(D). There is no process for application under Rule 17(a)(c)(1).  Nor do Defendants cite or argue anything otherwise. Dkt. 220 at 9.

To be clear, Plaintiff does not oppose Defendants performing a defense medical examination by their own expert.  *See* Dkt. 217.  After that examination Defendants may seek relief or raise any issue they wish with the Court. Allowing Mr. Griffith to prosecute this case on Plaintiff's behalf will not prevent Defendants from raising any legitimate issue they may wish to raise with the Court.

## II.  Granting the Motion to Substitute Will Facilitate the Resolution of this Litigation.

Mr. Griffith's substitution as Plaintiff in this litigation should be recognized for the reasons stated above and in Plaintiff's motion. Plaintiff notes it will also help this Court balance several concerns.

1. The guardian can reassure Defendants that all discovery responses, releases and waivers, including the attorney-client privilege waiver signed by or on behalf of Mr. Spriestersbach regarding the public defenders, are reliable[1];
2. The guardian will provide continuity and avoid any delays in the litigation should Mr. Spriestersbach experience any period when his mental illness interferes with his participation in the case;
3. The guardian, who lives with Mr. Spriestersbach and is his brother in law, can help coordinate activities such as the proposed defense mental status exam.
4. Having the guardian in place will permit most discovery to proceed without further delay.

In short, the motion to substitute provides a way to move the litigation forward while protecting the interest of all parties. Defendants purported basis for opposing this guardian, after asking for one, is not that they oppose a guardian, but

---

[1] Defendants are concerned that the guardian is not himself a fact witness. That is normally true with any guardian. And it would be true were the guardian to be appointed following involuntary guardianship proceedings. What the guardian provides is that careful, unhurried communication with Mr. Spriestersbach will precede any written discovery responses and other action in this case.

they are afraid Mr. Spriestersbach could withdraw this one. That is not Plaintiff's intention but that issue is easily addressed. In particular, should Mr. Griffith's status as guardian be questioned, under Vermont law the court must determine if an involuntary guardianship or any modification should be ordered in its stead. 14 V.S.A. § 3077. Any modification of or termination of the guardianship first requires a hearing. *Id.* Mr. Spriestersbach was reminded of this fact by the judge at the guardianship hearing before Mr. Griffith was appointed guardian:

> THE COURT: Okay. And you understand that if there
> 6 comes a time when you no longer want to have Robert serving as
> 7 your guardian, for whatever reason, you can ask the Court to
> 8 either terminate it or modify it?
> 9
> 10
> **THE PETITIONER: Yes.**
> THE COURT: Okay. And what will happen if you do that
> 11 is that I would have another hearing to make sure that you
> 12 were capable of handling your own affairs and making your own
> 13 decisions that -- I wouldn't automatically grant it is what
> 14 I'm trying to say.
> 15
> 16
> **THE PETITIONER: Okay.**

Dkt. 220-2, Ex D. Tr. guardianship hearing, Page ID 2286.

Moreover, once this Court allows Mr. Griffith to be substituted as Plaintiff's guardian, this Court has the ultimate control over any proposed changes to that arrangement. There is no reason to believe that any subsequent proceedings will

7

be necessary, but this Court controls any subsequent decisions in this area and can require notice to all parties or other safeguards as it deems appropriate[2].

## CONCLUSION

For the foregoing reasons the Court should grant Plaintiff's motion to substitute.

DATED: February 17, 2023                           Respectfully submitted,

                                        By:  /s/ Alphonse A. Gerhardstein
                                             Jennifer L. Brown
                                             Alphonse A. Gerhardstein
                                             Jacqueline Greene
                                             Paul Hoffman
                                             John Washington

                                             Attorneys for Plaintiff
                                             JOSHUA SPRIESTERSBACH

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2023, a copy of the foregoing pleading was filed electronically. Notice of the filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing

---

[2] Defendants have criticized their lack of engagement with the Vermont proceedings. Plaintiff provided notice to Defendants of the probate hearing to appoint Mr. Griffith two days before the hearing date in September 2022. Plaintiff also promptly provided the hearing transcript and all pleadings from the Vermont guardianship case. *See* Declaration of Al Gerhardstein, Dkt. 217-1, par 4.

system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading has been served by ordinary U.S. mail upon all parties for whom counsel has not yet entered an appearance electronically.

<u>s/ Alphonse A. Gerhardstein</u>
Attorney for Plaintiff