IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSHUA SPRIESTERSBACH,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAII,  CITY AND COUNTY OF HONOLULU, DEPARTMENT OF PUBLIC SAFETY,  OFFICE OF THE PUBLIC DEFENDER, NIETZSCHE LYNN TOLAN, MICHELLE MURAOKA, LESLIE MALOIAN, JASON BAKER, SETH PATEK,  HAWAII STATE HOSPITAL, DR. ALLISON GARRETT,  JOHN/JANE DOES 1-20,<br><br>Defendants. | CIV. NO. 21-00456 LEK-RT<br><br><br>ORDER GRANTING DEFENDANTS' MOTIONS FOR A COURT-ORDERED PSYCHIATRIC EVALUATION OF PLAINTIFF JOSHUA SPRIESTERSBACH, AND ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE GUARDIAN ROBERT A. GRIFFITH AS PLAINTIFF |

**ORDER GRANTING DEFENDANTS' MOTIONS FOR A COURT-ORDERED PSYCHIATRIC EVALUATION OF PLAINTIFF JOSHUA SPRIESTERSBACH, AND ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE GUARDIAN ROBERT A. GRIFFITH AS PLAINTIFF**

On March 9, 2023, the following five separate filings (collectively

"Motions") came on for a telephonic hearing before this Court.

(1)     *Defendants State of Hawaii, Department of Public Safety, and Hawaii State Hospital's* ("State Defendants") *Motion for Order for an Examination of Plaintiff Joshua Spriestersbach* ("State Defendants' Motion"), filed on December 22, 2022.  ECF No. 199.

(2)   *Defendant City and County of Honolulu's* ("City Defendant") *Motion to Compel Plaintiff to Submit to Rule 35 Psychiatric Examination* ("County Defendant's Motion"), filed on December 28, 2022.  ECF No. 204.

(3)   Plaintiff Joshua Spriestersbach's ("Plaintiff") *Motion to Substitute Guardian Robert A. Griffith as Plaintiff* ("Motion to Substitute"), filed on December 30, 2022.  ECF No. 208.

(4)   *Defendant Allison Garrett, M.D.'s* ("Defendant Garrett") *Motion for Court-Ordered Psychiatric Evaluation of Joshua Spriestersbach* ("Defendant Garrett's Motion"), filed on December 30, 2022.  ECF No. 209.

(5)   *Defendants Department of Public Safety [sic], Office of the Public Defender, Nietzsche Lynn Tolan, Michele Muraoka, Lesley Maloian, Jason Baker, [and] Seth Patek's* ("Public Defender Defendants") *Motion to Compel Court-Appointed Competency Expert to Evaluate Plaintiff* ("Public Defender Defendants' Motion"), filed on December 30, 2022. [1]  ECF No. 210.

Attorney Kendall Moser appeared on behalf of the State Defendants; attorneys

Paul Aoki and Robert Kahn appeared on behalf of the City Defendant; attorneys

Alphonse Gerhardstein, Jennifer Brown and John Washington appeared on behalf

of the Plaintiff; attorney Lois Yamaguchi appeared on behalf of Defendant Garrett;

and attorney Justine Hura appeared on behalf of the Public Defender Defendants.

---

[1] The caption and title of this motion (ECF No. 210) mistakenly includes Defendant Department of Public Safety ("DPS") as a movant along with the Public Defender Defendants.  DPS, however, is not represented by attorney Justine Hura, but is instead, along with Defendants State of Hawaii and Hawaii State Hospital, represented by separate counsel, attorney Kendall Moser.  The inclusion of DPS in the caption and title of this motion is clearly an inadvertent error since the body of the motion correctly identifies movants as the Public Defender Defendants only. While this error bears mentioning, it does not impact the Court's analysis or ruling.

