DANA M. O. VIOLA          6095
Corporation Counsel

RICHARD D. LEWALLEN   7092
ROBERT M. KOHN           6291
PAUL S. AOKI                    1286
Deputies Corporation Counsel
City and County of Honolulu
530 S. King Street, Room 110
Honolulu, Hawaiʻi  96813
Telephone:  (808) 768-5242, 5129, 5132
Facsimile:   (808) 768-5105
Email: rlewallen@honolulu.gov, robert.kohn@honolulu.gov, paoki@honolulu.gov

Attorneys for Defendant
CITY AND COUNTY OF HONOLULU

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JOSHUA SPRIESTERSBACH,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF HAWAIʻI, CITY AND COUNTY OF HONOLULU, OFFICER ABRAHAM K. BRUHN, DEPARTMENT OF PUBLIC SAFETY, OFFICE OF THE PUBLIC DEFENDER, NIETZSCHE LYNN TOLAN, MICHELLE MURAOKA, LESLIE MALOIAN, JACQUELINE ESSER, JASON BAKER, MERLINDA GARMA, SETH PATEK, DR. JOHN COMPTON, DR. MELISSA VARGO, DR. SHARON TISZA, HAWAIʻI STATE HOSPITAL, DR. ALLISON GARRETT, and JOHN/JANE DOES 1-20,<br><br>　　　　　Defendants. | CIVIL NO. CV21-00456 LEK/RT<br><br>DEFENDANT CITY AND COUNTY OF HONOLULU'S RESPONSE TO OBJECTIONS TO MAGISTRATE ORDER DATED 09.28.23 WHICH DENIES PLAINTIFF OPPORTUNITY TO AMEND COMPLAINT (DKT. 248)<br><br><br><br><br><br>Judge: Hon. Leslie E. Kobayashi<br>Trial Date: August 26, 2024. |

## CITY'S RESPONSE TO OBJECTIONS TO MAGISTRATE ORDER DATED 09.28.23 WHICH DENIES PLAINTIFF OPPORTUNITY TO AMEND COMPLAINT (DKT. 248)

Plaintiff ignores the elephant in the room as to the City. The Court dismissed the City with leave to amend on August 18, 2022. Dkt. 151. The Court's order specifically prohibited the inclusion of new claims in the amended complaint:

> **This Court emphasizes that** leave to amend is limited to adding further allegations to support the claims that Spriestersbach asserted against the City in the Complaint, and **Spriestersbach does not have leave to add new claims against the City.**

*Id*. at 46 (emphases added).

Plaintiff never moved to reconsider that order, and does not cite the order with the caution in his Objections to Magistrate Judge Trader's order. Dkt. 248. Instead, he ignored the caution and proceeded to file a first amended complaint (FAC) with new claims, in direct contravention of the Court's order. *See* Dkt. 247 (FAC), adding four new claims: negligent supervision, negligent training, failure to discipline, and final policymaker liability (*Pembaur/Praprotnik*).[1] *See id*. at 27–29, 33–-36). The City will be filing a motion to strike those new claims.

What is Plaintiff's justification for violating the Court's order? Apparently a footnote dropped into the FAC stating: "Plaintiff objects to the most recent

---

[1] The FAC adds a claim whereby a municipality can be liable if the person committing a constitutional violation himself or herself commits a constitutional violation. *See Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) (plurality opinion) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 480 (1986)).

scheduling order which holds that the deadline to add parties and amend pleadings has expired and will be pursuing that issue separately." *Id*. at 2 n.1.

But this is wrong chronologically and legally. Judge Trader entered the scheduling order on June 23, 2022. Dkt. 144. This was two months *before* the order dismissing the City on August 18. The scheduling order stated:

> **AMENDING PLEADINGS:**
> **2.** All motions to join additional parties or to amend the pleadings shall be filed by November 29, 2022.

Dkt. 144 at 2.

Thus the Court was aware of the scheduling order when it specifically cautioned Plaintiff that adding new claims to the FAC was prohibited. The prior scheduling order by the magistrate does not override the district court's subsequent express order barring new claims. If Plaintiff disagreed with the dismissal order, he should have moved for reconsideration promptly after it was issued in August 2022.

Plaintiff's reliance on the antecedent scheduling order is doubly misplaced because it only set a deadline *to file a motion for leave to* amend the pleadings (Dkt. 144 at 2), and did not authorize Plaintiff to add claims *without* such a motion, which is what he did in the FAC.

It should also be noted that Plaintiff's Objections to the magistrate's order contain a misrepresentation:

3

> **The only amendment permitted is the limited amendment of the** allegations and **claims against the City** and County of Honolulu pursuant to the order on the motion for judgment on the pleadings, *Id.*

*See* Dkt. 248 at 2 n.1 (emphases added). This misstates the Court's order, which permitted "further allegations to support the claims," but prohibited the adding of new claims. Dkt. 151 at 46. Plaintiff added new claims to the FAC.

