UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSHUA SPRIESTERSBACH,<br><br>            Plaintiff,<br><br>     vs.<br><br>STATE OF HAWAII,  CITY AND COUNTY OF HONOLULU, OFFICER ABRAHAM K. BRUHN,  DEPARTMENT OF PUBLIC SAFETY,  OFFICE OF THE PUBLIC DEFENDER, NIETZSCHE LYNN TOLAN, MICHELLE MURAOKA, LESLIE MALOIAN, JACQUELINE ESSER, JASON BAKER, MERLINDA GARMA, SETH PATEK, DR. JOHN COMPTON, DR. MELISSA VARGO, DR. SHARON TISZA, HAWAII STATE HOSPITAL, DR. ALLISON GARRETT,  JOHN/JANE DOES 1-20,<br><br>            Defendants. | CIV. NO. 21-00456 LEK-RT |

**ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE ORDER DATED 09.28.23 WHICH DENIES PLAINTIFF OPPORTUNITY TO AMEND COMPLAINT AND AFFIRMING THE MAGISTRATE JUDGE'S ORDER**

In a September 28, 2023 entering order ("9/28/23 EO"), the magistrate judge ruled that the deadline to add parties and amend pleadings had expired, except for the October 10, 2023 deadline to file an amended complaint against Defendant City and County of Honolulu ("the City"). [Dkt. no. 246.] Before the Court is Plaintiff Joshua Spriestersbach's ("Spriestersbach" or "Plaintiff") objections to the 9/28 EO ("Objections"), filed on October 11, 2023. [Dkt. no. 248.] On October 18, 2023, the

City and Defendant Dr. Allison Garrett ("Dr. Garrett") filed their respective responses to the Objections.  [Dkt. nos. 249, 251.]  The Court has considered the Objections as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").  Spriestersbach's Objections are hereby denied and the 9/28/23 EO is hereby affirmed for the reasons set forth below.

## BACKGROUND

Spriestersbach initiated this action on November 21, 2021.  See Complaint, filed 11/21/21 (dkt. no. 1).  On August 18, 2022, this Court issued an order that, *inter alia*, granted in part and denied in part the City's Motion for Judgment on the Pleadings ("8/18/22 Order").  [Dkt. no. 151.[1]] Judgment on the pleadings was granted in favor of the City as to all of Spriestersbach's claims against it, but he was granted leave to amend those claims.  8/18/22 Order, 622 F. Supp. 3d at 971.  Spriestersbach was instructed to file his amended complaint by September 16, 2022, and this Court expressly stated that "leave to amend is limited to adding further allegations to support the claims that Spriestersbach asserted against the City

---

[1] The 8/18/22 Order is also available at 622 F. Supp. 3d 948.

2

in the Complaint, and Spriestersbach does not have leave to add new claims against the City." Id.

During a September 13, 2022 status conference, the magistrate judge directed the parties' counsel to meet and confer regarding issues related to the question of Spriestersbach's competency to prosecute this case. In light of this and other issues, the magistrate judge extended the September 16, 2022 deadline in the 8/18/22 Order to October 17, 2022. See Minutes, filed 9/13/22 (dkt. no. 164), at PageID.1418.

On October 13, 2022, this Court approved the parties' stipulation to hold the deadline for the filing of Spriestersbach's amended claims against the City in abeyance pending the resolution of the issue of whether a guardian should be appointed to litigate this case on Spriestersbach's behalf. [Stipulation to Extend Deadline to File First Amended Complaint and Order, filed 10/13/22 (dkt. no. 177) ("10/13/22 Stipulated Order").] The 10/13/22 Stipulated Order stated that Spriestersbach "shall have up to fourteen (14) calendar days following entry of a court order finally determining Plaintiff's prospective motion to substitute a guardian on behalf of Plaintiff Joshua Spriestersbach, to file an amended complaint against the City & County of Honolulu." [Id. at 2.] The 10/13/22 Stipulated Order acknowledged that it was signed by

3

"[a]ll remaining parties who have appeared in this action."

[Id.]  As of that time, the general deadline to add parties and

amend pleadings was November 29, 2022.  See Rule 16 Scheduling

Order, filed 6/23/22 (dkt. no. 144) ("6/23/22 Scheduling

Order"), at ¶ 2.

