UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSHUA SPRIESTERSBACH,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF HAWAII, CITY AND COUNTY OF HONOLULU, OFFICER ABRAHAM K. BRUHN, DEPARTMENT OF PUBLIC SAFETY, OFFICE OF THE PUBLIC DEFENDER, NIETZSCHE LYNN TOLAN, MICHELLE MURAOKA, LESLIE MALOIAN, JACQUELINE ESSER, JASON BAKER, MERLINDA GARMA, SETH PATEK, DR. JOHN COMPTON, DR. MELISSA VARGO, DR. SHARON TISZA, HAWAII STATE HOSPITAL, DR. ALLISON GARRETT, JOHN/JANE DOES 1-20,<br><br>　　　　　　Defendants. | CIV. NO. 21-00456 LEK-RT |

**ORDER: GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTIONS TO SEAL, AS AMENDED BY THE CITY'S JUNE 5, 2024 SUBMISSIONS; DENYING DEFENDANT ALLISON GARRETT, M.D.'S MOTION TO SEAL CONFIDENTIAL EXHIBITS; AND DENYING PLAINTIFF'S JOINDER**

　　　　　Before this Court are: Defendant City and County of Honolulu's ("the City") Motion to Seal the Expert Report of Dr. Neil S. Kaye and for Leave to File Expert Report Publicly with Redactions ("City's Motion to Seal Kaye Report"); [filed 5/15/24 (dkt. no. 434);[1]] the City's Motion for Leave to File

---

[1] Also on May 15, 2024, the City submitted an unredacted version of the Forensic Psychiatric Report of Neil S. Kaye,
(. . . continued)

Exhibit "J" to City's Motion for Summary Judgment Under Seal and to File the Exhibit Publicly with Redactions ("City's Motion to Seal Exhibit J"); [filed 5/28/24 (dkt. no. 446);[2]] Defendant Allison Garrett, M.D.'s ("Dr. Garrett") Motion to Seal Confidential Exhibits ("Dr. Garrett's Motion to Seal"); [filed 5/29/24 (dkt. no. 458);[3]] and Plaintiff Joshua Spriestersbach's ("Spriestersbach") joinder in the City's motions to seal and Dr. Garrett's Motion to Seal ("Joinder"), [filed 6/4/24 (dkt. no. 471)].

On June 5, 2024, the City filed a Supplemental Memorandum Regarding Exhibit "J" ("City's Exhibit J Memorandum")

---

M.D., dated May 6, 2024 ("Kaye Report"), and another version of the Kaye Report with the City's proposed redactions.

[2] Also on May 28, 2024, the City submitted an unredacted version of its Exhibit J and another version with its proposed redactions.

[3] Also on May 29, 2024, Dr. Garrett submitted the exhibits that she proposes to file under seal. She proposes that the majority of the exhibits be sealed in their entirety and does not propose that redacted versions be publicly filed. See Concise Statement in Support of Defendant Allison Garrett, M.D.'s Motion for Summary Judgment ("Dr. Garrett's CSOF"), filed 5/29/24 (dkt. no. 460) ("Dr. Garrett's CSOF"), Declaration of Counsel ("Roeca CSOF Decl."), Exhs. A, D, E, F, G, J, K (single sheets stating each exhibit will be submitted for filing under seal); see also Roeca CSOF Decl., Exh. O at PageID.9048 (single sheet stating Exhibits D and E to Exhibit O will be submitted for filing under seal). Dr. Garrett's Exhibit B is the Kaye Report, and Dr. Garrett appears to propose the same level of redaction that the City proposed in its May 15, 2024 submission. See id., Exh. B

2

and a Supplemental Memorandum Regarding Exhibit "K" ("City's Kaye Report Memorandum").[4] [Dkt. nos. 472, 473.] Also on June 5, 2024, the City submitted new unredacted and redacted versions of the Kaye Report and Exhibit J to this Court for review. On June 6, 2024, Dr. Garrett filed a supplemental memorandum in support of her motion ("Dr. Garrett's Supplemental Memorandum"). [Dkt. no. 475.] This Court finds the instant matters suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules").

