UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSHUA SPRIESTERSBACH,<br><br>            Plaintiff,<br><br>     vs.<br><br>STATE OF HAWAII,  CITY AND COUNTY OF HONOLULU, OFFICER ABRAHAM K. BRUHN,  DEPARTMENT OF PUBLIC SAFETY,  OFFICE OF THE PUBLIC DEFENDER, NIETZSCHE LYNN TOLAN, MICHELLE MURAOKA, LESLIE MALOIAN, JACQUELINE ESSER, JASON BAKER, MERLINDA GARMA, SETH PATEK, DR. JOHN COMPTON, DR. MELISSA VARGO, DR. SHARON TISZA, HAWAII STATE HOSPITAL, DR. ALLISON GARRETT,  JOHN/JANE DOES 1-20,<br><br>            Defendants. | CIV. NO. 21-00456 LEK-RT |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE EXHIBITS 4-13 UNDER SEAL AND TO FILE EXHIBITS 4-13 PUBLICLY WITH REDACTIONS**

Before the Court is Plaintiff Joshua Spriestersbach's ("Spriestersbach" or "Plaintiff") Motion for Leave to File Exhibits 4-13 Under Seal and to File Exhibits 4-13 Publicly with Redactions ("Motion to Seal"), filed on June 24, 2024. [Dkt. no. 490.] On June 28, 2024, Spriestersbach submitted to this Court the versions of the exhibits that he proposes to file under seal ("6/28 Submission"). On July 5, 2024, Spriestersbach submitted the proposed redactions that would be filed publicly

("7/5 Submission"). The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Spriestersbach's Motion to Seal is hereby granted in part and denied in part for the reasons set forth below. The Motion to Seal is granted insofar as Spriestersbach is permitted to file personal identifying information under seal, and the Motion to Seal is denied in all other respects.

## BACKGROUND

Defendant Allison Garrett, M.D. ("Dr. Garrett") filed her Motion for Summary Judgment on May 29, 2024. [Dkt. no. 459.] The exhibits at issue in Spriestersbach's Motion to Seal are exhibits that he relies upon to support his opposition to Dr. Garrett's Motion for Summary Judgment. See generally Plaintiff's Concise Statement of Facts in Support of His Opposition to Defendant Garrett's Motion for Summary Judgment ("Plaintiff's CSOF"), filed 6/24/24 (dkt. no. 488) (containing various citations to Exhibits 4 to 13).

The instant Motion to Seal addresses the following exhibits:

-Exhibit 4, Spriestersbach's treatment records provided by Defendant Hawaii State Hospital ("HSH");

-Exhibit 5, HSH records, including correspondence, policies and a master recovery plan for Thomas Castleberry;

-Exhibit 6, Dr. Garrett's weekly psychiatric progress notes;

-Exhibit 7, the report of Spriestersbach's expert witness, Paul S. Applebaum, M.D., dated February 12, 2024;

-Exhibit 8, the rebuttal report by Dr. Applebaum, dated May 23, 2024;

-Exhibit 9, the arrest warrant and incident report for Thomas R. Castleberry;

-Exhibit 10, Spriestersbach's identity documents produced by HSH;

-Exhibit 11, the report of court-appointed expert, Renée Sorrentino, M.D., dated September 14, 2023;

-Exhibit 12, the letters provided by the panelists that the state court appointed to evaluate Spriestersbach's fitness to proceed; and

-Exhibit 13, a letter by one of the panel examiners that was assigned a different bates stamp designation than the version included in Exhibit 12.

See Motion to Seal at 4-6.

## DISCUSSION

At the outset, this Court notes that, although Spriestersbach filed the Motion to Seal on June 24, 2024, he did not submit the proposed sealed exhibits until June 28, 2024, and he did not submit the proposed redacted exhibits until July 5, 2024. Such a delay is unacceptable. This Court cannot consider the merits of a motion to seal without the proposed redacted and unredacted exhibits. The parties are therefore CAUTIONED that, upon filing a motion to seal, the proposed redacted and unredacted exhibits must be submitted within twenty-four hours

3

of the filing of the motion to seal. Failure to do so may result in the summary denial of the motion to seal and the exclusion of the exhibits from the record of the underlying motion or proceeding.