The Court finds it appropriate to decide the foregoing *Motions* in a consolidated order. After careful review of the parties' written submissions, within the context of the instant records and files, and the applicable law, the Court **GRANTS** the State Defendants, City Defendant, Defendant Garrett and Public Defender Defendants' (collectively "Defendants") motions requesting a Court-ordered psychiatric evaluation of Plaintiff. ECF Nos. 199, 204, 209 & 210. The *Motion to Substitute Guardian Robert A. Griffith as Plaintiff* is **DENIED** without prejudice.

## BACKGROUND

On January 11, 2023, City Defendant filed its *Opposition to Motion to Substitute Guardian as Plaintiff (ECF 208)*. ECF No. 213. On January 26, 2023, Defendant Garrett filed a *Memorandum in Opposition to Plaintiff's Motion to Substitute Guardian Robert A. Griffith as Plaintiff, Filed 12/30/22 (ECF 208)*. ECF No. 216. On January 27, 2023, State Defendants filed a *Joinder in Defendant Garrett's Memorandum in Opposition to Plaintiff's Motion to Substitute Guardian Robert A. Griffith as Plaintiff, Filed 12/30/22 (ECF 208)*. ECF No. 219. On January 27, 2023, Public Defender Defendants filed a *Memorandum in Opposition to Plaintiff's Motion to Substitute Guardian Robert A. Griffith as Plaintiff, ECF No. 208*. ECF No. 220. On February 17, 2023, Plaintiff filed a *Reply in Support Plaintiff's Motion to Substitute Guardian as Plaintiff*. ECF No. 230.

In response to the Defendants' *Motions* seeking a court-ordered psychiatric evaluation of Plaintiff, on January 27, 2023, Plaintiff filed a *Partial Opposition to the Motions to Compel of City and County of Honolulu, Department of Public Safety, Allison Garret, and Office of the Public Defenders* ("Plaintiff's Partial Opposition" or "Partial Opposition"). ECF No. 217. In the *Partial Opposition*, Plaintiff states that he does not oppose an examination by the Defendants under Rule 35 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). *Id*. at 1789. Furthermore, Plaintiff does not object to the appointment of Dr. Renee Sorrentino ("Dr. Sorrentino") if an examination is conducted. *Id*. However, Plaintiff objects to the appointment of an expert and argues that any competency issues should be addressed and resolved utilizing the standard discovery and motions practice readily available within the adversarial process. *Id*. at 1790.

On February 17, 2023, City Defendant filed a *Reply* to *Plaintiff's Partial Opposition*. ECF No. 231. On that same day, Defendant Garrett also filed a *Reply Memorandum in Further Support of Defendant Allison Garrett, M.D.'s Motion for Court-Ordered Psychiatric Evaluation of Joshua Spriestersbach, filed as ECF 209 on December 30, 2022*. ECF No. 232. The Public Defender Defendants filed a *Reply to Plaintiff's Partial Opposition to [Motion for Appointment of a Court-Appointed Competency Expert to Evaluate Plaintiff]* on February 17, 2023. ECF No. 233.

4

During the March 9, 2023, hearing on the *Motions*, the Court stated its inclination to grant the Defendants' collective request for a court-ordered examination of Plaintiff and to deny without prejudice Plaintiff's *Motion to Substitute*. ECF No. 234. Following the hearing, the Court took the *Motions* under advisement and now issues this written order which supersedes any inclinations expressed during the March 9, 2023 hearing.

## DISCUSSION

Defendants request that the Court order a mental examination of Plaintiff pursuant to Fed. R. Civ. P. 35. Defendants propose that the Court appoint Dr. Sorrentino to perform the examination. ECF No. 199-1 at PageID.1534; ECF No. 204 at PageID.1551; ECF No. 209-2 at PageID.1657; and ECF No. 210-1 at PageID.1702. Defendant Garrett also argues that a court-ordered mental examination should be ordered pursuant to Fed. R. Civ. P. 17(c). ECF No. 209-2 at PageID.1650. Plaintiff does not oppose an examination under Fed. R. Civ. P. 35 regarding Plaintiff's competence, but opposes a court-appointed expert. ECF No. 217 at PageID.1789. Plaintiff further argues that the Court should not appoint an expert because none of the Defendants brought a motion pursuant to Federal Rules of Evidence 706. *Id.* at 1795. The Court shall address these rules in turn and whether a court-ordered mental examination should be ordered under each rule.