The standard of review for Objections under Local Rule 74.1 is quite deferential to the magistrate, as Judge Otake recently ruled:

> STANDARD OF REVIEW
>
> Parties may object to magistrate judge's pretrial orders. *See* Fed. R. Civ. P. 72(a); Local Rule 74.1. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is *clearly erroneous or is contrary to law*." Fed. R. Civ. P. 72(a) (emphasis added); *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1041 n.4 (9th Cir. 2010).
>
> The "clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed before reversal is warranted." *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1180 (9th Cir. 2004) (citations and internal quotations omitted). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (citation omitted); *see also Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004) (stating that a district court may not overturn a magistrate judge's pretrial order "simply because [it] might have weighed differently the various interests and equities").

*Lesane v. Hawaiian Airlines, Inc.*, No. 19-00179 JAO-KJM, 2020 U.S. Dist. LEXIS 8064, at *3-4 (D. Haw. Jan. 14, 2020) (emphases in original).

Judge Seabright discussed in detail the standard of review specifically applicable to leave to amend pleadings in *Suzuki v. Helicopter Consultants of Maui, Inc.*, No. 13-00575 JMS/KJM, 2016 U.S. Dist. LEXIS 89065, at *13–16 (D. Haw. July 8, 2016):

> ### III. <u>STANDARDS OF REVIEW</u>
>
> **A. Plaintiff's Appeal**
> The court addresses the threshold issue of the proper standard for reviewing the April 28 Order [of the magistrate judge]. Plaintiff argues that the appropriate standard of review is de novo as to the portion of the April 28 Order denying Plaintiff's Motion to Amend but "clearly erroneous or contrary to law" as to the portion of the April 28 Order denying Plaintiff's Motion to Extend Expert Witness Deadlines. Defendants argue that the appropriate standard of review for the entirety of the April 28 Order is "clearly erroneous or contrary to law."
>
> A party may appeal a magistrate judge's determination of a pretrial nondispositive matter to the district court, and the district court may modify or set aside any portion of the magistrate judge's order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. 74.1. As defined by Rule 72(a) of the Federal Rules of Civil Procedure, a nondispositive matter is "a pretrial matter not dispositive of a party's claim or defense." This **extremely deferential standard** requires the district judge to affirm the magistrate judge "unless the court is left with the definite and firm conviction that a mistake has been committed." *Hasegawa v. Hawaii*, 2011 U.S. Dist. LEXIS 144281, 2011 WL 6258831, at *1 (D. Haw. Dec. 14, 2011).
>
> Plaintiff argues that "the April 28 Order denying amendment was effectively a dispositive ruling" because it "purports to foreclose altogether Plaintiff's ability to recover monetary damages for the majority of Parcel 12." The court disagrees. "A motion for leave to amend is a nondispositive motion which a magistrate judge may properly decide." *Seto v. Thielen*, 519 F. App'x 966, 969 (9th Cir.

> 2013). The April 28 Order's ruling on Plaintiff's Motion to Amend was "not dispositive of any claim or defense of a party." Fed. R. Civ. P. 72(a). Rather, the April 28 Order merely determined that Plaintiff could not amend his Complaint, but allowed all of Plaintiff's substantive claims outlined in his original Complaint to proceed. By denying Plaintiff leave to file his Proposed Amended Complaint, the April 28 Order was not dispositive of any of Plaintiff's claims or defenses. *Id.*
>
> Accordingly, the entire April 28 Order was nondispositive. As such, the court applies the "clearly erroneous or contrary to law" standard to the entirety of Plaintiff's Appeal. "The clearly erroneous standard applies to the magistrate judge's factual findings while the contrary to law standard applies to the magistrate judge's legal conclusions, which are reviewed de novo." *Lovell v. United Airlines, Inc.*, 728 F. Supp. 2d 1096, 1100 (D. Haw. 2010). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Na Pali Haweo Cmty. Ass'n v. Grande*, 252 F.R.D. 672, 674 (D. Haw. 2008) (quoting *Conant v. McCaffey*, 1998 U.S. Dist. LEXIS 22837, 1998 WL 164946, at *2 (N.D. Cal. Mar. 16, 1998).
>
> "A district court shall consider the appeal and shall set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." LR 74.1. *See also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002) ("A district judge may reconsider a magistrate's order in a pretrial matter if that order is 'clearly erroneous or contrary to law.'").

*Id.*, 2016 U.S. Dist. LEXIS 89065, at *13–16.

Judge Trader was interpreting his own scheduling order when he issued his order regarding amended pleadings. Dkt. 246. Moreover, just the day before he had set out a new scheduling order setting trial for August 26, 2024 (Dkt. 245 at 2), with numerous associated pretrial deadlines. He indicated that he had consulted with the Court on the trial date, and it was well within his case management

6

authority under Rule 16 to keep the pretrial deadlines intact. "[T]he need to support effective case management trumps the general pleading rules." 3 Moore's Federal Practice § 16.13 (Matthew Bender 3d ed.). "Once a district court files a pretrial scheduling order, which establishes a time table for amending pleadings, Rule 16's standards control."

For all of the reasons stated above, and those stated in Judge Trader's order, the Objections should be denied and his order affirmed.

DATED:  Honolulu, Hawai'i, October 18, 2023.

                              DANA M. O. VIOLA
                              Corporation Counsel

                              By:  /s/ Robert M. Kohn
                                   PAUL S. AOKI
                                   RICHARD D. LEWALLEN
                                   ROBERT M. KOHN
                                   Deputies Corporation Counsel

                                   Attorneys for Defendant
                                   CITY AND COUNTY OF HONOLULU