During a November 14, 2022 telephone conference, the

magistrate judge stated that the deadline to add parties and

amend pleadings would be held in abeyance, pending a December 6,

2022 telephone conference.  [Minutes, filed 11/14/22 (dkt.

no. 186), at PageID.1485.]  During the December 6, 2022

telephone conference, the magistrate judge directed the parties

to meet and confer to suggest a proposed briefing schedule

regarding the competency issue, and the magistrate judge noted

the parties' agreement to hold discovery issues in abeyance

until the competency issue was resolved.  See Minutes, filed

12/6/22 (dkt. no. 193).  However, the Minutes of the December 6,

2022 telephone conference do not mention the deadline to add

parties and amend pleadings.  On December 7, 2022, Plaintiff's

counsel submitted the parties' joint proposed briefing schedule

for the guardianship and competency issues.  [Letter, filed

12/7/22 (dkt. no. 196).]  It stated that "all counsel join in a

request that the case calendar be suspended, and all dates reset

after the guardianship/competency issues are resolved."  [Id.]

However, the magistrate judge's EO setting the briefing schedule

did not address the parties' request to suspend all deadlines.
[EO, filed 12/8/22 (dkt. no. 197).]

On June 7, 2023, the magistrate judge issued an order
requiring Spriestersbach to undergo a psychiatric evaluation and
denying the motion to substitute a guardian as the plaintiff in
this case.  [Order Granting Defendants' Motions for a Court-
Ordered Psychiatric Evaluation of Plaintiff Joshua
Spriestersbach, and Order Denying Plaintiff's Motion to
Substitute Guardian Robert A. Griffith as Plaintiff, filed
6/7/23 (dkt. no. 236) (redacted version) ("6/7/23 Order").]  The
6/7/23 Order triggered the fourteen-day period for
Spriestersbach to file his amended complaint, as set forth in
the 10/13/22 Stipulated Order, but the magistrate judge held the
deadline in abeyance, pending the completion of the competency
evaluation.  See Minutes - EP Telephone Conference, filed
6/20/23 (dkt. no. 241), at PageID.2495.  The psychiatric
evaluation of Spriestersbach was filed, under seal, on
September 27, 2023.  [Dkt. no. 243.]  The magistrate judge held
a telephonic conference on the same date, see Minutes - EP:
Telephone Conference and Rule 16 Scheduling Conference, filed
9/27/23 (dkt. no. 244), and the 9/28 EO followed.  Also on
September 28, 2023, the magistrate judge issued an Amended
Rule 16 Scheduling Order.  [Dkt. no. 245.]

Spriestersbach filed his First Amended Complaint on October 18, 2023. [Dkt. no. 250.] He states it responds to the 8/18/22 Order, which permitted him to amend his claims against the City, and he notes that he is pursuing his objections to the magistrate judge's ruling that the deadline to make other amendments to the original Complaint expired. [Id. at pgs. 1-2 n.1.]

In the instant Objections, Spriestersbach argues his counsel could not amend his claims against the non-City defendants while the issue of his competency was pending. [Objections at 3.] He asserts "[a]ll of the parties to this action acted as though everything in this case was stayed pending the resolution of the competency issue in the period from October 2022 to September 27, 2023," and that "all of the actions by the parties and the Court indicated that all deadlines were held in abeyance pending the resolution of Plaintiff's competence." [Id.] Spriestersbach emphasizes that leave to amend should be granted freely and that a scheduling order can be amended if there is good cause. [Id. at 3-4.]

## DISCUSSION

The 9/28/23 EO is a nondispositive order. This district court has stated:

> Rule 72(a) of the Federal Rules of Civil Procedure allows a party to object to a nondispositive magistrate judge order "within 14

days after being served with a copy" of it.  Fed.
R. Civ. P. 72(a).  It further provides, "The
district judge in the case must consider timely
objections and modify or set aside any part of
the order that is clearly erroneous or is
contrary to law."  Id.