For the reasons set forth below, the City's Motion to Seal Kaye Report and the City's Motion to Seal Exhibit J, as amended by the City's June 5, 2024 submissions, are granted. Dr. Garrett's Motion to Seal and Spriestersbach's Joinder are denied. The City's unredacted version of the Kaye Report and Exhibit J, submitted on June 5, 2024, will be filed under seal, and the City's redacted versions, submitted on June 5, 2024, will be filed as publicly available documents. This Court will provide the City's June 5, 2024 submissions to the Clerk's Office for filing immediately upon the filing of this Order.

---

[4] After the filing of the City's supplemental memoranda, Defendants Office of the Public Defender, Nietzsche Lynn Tolan, Michele Muraoka, Lesley Maloian, Jason Baker, and Seth Patek filed a statement of no position as to the City's Motion to Seal Kaye Report. [Filed 6/5/24 (dkt. no. 474).]

3

Spriestersbach's joinder in the City's motions to seal is denied because Spriestersbach asks this Court to order the level of redaction proposed in the City's May 15, 2024 submissions.

Dr. Garrett's Motion to Seal and Spriestersbach's joinder in Dr. Garrett's motion are denied. The exhibits at issue in Dr. Garrett's Motion to Seal will not be considered by this Court when it considers Dr. Garrett's Motion for Summary Judgment, [filed 5/29/24 (dkt. no. 459)].

## BACKGROUND

The Kaye Report was produced to the defendants by Spriestersbach in discovery, and the report discusses Spriestersbach's psychiatric treatment. See Dr. Garrett's Motion to Seal, Declaration of Counsel ("Roeca Motion to Seal Decl.") at ¶ 5. The Kaye Report is also one of the exhibits that Dr. Garrett proposes to file under seal in support of her Motion for Summary Judgment. The City's Exhibit J consists of excerpts of Spriestersbach's medical records from Rutland Regional Medical Center ("Rutland Records"). The Rutland Records were produced by Spriestersbach in discovery. See City's Motion to Seal Exh. J, Declaration of Counsel at ¶ 3.

Dr. Garrett's Motion to Seal addresses the following exhibits:

-Exhibit A, the transcript of Dr. Garrett's January 18, 2024 video-conference deposition, with exhibits that are Spriestersbach's medical records;

4

-Exhibit B, the Kaye Report;

-Exhibits D, E, F, and K, Spriestersbach's psychiatric records that were produced by Defendant Hawaii State Hospital ("HSH") in discovery;

-Exhibit G, Spriestersbach's psychiatric records from HSH that Spriestersbach produced in discovery;

-Exhibit J, Spriestersbach's psychiatric records produced by Defendant Department of Public Safety ("DPS") in this case;

-Exhibits D and E to Exhibit O,[5] Spriestersbach's psychiatric records that were produced by HSH in discovery.

[Roeca Motion to Seal Decl. at ¶¶ 3-12.]

Based on its May 15, 2024 submissions to this Court, the City initially proposed sealing the Kaye Report and Exhibit J with minimal information being publicly filed. As previously noted, Dr. Garrett initially proposed the same level of redaction of the Kaye Report as the City proposed, and she proposed complete sealing for the majority of the other exhibits. On May 30, 2024, this Court issued entering orders requiring supplemental briefing regarding the motions to seal. See Minute Order - EO: Court Order Requiring Supplemental Briefing Regarding Defendant City and County of Honolulu's Motions to Seal, filed 5/30/23 (dkt. no. 461); Minute Order - EO: Court Order Requiring Supplemental Briefing Regarding

---

[5] Exhibit O is the transcript of Spriestersbach's deposition, taken on December 4 and 5, 2023. See Roeca CSOF Decl. at ¶ 17.