The general legal standards applicable to Spriestersbach's Motion to Seal are the same as those set forth in the Order: Granting Defendant City and County of Honolulu's Motions to Seal, as Amended by the City's June 5, 2024 Submissions; Denying Defendant Allison Garrett, M.D.'S Motion to Seal Confidential Exhibits; and Denying Plaintiff's Joinder, filed on June 24, 2024 ("6/24/24 Order"), [dkt. no. 484,] and they will not be repeated here.

This Court has previously granted a motion to seal materials submitted in support of a motion to dismiss

> to the extent that personal identifying information (including but not limited to Spriestersbach's or Thomas Castleberry's date of birth, social security number, personal telephone number, personal mailing address, and mother's maiden name) may be redacted and the exhibits filed in redacted form, and any medical information that goes beyond the claims made in this litigation may be redacted and the exhibits filed in redacted form. Social security numbers and personal telephone numbers shall be redacted, except for the last four digits. Personal addresses shall be redacted, except for the street name and city.
>
> If the redacted personal identifying information is relevant to the issues presented in the Motion to Dismiss, unredacted versions of the exhibits shall be filed under seal. . . .

4

[Minute Order – EO: Court Order Granting in Part and Denying in Part the PD Defendants' Motion to Seal, filed 4/18/24 (dkt. no. 384), at PageID.4887.]

Spriestersbach has redacted his personal identifying information and that of Thomas Castleberry. Their personal identifying information is relevant to the claims and defenses in this case. However, motions to seal are

> routinely grant[ed] . . . where "court files might . . . become a vehicle for improper purposes." Kamakana [v. City & Cnty. of Honolulu], 447 F.3d [1172,] 1179 [(9th Cir. 2006)] (internal quotations omitted). Documents that "may impede Plaintiff's 'ability to identify and combat future instances of fraud'" may be sealed. Activision Publishing, Inc. v. EngineOwning UG, 2023 WL 2347134, at *2 (C.D. Cal. Feb. 27, 2023) (quoting Soria v. U.S. Bank N.A., 2019 WL 8167925, at *4 (C.D. Cal. Apr. 25, 2019)).

Clark v. InComm Fin. Servs., Inc., Case No. EDCV 22-1839 JGB(SHKx), 2024 WL 1600631, at *3 (C.D. Cal. Mar. 13, 2024) (some alterations in Clark). This Court finds that there are compelling reasons that outweigh the public's interest in accessing judicial records. Spriestersbach's Motion to Seal is therefore granted as to Spriestersbach's and Thomas Castleberry's personal identifying information. That information may be redacted from the publicly filed exhibits and unredacted versions of the exhibits may be filed under seal.

However, Spriestersbach also proposes to redact what appears to be **business** contact information, such as that of Dr. Applebaum and HSH personnel. The compelling reasons that exist to seal personal addresses, personal telephone numbers, and other personal information do not apply to business addresses, telephone numbers, and similar information. This Court finds that compelling reasons do not exist and therefore denies Spriestersbach's Motion to Seal as to business addresses, telephone numbers, and similar information.

This Court has also reviewed the other information that Spriestersbach proposes to file under seal, including: Dr. Applebaum's hourly rate; information about specific medications administered to Spriestersbach; and descriptions on indications that Spriestersbach was decompensating, such as his fixation on dueling perceived enemies. All of these are relevant to Spriestersbach's claims, the potential defenses, and to the damages that Spriestersbach seeks in this case. For example, the material is relevant to: Spriestersbach's state of mind during the relevant events; his ability, or lack of an ability, to communicate with police officers, his public defenders, and personnel at HSH; and how much he understood during the periods when he was a patient at HSH. As noted in the 6/24/24 Order, Spriestersbach has put his physical and mental health at issue in this case. See 6/24/24 Order, 2024 WL 3164698, at *3 (some

citations omitted) (citing Second Amended Complaint, filed 3/29/24 (dkt. no. 362), at ¶ 330 (alleging Dr. Garrett and other defendants "ignored [Spriestersbach] claims and determined him to be delusional and decompensating, and recommended more medication be administered to [Spriestersbach] against his will")). Spriestersbach cannot expect confidentiality regarding his health information that is relevant to his claims. See id.