## A.      Fed. R. Civ. P. 35 Mental Examination

The Court may direct Plaintiff to submit to a mental examination under Fed. R. Civ. P. 35.  Pursuant to this rule, a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."  Fed. R. Civ. P. 35(a)(1).  Defendants request a court-ordered psychiatric evaluation of Plaintiff and thus have the burden of demonstrating that (1) Plaintiff's "mental or physical condition . . . is in controversy" and (2) there is "good cause" for the Court to order the examination.  Fed. R. Civ. P. 35(a)(1)-(2); *Schlagenhauf v. Holder*, 379 U.S. 104, 110-11 (1964).  "The movant must produce sufficient information" but an evidentiary hearing is not required, even though necessary in some cases since the required "showing could be made by affidavits or other usual methods short of a hearing."  *Schlagenhauf*, 379 U.S. at 119.  The Court finds that Defendants have met the "in controversy" and "good cause" requirements as follows.

## 1.      Plaintiff's Mental Condition is in Controversy

"The 'in controversy' requirement can be satisfied through an evidentiary showing or simply from review of the pleadings."  *McAllister v. Adecco Grp. N.A.*, Civ. No. 16-00447 JMS-KJM, 2017 WL 11151274, at *1 (D. Haw. May 5, 2017) (citing *Schlagenhauf*, 379 U.S. at 119).  This is particularly true where "[a]

6

plaintiff in a negligence action who asserts mental or physical injury . . . places that

mental or physical injury clearly in controversy[.]" *Schlagenhauf*, 379 U.S. at 119.

"To establish that a mental condition is 'in controversy,' the moving party

should demonstrate one or more of the following factors: (1) a cause of action for

intentional or negligent infliction of emotional distress; (2) an allegation of a

specific mental or psychiatric injury or disorder; (3) a claim of unusually severe

emotional distress; (4) plaintiff's offer of expert testimony to support a claim of

emotional distress; and/or (5) plaintiff's concession that his or her mental condition

is 'in controversy' within the meaning of Rule 35(a)." *Giddens v. City of Suisun*,

No. 2:14-cv-0943 TLN AC, 2017 WL 3009189 at *2 (E.D. Cal. Jul. 14, 2017)

(citation omitted).  The Court finds that factors 1, 2, 3 and 5 are present in this

case.  ECF No. 1 at ¶¶ 2, 3, 5, 6, 47, 48, 63, 79, 80 &126-133; ECF No. 204-4; and

Alyssa Lukpat, *Man was Held for More Than 2 Years Over Mistaken Identity, His*

*Lawyer Says*, THE NEW YORK TIMES (Aug. 6, 2021), https://www.nytimes.com/

2021/08/06/us/hawaii-mistaken-identity-release.html.  That Plaintiff concedes he

has suffered from paranoid schizophrenia for decades and has provided his own

medical records and expert opinions which indicate that he still suffers from

hallucinations and delusions, is sufficient to meet the "in controversy"

requirement.  ECF Nos. 204-4 & 207.  In addition, while the fourth factor is not yet

ripe in these proceedings, the Court anticipates that Plaintiff will offer expert

7

opinion regarding his mental illness to support his emotional distress claims.  This provides additional support that Plaintiff has put his mental condition at issue in this matter.