Under 28 U.S.C. § 636(b)(1)(A), a district
judge may "reconsider" a magistrate judge's
nondispositive pretrial order if it is "clearly
erroneous or contrary to law."  See also Bhan v.
NME Hosp., Inc., 929 F.2d 1404, 1414-15 (9th Cir.
1991) (stating that § 636(b)(1) "provides that
the magistrate's decision on a nondispositive
issue will be reviewed by the district judge
under the clearly erroneous standard").  The
Ninth Circuit has explained, "Pretrial orders of
a magistrate under 636(b)(1)(A) are reviewable
under the 'clearly erroneous and contrary to law'
standard; they are not subject to de novo
determination.  The reviewing court may not
simply substitute its judgment for that of the
deciding court."  Grimes v. City & Cty. of San
Francisco, 951 F.2d 236, 241 (9th Cir. 1991)
(quotation marks and citations omitted).

The threshold of the "clearly erroneous"
test is high.  "A finding is 'clearly erroneous'
when although there is evidence to support it,
the reviewing court on the entire evidence is
left with the definite and firm conviction that a
mistake has been committed."  United States v.
U.S. Gypsum Co., 333 U.S. 364, 395 (1948); accord
Easley v. Cromartie, 532 U.S. 234, 242 (2001)
(stating that, in reviewing for clear error, "a
reviewing court must ask whether, on the entire
evidence, it is left with the definite and firm
conviction that a mistake has been committed"
(quotation marks and citation omitted)); United
States v. Hylton, 30 F.4th 842, 846 (9th Cir.
2022) (reviewing a district court's findings of
facts with respect to a denial of a motion to
suppress and stating, "Review under the clearly
erroneous standard is significantly deferential,
requiring for reversal a definite and firm
conviction that a mistake has been committed."
(quotation marks and citation omitted)); Balen v.

<u>Holland Am. Line Inc.</u>, 583 F.3d 647, 655 (9th Cir. 2009) ("Review under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." (quotation marks and citation omitted)).

"'A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard.'" <u>Green v. Kanazawa</u>, 2018 WL 5621953, at *3 (D. Haw. Oct. 30, 2018) (quoting <u>Na Pali Haweo Cmty. Ass'n v. Grande</u>, 252 F.R.D. 672, 674 (D. Haw. 2008)).

<u>Sec. & Exch. Comm'n v. Semisub, Inc.</u>, CIVIL NO. 22-00349 SOM/KJM, 2022 WL 5182650, at *2 (D. Hawai`i Oct. 5, 2022).

The magistrate judge's finding that the deadline to add parties and amend pleadings expired, except for the deadline to amend the claims against the City, was not clearly erroneous. The November 29, 2022 deadline to add parties and amend pleadings was clearly stated in the 6/23/22 Scheduling Order. <u>See</u> 6/23/22 Scheduling Order at ¶ 2. That deadline was suspended pending the December 6, 2022 telephone conference, <u>see</u> Minutes, filed 11/14/22 (dkt. no. 186), at PageID.1485, but the deadline was not expressly vacated, nor was it held in abeyance pending the resolution of the guardianship and competency issues. On December 8, 2022, when the magistrate judge set the guardianship/competency briefing schedule, the magistrate judge did not address the parties' request to suspend all deadlines, effectively denying that request. Although the magistrate judge

8

did not set a new deadline when the request was denied, because the deadline to add parties and amend pleadings was only held in abeyance pending the December 6, 2022 status conference, the deadline to add parties and amend pleadings expired after the December 8, 2022 denial of the request to suspend all deadlines.

The arguments that Spriestersbach presents in the Objections are arguments that should be presented in a motion seeking to amend the current scheduling order, pursuant to Fed. R. Civ. P. 16(b)(4), and seeking leave to file a second amended complaint, pursuant to Fed. R. Civ. P. 15(a)(2). Spriestersbach's arguments do not establish that the 9/28/23 EO was either clearly erroneous or contrary to law.  He has therefore failed to present any grounds that warrant reversal of the 9/28/23 EO.

<u>**CONCLUSION**</u>

For the foregoing reasons, Spriestersbach's Objections to Magistrate Order Dated 09.28.23 Which Denies Plaintiff Opportunity to Amend Complaint, filed October 11, 2023, is HEREBY DENIED, and the magistrate judge's September 28, 2023 entering order is AFFIRMED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 28, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JOSHUA SPRIESTERSBACH VS. STATE OF HAWAII, ET AL; CV 21-00456 LEK-RT; ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE ORDER DATED 09.28.23 WHICH DENIES PLAINTIFF OPPORTUNITY TO AMEND COMPLAINT AND AFFIRMING THE MAGISTRATE JUDGE'S ORDER**