5

Defendant Allison Garrett, M.D.'s Motion to Seal Confidential Exhibits, filed 5/30/23 (dkt. no. 462) (collectively "5/30 EOs").

In light of the legal standards referred to in the 5/30 EOs, the City now proposes to rely on a much shorter excerpt of the Kaye Report and an excerpt of one of the appendices to the Kaye Report, with personal identifying information redacted. See City's Kaye Report Mem. at 4. The City also proposes to rely on a version of the Rutland Records that only has personal identifying information redacted. See City's Exhibit J Mem. at 4. However, the only changes that Dr. Garrett proposes to her May 29, 2024 submissions are to publicly file Dr. Garrett's curriculum vitae and Dr. Kaye's curriculum vitae. See Dr. Garrett's Suppl. Mem. at 8.

## **STANDARDS**

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." Kamakana v. Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quotation marks and citation omitted). To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." Id. at 1178-79 (brackets and internal quotation marks and citations omitted).

6

The court considering the motion to seal must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." Id. at 1179 (brackets and internal quotation marks omitted). "After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." Id. (citation and internal quotation marks omitted). The "compelling reasons" standard applies when the materials sought to be sealed are "more than tangentially related to the merits of a case." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101-02 (9th Cir. 2016).

When a motion is only tangentially related to the merits of a case, the less stringent "good cause" standard of Federal Rule of Civil Procedure 26(c) applies. Id. at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result if not protective order is granted." Phillips ex. rel. Ests. of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citations omitted).

The City's Motion to Seal Kaye Report did not identify a specific motion for which the City wanted to use the Kaye Report to support its position. However, the City subsequently

7

argued Spriestersbach's medical records that are attached to the Kaye Report are relevant to the City's Motion for Summary Judgment. See City's Supplemental Memorandum, filed 5/28/24 (dkt. no. 444), at 2; see also City's Motion for Summary Judgment, filed 5/28/24 (dkt. no. 452). The City's Motion to Seal Exhibit J also addresses an exhibit that the City relies upon to support the City's Motion for Summary Judgment. See City's Motion to Seal Exhibit J at 2. The exhibits at issue in Dr. Garrett's Motion to Seal are exhibits to Dr. Garrett's concise statement of facts in support of her Motion for Summary Judgment. See Dr. Garrett's Motion to Seal, Mem. in Supp. at 1; see generally Roeca CSOF Decl. at ¶¶ 3-18 (describing Dr. Garrett's exhibits). Because the City's and Dr. Garrett's motions for summary judgment address the merits of Spriestersbach's claims against them, the compelling reasons standard applies to the motions to seal. The City and Dr. Garrett must therefore "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." See Kamakana, 447 F.3d at 1178-79.

## DISCUSSION

It is undisputed that the protection of medical privacy constitutes "a 'compelling reason' for sealing records." See, e.g., Diefendorf v. Fairmont Hotels & Resorts (U.S.), Inc.,

8

CIV. NO. 20-00237 JAO-RT, 2021 WL 6494875, at *1 (D. Hawai`i Oct. 19, 2021) (citations omitted). However, Spriestersbach has put his physical and mental health at issue in this case. See, e.g., Second Amended Complaint, filed 3/29/24 (dkt. no. 362), at ¶ 274 (alleging Spriestersbach "suffers from a 'disability'" for purposes of the Americans with Disabilities Act ("ADA"), Title 42 United States Code Section 12102); id. at ¶¶ 276-80 (allegations regarding the City's ADA liability); id. at ¶ 330 (alleging Dr. Garrett and other defendants "ignored [Spriestersbach] claims and determined him to be delusional and decompensating, and recommended more medication be administered to [Spriestersbach] against his will"). Thus, Spriestersbach cannot expect confidentiality regarding his health information that is relevant to his claims. See, e.g., James v. Wilber, No. 1:08-cv-00351-SKO PC, 2012 WL 6607290, at *2 (E.D. Cal. Dec. 18, 2012) ("While there exists a privacy right in one's confidential medical records, the right is not absolute and because Plaintiff put his medical condition directly at issue in this action, he may not claim that his relevant medical records should be shielded from disclosure." (citations omitted)); B.F. v. Amazon.com, Inc., Case No. C19-910-RAJ-MLP, 2019 WL 4597492, *2 (W.D. Wash. Sept. 23, 2019) ("By bringing this lawsuit against Defendants, [Plaintiffs] have put [the information sought to be sealed] directly at issue, and cannot reasonably