As noted in the 6/24/24 Order, it is incumbent upon the party filing the motion to seal to include only those records that the party seeks to rely upon in presenting its position, and the party should not be filing records on a wholesale basis and then expecting this Court to separate the wheat from the chaff. See id. at *4. This Court therefore assumes Spriestersbach's position is that Exhibits 4 through 13, including the portions he proposes to file under seal, are all relevant to his arguments in opposition to Dr. Garrett's Motion for Summary Judgment. In light of the exhibits' relevance to the issues presented in Dr. Garrett's Motion for Summary Judgment and their relevance to the claims and defenses in this case as a whole, this Court finds that there are no compelling reasons to seal the materials that Spriestersbach proposes to file under seal, except for Spriestersbach's and Thomas Castleberry's personal identifying information, discussed *supra*.

7

      Spriestersbach's Motion to Seal is therefore granted as to the request to seal Spriestersbach's and Thomas Castleberry's personal identifying information, and the Motion to Seal is denied in all other respects. Spriestersbach is ordered to resubmit the redacted and unredacted versions of Exhibits 4 through 13 to kobayashi_orders@hid.uscourts.gov by **July 22, 2024.** Only Spriestersbach's and Thomas Castleberry's personal identifying information may be filed under seal. To the extent that there are portions of Exhibits 4 through 13 that Spriestersbach no longer wishes to rely upon, those portions of the exhibits should be omitted from both the redacted and the unredacted versions.

      Spriestersbach is also ordered to file a statement:

- confirming that Exhibits 4 through 13 have been redacted in accordance with this Order; and

- describing any changes Spriestersbach makes to Exhibits 4 through 13, such as the omission of materials Spriestersbach no longer wishes to consider.

If a sealed version of any of Exhibits 4 through 13 is not necessary, Spriestersbach's statement shall identify the exhibit(s). For example, the version of Exhibit 9 in the 6/28 Submission and the version of Exhibit 9 in the 7/5 Submission appear to be identical. If they are in fact identical, the submitted version of Exhibit 9 would be publicly filed, and no

unredacted version would be filed under seal. Spriestersbach's statement must be filed by **July 22, 2024.**

Spriestersbach is CAUTIONED that, if he fails to comply with the terms of this Order, this Court will not consider Exhibits 4 through 13 in ruling on Dr. Garrett's Motion for Summary Judgment.

## CONCLUSION

For the foregoing reasons, Spriestersbach's Motion for Leave to File Exhibits 4-13 Under Seal and to File Exhibits 4-13 Publicly with Redactions, filed June 24, 2024, is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion to Seal is GRANTED as to Spriestersbach's and Thomas Castleberry's personal identifying information and DENIED in all other respects.

Spriestersbach is ORDERED to resubmit redacted versions of Exhibits 4 through 13 and, where necessary, unredacted versions to this Court for review by **July 22, 2024.** Spriestersbach is also ORDERED to file the statement described in this Order by **July 22, 2024.**

The hearing on Dr. Garrett's Motion for Summary Judgment will proceed as scheduled on **July 15, 2024, at 2:45 p.m.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 15, 2024.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JOSHUA SPRIESTERBACH VS. STATE OF HAWAII, ET AL; CV 21-00456 LEK-RT; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE EXHIBITS 4-13 UNDER SEAL AND TO FILE EXHIBITS 4-13 PUBLICLY WITH REDACTIONS**