Moreover, in this case, on August 18, 2022, the district court issued its *Order: Granting in Part and Denying in Part Defendant City and County of Honolulu's Motion for Judgment on the Pleadings; Granting Defendant Dr. Sharon Tisza's Motion to Dismiss Complaint; and Granting Defendants Dr. John Compton and Dr. Melissa Vargo's Substantive Joinder in Defendant Dr. Sharon Tisza's Motion to Dismiss Complaint* ("Order").  ECF No. 151.  Amongst other things, the *Order* granted judgment on the pleadings as to all of Plaintiff's claims against the City Defendant with leave to amend and with the limitation that Plaintiff may not add new claims against the City Defendant.  *Id.* at 1377.  On October 13, 2022, the parties entered into a *Stipulation to Extend Deadline to File First Amended Complaint* to extend the deadline to amend the *Complaint* from October 17, 2022 to fourteen calendar days following a court order determining Plaintiff's prospective motion to substitute a guardian on behalf of Plaintiff.  ECF No. 177 at PageID.1459.

As noted above, the *Complaint* generally places Plaintiff's mental health condition in controversy by alleging his longstanding history of mental illness and

treatment.  ECF No. 1 at 8-9 & 25-26.  In her *Order*, Judge Kobayashi recognized

this as follows:

> Spriestersbach states: "[h]e developed mental health problems and was
> hospitalized several times" between 1999 and 2001; [Complaint at pg. 8, ¶
> 2;] he "was hospitalized for several months at the H.S.H. in 2002 for
> treatment of a mental illness"; [*id.* at pg. 8, ¶ 3;] in 2006, he was "treated at a
> mental health facility on Hawai`i Island;" and, after moving to Oahu, he was
> treated at various times by HSH or "Care Hawai`i, an adult mental health
> care facility," [*id.* at pg. 9, ¶ 6]. He also states his disability
>
> > causes him to be confused, . . . resulting in difficulty in locating and
> > staying in touch with his mother and sister and other family,
> > difficulty in expressing his mental health treatment needs, and
> > otherwise meeting his daily medical, shelter, food, and mental health
> > needs. Thus his disability substantially interferes with his ability to
> > work, secure food, secure housing, . . . and remain safe without
> > reasonable accommodation. [*Id.* at ¶ 79.]

ECF No. 151 at PageID.26.  Judge Kobayashi plainly recognized that Plaintiff was

specifically relying upon the nature, extent and severity of his mental condition to

advance his American with Disability Act ("ADA") claims in his opposition to the

City Defendant's motion for judgment on the pleadings:

> **Spriestersbach also states his "disability and the perception of him by
> those in authority makes it difficult for his statements of fact about his
> identity to be trusted; [and] makes his statements regarding his
> understanding of legal proceedings to be discounted[.]"** [Id.] Thus, "his
> disability substantially interferes with his ability to . . . . navigate
> interactions with police and persons in authority . . . ." [Id.]

ECF No. 151 at PageID.27 (emphasis added).

Beyond this, during conferences with the Court concerning discovery

disputes and other issues, due to his current mental health condition, Plaintiff

requested various accommodations before being willing to sit for an oral

deposition.  ECF No. 164.  In support of his request for extensive deposition

accommodations, Plaintiff provided the Court and counsel with an opinion letter

by his treating mental health provider, nurse practitioner Julia Frankel.  ECF Nos.

163 & 631-1 (sealed).  ████████████████████

████████████████████████████████████████

████████████████████████████████████

████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████

████████████████████████████████████████

██████████████████████████████

    ██████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████



Without surprise, the parties have been unable to agree concerning what, if any, deposition accommodations are appropriate in light of Plaintiff's current mental health condition.  Understandably, if Plaintiff appears to lack the present ability to appear at and meaningfully participate at an oral deposition without extensive accommodations, what other fundamental aspects of this litigation might be negatively impacted by his ongoing mental illness?  As the State Defendants allege, "[t]he parties' discussions [regarding the conditions under which Plaintiff's oral deposition should be conducted] have raised a larger issue . . . [of] whether Plaintiff is capable of meaningfully participating in an oral deposition, [and] whether he is now, or has ever been, competent to bring this action for himself in the first place."  ECF No. 199-1 at PageID.1530.  For these reasons, the Court finds that Plaintiff has placed his own mental condition in controversy.