9

expect filings in this case not to include details about [that information].").

Dr. Garrett argues Kamakana, James, and B.F. are distinguishable from the instant case. Dr. Garrett emphasizes that James addressed the parties' disclosure of medical information during discovery, not public access, and Kamakana B.F. did not involve psychiatric records. [Dr. Garrett's Suppl. Mem. at 5.] Dr. Garrett appears to be attempting to create a new category of confidentiality for psychiatric records that is not supported by the existing case law. Spriestersbach has placed aspects of his psychiatric condition and treatment at issue in this case, and testimony and exhibits addressing the contested aspects of his condition and treatment are relevant to the merits of his claims. He has waived his right to keep those portions of the evidence confidential, and he has not overcome the public's right to access to the evidence that this Court considers in ruling on the City's and Dr. Garrett's motions for summary judgment.

This Court emphasizes that Spriestersbach's claims arise from the allegation that various persons failed to credit his assertions that he was not Thomas Castleberry. Evidence relevant to his assertions of his identity and the reasons why those assertions were not believed are relevant to the merits of his claims and must be publicly. However, having reviewed the

10

parties original submissions to be filed under seal, this Court finds that there are aspects of Spriestersbach's history and treatment discussed in the City's and Dr. Garrett's original submissions that are not related to his assertions of identity. Those portions of Spriestersbach's records remain confidential, and, if those portions of the record must be filed in the litigation of the motions for summary judgment, there are compelling reasons to file those portions of Spriestersbach's records under seal.

This Court emphasizes that, when a party submits medical records in support of or in opposition to a motion for summary judgment, that party has the burden to prove that there are compelling reasons to seal those records. See Kamakana, 447 F.3d at 1178 ("A party seeking to seal a judicial record . . . bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." (citation omitted)). It is incumbent upon the party filing the motion to seal to include only those records that the party seeks to rely upon in presenting its position. It is not for this Court to review entire sets of records from any medical entity that provided treatment to Spriestersbach and to make a relevancy ruling as to each portion of those records in order to determine what portions can permissibly be sealed and what portions must be publicly filed. The submitting party is charged with using

11

reasonable efforts to make the initial determination of what portions are necessary to the termination of the issues presented in the motion; the party should not be filing records on a wholesale basis and then expecting this Court to separate the wheat from the chaff. Cf. Friedman v. Baca, Case No.: 3:17-cv-00433-MMD-WGC, 2019 WL 1291299, at *2 (D. Nev. Mar. 20, 2019) ("While a plaintiff puts certain aspects of his medical condition at issue when he files an action alleging deliberate indifference to a serious medical need under the Eighth Amendment, that does not mean that the entirety of his medical records filed in connection with a motion (which frequently contain records that pertain to unrelated medical information) need be unnecessarily broadcast to the public. In other words, the plaintiff's interest in keeping his sensitive health information confidential outweighs the public's need for direct access to the medical records.").

For similar reasons, this Court also rejects both Spriestersbach's argument that the proposed exhibits should be kept sealed "until the case is actually tried in case [or] the matter is resolved before trial," and Spriestersbach's argument that this Court should defer ruling on the motions to seal until this Court decides the motions for summary judgment. See Joinder at 4-5. In Spriestersbach's view, only portions of the record actually considered in the ultimate disposition of his claims

12

should be unsealed. These proposals also impermissibly attempt to delegate the submitting party's duty to submit only the evidence that is necessary to the party's underlying motion for summary judgment, and they unreasonably restrict the public's access to evidence that is relevant to the litigation of the claims at issue in this case.