11

## 2.      Good Cause Exists to Order the Mental Examination

"The good cause prerequisite requires a 'showing that the examination could adduce specific facts relevant to the cause of action and necessary to the defendant's case.'" *McAllister v. Adecco Grp. N.A.*, Civ. No. 16-00447 JMS-KJM, 2017 WL 11151274, at \*1 (D. Haw. May 5, 2017) (citing *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 609 (C.D. Cal. 1995)).  "The 'good cause' requirement is satisfied, in part, by a showing that the requested information cannot be obtained by other means." *Schlagenhauf*, 379 U.S. at 118.  Good cause can also be established in a negligence action where mental injury is claimed.  *Id.* at 119 ("A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause  . . .").  Good cause exists in such a situation because the examination is used "to determine the existence and extent of such asserted injury."  *Id.*

In this case, good cause exists for a mental examination of Plaintiff in that the *Complaint* alleges negligence and claims severe emotional distress (ECF No. 1 at PageID.30-31 & 35-37).  The fact that the *Complaint* places Plaintiff's mental condition in controversy contributes to this Court's finding of good cause for the mental examination.  In addition, information regarding Plaintiff's current mental condition cannot be obtained without the examination.  The Court is unable to find nor has Plaintiff proposed any viable alternative means to a less intrusive method

of obtaining information regarding Plaintiff's mental condition.  Finally, the

mental examination is necessary to this case.  While Plaintiff claims severe

emotional distress and uses his own testifying experts to establish his current

mental condition, this poses the question of whether Plaintiff is competent to

litigate this case or to submit a declaration on his own behalf.  In addition, the

question of Plaintiff's current mental condition, as brought to light in part through

Plaintiff's counsel's request for extensive accommodations for an oral deposition

of Plaintiff, further brings to question whether Plaintiff even had the ability to

consent to his 40-page *Complaint* in the first place.  This coupled with the fact that

on four separate occasions from 2018 to 2019, Plaintiff was judicially determined

unfit to proceed in his state criminal matters, clearly illustrates the degree to which

in the recent past that Plaintiff has lacked the minimal capacity to meaningfully

participate in his criminal court proceedings.  ECF No. 209-2 at PageID.1644;

ECF Nos. 209-4, 209-5, 209-6 and 209-7.  In light of the foregoing, a mental

examination is necessary to inform the Court and parties about Plaintiff's mental

condition, which, in turn, will help the Court and parties determine how best to

proceed in this action.

B.      **F.R.E. 706 Court-Appointed Expert Witnesses**

Plaintiff argues that Defendants failed to address or meet the requirements of

F.R.E. 706 and thus, the rule does not permit a court-appointed expert to conduct a

psychiatric evaluation of Plaintiff.  Plaintiff is mistaken.  Pursuant to Rule 706:

> On a party's motion or on its own, the court may order the parties to show
> cause why expert witnesses should not be appointed and may ask the parties
> to submit nominations. The court may appoint any expert that the parties
> agree on and any of its own choosing. But the court may only appoint
> someone who consents to act.

*Id.*  Thus, the language of Rule 706 states that request for an appointment of an

expert witness may be made (1) on a party's motion or (2) by the court, sua sponte.

Nowhere in the rule does it state that Defendants are required to bring a motion

under F.R.E. 706 in order to obtain a court-ordered psychiatric evaluation of

Plaintiff.  As the Ninth Circuit points out, "Federal Rule of Evidence 706 allows

the district court to appoint a neutral expert on its own motion, whether or not the

expert is agreed upon by the parties." *Dull v. Ylst*, 24 F.3d 245, 245 [No. 93-

16441, 1994 WL 140641] (9th Cir. 1994) (citation omitted).