After the 5/30 EOs were issued, the City and Dr. Garrett had the opportunity to reduce their initial submissions to only the medical records that are necessary to the determination of the issues in the City's and Dr. Garrett's motions for summary judgment. The City took that opportunity; Dr. Garrett did not. This Court finds that the proposed redactions in the City's June 5, 2024 submissions of the Kaye Report and Exhibit J are appropriate. After the City provided its new proposed versions of the Kaye Report and Exhibit J to this Court and the parties' counsel, Spriestersbach could have proposed additional redactions to the City's new proposed redactions. Spriestersbach did not do so and instead filed the Joinder, which argues the level of redaction in the City's earlier submissions of the Kaye Report and Exhibit J is required. This Court has rejected that argument. This Court construes Spriestersbach's failure to propose any additional redactions to the City's June 5, 2024 submissions as a concession that no additional redactions are required and a

13

waiver of his objections to the redactions in the City's June 5, 2024 submissions.

The City's Motion to Seal is granted insofar as the City is permitted to file the unredacted Kaye Report and Exhibit J, submitted on June 5, 2024, under seal, and to file the redacted versions, submitted on June 5, 2024, as publicly available documents. This Court will provide the City's June 5, 2024 submissions to the Clerk's Office for filing immediately upon the filing of this Order. Spriestersbach's joinder in the City's Motion to Seal is denied because this Court has rejected Spriestersbach's argument that this Court must order the level of redaction proposed in the City's May 15, 2024 submissions.

Dr. Garrett's Motion to Seal and Spriestersbach's joinder in her motion are denied because Dr. Garrett has failed to carry her burden to establish compelling reasons to seal the exhibits at issue in Dr. Garrett's Motion to Seal and because Spriestersbach argues for the same relief that Dr. Garrett seeks. The exhibits at issue in Dr. Garrett's Motion to Seal will not be considered by this Court when it rules upon Dr. Garrett's Motion for Summary Judgment.

## **CONCLUSION**

For the foregoing reasons, this Court rules as follows:

- the City's Motion to Seal the Expert Report of Dr. Neil S. Kaye and for Leave to File Expert Report Publicly with Redactions, filed May 15, 2024 and amended by the City's June 5, 2024 submissions, is GRANTED;

- the City's Motion for Leave to File Exhibit "J" to City's Motion for Summary Judgment Under Seal and to File the Exhibit Publicly with Redactions, filed May 28, 2024 and amended by the City's June 5, 2024 submissions, is GRANTED;

- Dr. Garrett's Motion to Seal Confidential Exhibits, filed May 29, 2024, is DENIED; and

- Spriestersbach's joinder in the City's motions to seal and Dr. Garrett's Motion to Seal, filed June 4, 2024, is DENIED.

This Court will submit the City's redacted and unredacted versions of the Kaye Report and Exhibit J, which the City submitted to this Court on June 5, 2024, to the Clerk's Office for filing immediately upon the filing of this Order.

Because Dr. Garrett's Motion to Seal has been denied, the exhibits at issue in Dr. Garrett's Motion to Seal will not be considered when this Court rules upon Dr. Garrett's Motion for Summary Judgment.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 24, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

JOSHUA SPRIESTERBACH VS. STATE OF HAWAII, ET AL; CV 21-00456 LEK-RT; ORDER:  GRANTING DEFENDANT CITY AND COUNTY OF HONOLULU'S MOTIONS TO SEAL, AS AMENDED BY THE CITY'S JUNE 5, 2024 SUBMISSIONS; DENYING DEFENDANT ALLISON GARRETT, M.D.'S MOTION TO SEAL CONFIDENTIAL EXHIBITS; AND DENYING PLAINTIFF'S JOINDER

16