The Court finds that a request under Fed. R. Civ. P. 35 is sufficient to grant

Defendants' request for a court-appointed medical examination of Plaintiff.

However, the Court also finds that an appointment under F.R.E. 706 is appropriate.

"The court has discretion to appoint a neutral expert under [F.R.E.] 706." *Oden v.*

*Acebedo*, 848 Fed. Appx. 682, 683 (9th Cir. 2021).  "The decision whether to

admit expert testimony does not rest upon the existence or strength of the expert's

opinion but rather whether the expert testimony will assist the trier of fact in

drawing its own conclusion as to a fact in issue." *Dull*, 24 F.3d at 245 (citing

*United States v. Rahm*, 993 F.2d 1405, 1412 (9th Cir. 1993)).  The Court finds that

it need not issue an order to show cause as contemplated by F.R.E. 706 because it

has enough information and argument from Plaintiff and Defendants to decide this

issue.  It is necessary in this case for a court-appointed expert to perform a mental

examination of Plaintiff because the Court is faced with the issue of whether

Plaintiff was competent to initiate this case, execute his own affidavits/declarations

used in this case, sign waivers of attorney-client privilege or participate

meaningfully in the discovery process.

### C.    <u>Fed. R. Civ. P. 17(c) Court's Inquiry into Plaintiff's Competency</u>

Defendant Garrett argues that this Court has a duty to inquire into a party's

competency when there is evidence that the Plaintiff may be incompetent.  The

Ninth Circuit has stated that "when a **substantial question** exists regarding the

mental competence of a party proceeding pro se, the proper procedure is for the

district court to conduct a hearing to determine competence, so a guardian ad litem

can be appointed, if necessary." *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir.

2005) (emphasis added) (citation omitted).  In this case, Plaintiff is not proceeding

pro se, and it appears that Robert Griffith has been appointed Plaintiff's guardian,

by Plaintiff voluntarily, pursuant to the Vermont Superior Court.  ECF No. 208-1.

Although this case is different from the case in *Allen* where the litigant was

proceeding pro se, the underlying principle is that where there is substantial

question regarding a litigant's competency, the Court should make an inquiry to

determine competence in order to protect that litigant's interests.  Although this

case certainly meets the substantial question standard, the Court does not find that

Fed. R. Civ. P. 17 particularly applies in this case, but that a court-appointed

mental examination is appropriate under Fed. R. Civ. P. 35 and F.R.E. 706 as

explained earlier.

    **D.**    **Plaintiff's Motion to Substitute Plaintiff's Guardian as Plaintiff**

On September 28, 2022, Robert A. Griffith was appointed Plaintiff's limited

guardian allegedly based on Plaintiff's request to have a guardian appointed (ECF

No. 208-1 at PageID.1635), and on December 30, 2022, Plaintiff filed his *Motion*

*to Substitute*.  ECF No. 208.  The situation here is unusual in that although

Plaintiff's competency is in question, Plaintiff has filed his own *Complaint*,

consented to waivers and has signed affidavits and declarations.  ECF Nos. 1, 209-

8 & 209-9.  Notwithstanding Plaintiff having reportedly consented to the

voluntarily appointment of Robert A. Griffith as his guardian, and without

impugning the integrity or ruling by the Vermont Court, it is clear that Plaintiff's

competency within the context of the instant case is at issue.  Accordingly, the

16

Court shall deny the *Motion to Substitute* without prejudice subject to the results of

the mental examination being provided to the Court and the parties.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Defendants' request for a

court-ordered psychiatric evaluation of Plaintiff (ECF Nos. 199, 204, 209 & 210),

and **DENIES WITHOUT PREJUDICE** Plaintiff's *Motion to Substitute Guardian*

*Robert A. Griffith as Plaintiff* (ECF No. 208).

1.  The Court **ORDERS** an independent psychiatric evaluation of Plaintiff to be conducted by **DR. RENEE SORRENTINO**. Dr. Sorrentino is directed to conduct a Rule 35 mental examination of Plaintiff.

2.  **The manner, method and scope of the examination shall be determined by Dr. Sorrentino, however, should include an evaluation of Plaintiff's present capacity to understand, appreciate and meet his obligations as a party in this case and to meaningfully participate in this action.** Without any limitation, this may include his capacity, with the assistance of counsel and/or his court-appointed guardian, to do the following:

    a.  understand the nature and factual basis for any claims asserted by him;
    b.  understand and respond to discovery requests, such as written interrogatories and oral depositions;
    c.  understand and appreciate an oath to provide truthful information and the ability to do so based upon his own person knowledge;
    d.  testify at oral deposition and trial;
    e.  meaningfully cooperate and communicate with counsel, his court-appointed guardian and experts;
    f.  comprehend information and concepts; and
    g.  make rational decisions and understand the possible consequences of his decisions relative to this case, such as:

17

        i.  whether to litigate or forego specific claims;

       ii.  whether to exercise or waive specific rights and privileges; and

     iii.  whether to pursue alternative courses of action such as litigation, settlement and dismissal.

    h.  participate in appropriate discussions with counsel and/or his court-appointed guardian to contemplate and make any other decisions relative to this action.

3.    By no later than **6/21/2023**, Dr. Sorrentino shall provide the parties with a written request for any and all materials, records, documents or other information needed to conduct the examination and render an opinion concerning Plaintiff's competency.

4.    By no later than **7/19/2023**, all parties shall make good faith diligent efforts to provide the materials, records, documents or other information requested by Dr. Sorrentino.

5.    Subsequent to the examination of Plaintiff, but prior to the completion of her report, Dr. Sorrentino may request supplemental materials, records, documents or other information required to complete her report.

6.    Parties shall make good faith diligent efforts to provide any supplemental materials, records, documents or other information requested by Dr. Sorrentino within 14 days of the request.

7.    The examination of Plaintiff shall occur by no later than **8/21/2023** or as otherwise ordered by the Court.

8.    The Court places the **following limitations** on the examination:

    a.  The examination shall be **no longer than a total of four hours**, excluding any reasonable breaks taken at regular intervals or as requested by Plaintiff;

    b.  The **location of the examination shall be reasonably close to Plaintiff's residence in Vermont, but as determined by Dr.**

**Sorrentino**, who may consider any recommendations by the parties;

c.    No other parties, counsel to the parties or other third-parties, except for a videographer (if needed), shall be present during the actual examination;

d.    However, Plaintiff's guardian, mental health care provider or any other person may be on site during the examination, but may not participate in the examination, be present in the examination room or be in the vicinity of the examination room such that any portion of the examination may be seen or heard; and

e.    The examination shall be video/audio recorded by appropriate means.

9.    Dr. Sorrentino shall provide the Court and parties with the report, along with any test results, a copy of the video recording and the invoice for services rendered by **9/15/2023**.

10.    Dr. Sorrentino shall be compensated for her professional services at her customary but reasonable rates to be approved by the Court or as agreed to by the parties.

11.    The cost of the examination, videographer and any other costs associated with the examination shall be shared equally by all parties – Plaintiff and Defendants – in this case.

12.    Parties shall remit payment within 30 days to Dr. Sorrentino for their respective share of the cost of the examination.

//

//

//

//

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 7, 2023.

Rom A. Trader
United States Magistrate Judge

---

Civ. No. 21-00456 LEK-RT;  *Joshua Spriestersbach vs. State of Hawaii, et al.*;
Order Granting Defendants' Motions for a Court-Ordered Psychiatric Evaluation
of Plaintiff Joshua Spriestersbach, and Order Denying Plaintiff's Motion to
Substitute Guardian Robert A. Griffith as Plaintiff

20