DANA M. O. VIOLA          6095
Corporation Counsel

RICHARD D. LEWALLEN    7092
ROBERT M. KOHN        6291
PAUL S. AOKI             1286
Deputies Corporation Counsel
City and County of Honolulu
530 S. King Street, Room 110
Honolulu, Hawai'i 96813
Telephone: (808) 768-5242, 5129, 5132
Facsimile: (808) 768-5105
Email: rlewallen@honolulu.gov, robert.kohn@honolulu.gov, paoki@honolulu.gov

Attorneys for Defendant
CITY AND COUNTY OF HONOLULU

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| JOSHUA SPRIESTERSBACH,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAI'I, CITY AND COUNTY OF HONOLULU, OFFICER ABRAHAM K. BRUHN, DEPARTMENT OF PUBLIC SAFETY, OFFICE OF THE PUBLIC DEFENDER, NIETZSCHE LYNN TOLAN, MICHELLE MURAOKA, LESLIE MALOIAN, JACQUELINE ESSER, JASON BAKER, MERLINDA GARMA, SETH PATEK, DR. JOHN COMPTON, DR. MELISSA VARGO, DR. SHARON TISZA, HAWAI'I STATE HOSPITAL, DR. ALLISON GARRETT, and JOHN/JANE DOES 1-20,<br><br>Defendants. | CIVIL NO. CV21-00456 LEK/RT<br><br>DEFENDANT CITY AND COUNTY OF HONOLULU'S RESPONSES TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CITY AND COUNTY OF HONOLULU<br><br>[Bates-stamped Document Nos. C001859 – C002023]<br><br>Trial Date: August 26, 2024 |

## DEFENDANT CITY AND COUNTY OF HONOLULU'S RESPONSES TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CITY AND COUNTY OF HONOLULU

Defendant CITY AND COUNTY OF HONOLULU ("City") responds to Plaintiff's Third Request for Production of Documents October 18, 2023, as follows:

### GENERAL OBJECTIONS

The City hereby objects to certain of these document requests propounded herein, having stated the basis for the objection after each such request.

1. The City objects to each request for production of documents to the extent that it requests the production of documents that are immaterial and irrelevant to the subject matter of this action.

2. The City objects to Plaintiff's definitions and instructions to the extent they attempt to impose obligations which exceed the requirements of the Federal Rules of Civil Procedure and other applicable law.

3. The City objects to each request for production of documents to the extent that it requests the production of documents that are within the attorney-client privilege.

4. The City objects to each request for production of documents to the extent that it requests the production of documents that are not discoverable by reason of being attorney's work product.

2

5. The City objects to each request for production of documents to the extent that it is unreasonably burdensome, oppressive, or vexatious, in that the information so acquired would be of little or no relevance to the issues raised in this case, and/or would place an unreasonable and oppressive burden on it in expenditure of time and money.

6. The City objects to those document requests that are so broad, uncertain, and unintelligible that it cannot determine the nature of the documents sought, and to which it is, therefore, unable to respond.

7. The City objects to each request for production of documents to the extent that it requests the production of documents that are easily available to Plaintiff's as to itself.

8. The City objects to each request for production of documents to the extent that it requests the production of documents that do not appear reasonably calculated to lead to the discovery of admissible evidence.

9. The City objects to those requests for production of documents that seek the production of documents for which the required good cause or substantial need, as dictated by applicable statutes, court rules and case law, has not been shown.

10. Discovery, investigation, and trial preparation have not been completed. Any and all production of documents are based only on information

and documents available to City at the time that these responses and objections were prepared.

Without waiving said objections, the City responds to Plaintiff's Third Request for Production to the City as follows.

**OBJECTING ATTORNEY'S SIGNATURE PURSUANT TO RULE 34(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

The City hereby objects to certain production requests propounded herein, having stated the basis for the objection after each such request.

DATED: Honolulu, Hawai'i, November 17, 2023.

> DANA M. O. VIOLA
> Corporation Counsel
>
> By: /s/ Robert M. Kohn
>     PAUL S. AOKI
>     RICHARD D. LEWALLEN
>     ROBERT M. KOHN
>     Deputies Corporation Counsel
>
>     Attorneys for Defendant
>     CITY AND COUNTY OF HONOLULU

## REQUESTS TO PRODUCE

1.  All documents described, referred to, relied upon or relating to any response to the Third Set of Interrogatories.

    Objection:

    The City objects to this request on the grounds that it is overbroad, compound, unduly burdensome and vexatious and oppressive, amorphous, omnibus, improperly cross-references and incorporates and engulfs an entire set of interrogatories, is not narrowly tailored or proportional to the discovery needs of this case, is not reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous as to "described, referred to, relied upon ore relating to." The City further objects to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine.

    ROBERT M. KOHN
    Deputy Corporation Counsel

    Without waiving said objections and the General Objections, and subject to them, and to the extent The City understands the question, the City responds as follows:

    Response:

    The City is unable to understand and respond to this request as written, for the reasons stated in the objections and General Objections above.

    Discovery and investigation are ongoing. The City reserves the right to supplement its response to this Request at a later time.

2.  For the period 1/1/ 2012 – 1/1/22, all documents related to efforts to correct the misidentification of any suspect who was not properly identified when arrested.

    Objection:

    The City objects to this request on the grounds that it is overbroad,

1

compound, unduly burdensome and vexatious and oppressive, is not narrowly tailored or proportional to the discovery needs of this case, is not reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous as to "related to efforts," "misidentification," and "properly identified." The City further objects to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. The City also objects that the request is duplicative as to Joshua Spriestersbach because any responsive documents are jointly in the possession of Plaintiff's counsel and the City's counsel as a result of the City's voluntary settlement and expungement proceedings involving both counsel under the aegis of the magistrate judge.

ROBERT M. KOHN
Deputy Corporation Counsel

Without waiving said objections and the General Objections, and subject to them, and to the extent The City understands the question, the City responds as follows:

Response:

The City is unable to understand and respond to this request as written, for the reasons stated in the objections and General Objections above. To the extent there are documents relating to Joshua Spriestersbach, such documents are already in the possession of Plaintiff's counsel.

Discovery and investigation are ongoing. The City reserves the right to supplement its response to this Request at a later time.

3. Personnel file of the person who served as officer in charge of the receiving desk on May 11, 2017, when Joshua was arrested.

Objection:

The City objects to this request on the grounds that it invades the person's right to privacy, is vexatious and oppressive, is not narrowly tailored or proportional to the discovery needs of this case, is not reasonably calculated

2

to lead to the discovery of admissible evidence, and is vague and ambiguous as to "person who served as officer in charge of the receiving desk."

_____
ROBERT M. KOHN
Deputy Corporation Counsel

Without waiving said objections and the General Objections, and subject to them, and to the extent The City understands the question, the City responds as follows:

Response:

See Bates-stamped Document Nos. C001859 – C002023, marked as CONFIDENTIAL pursuant to the stipulated protective order.

Discovery and investigation are ongoing. The City reserves the right to supplement its response to this Request at a later time.

4. All manuals, instructions, or other guides to adding data, using data, correcting data or otherwise utilizing the digital notebook referred to by Abraham Bruhn in his deposition.

Objection:

The City objects to this request on the grounds that it is not narrowly tailored or proportional to the discovery needs of this case, is not reasonably calculated to lead to the discovery of admissible evidence, and is vague and ambiguous as to "instructions, or other guides," and "adding data, using data, correcting data or otherwise utilizing."

_____
ROBERT M. KOHN
Deputy Corporation Counsel

Without waiving said objections and the General Objections, and subject to them, and to the extent The City understands the question, the City responds

3

as follows:

Response:

The City has no documents responsive to this request.

Discovery and investigation are ongoing. The City reserves the right to supplement its response to this Request at a later time.

5. All entries in the digital notebook at any time referring to or relating to Joshua Spriestersbach, William Castleberry, Thomas R. Castleberry, Thomas C. Castleberry, Wolfgang Castleberry and William C. Castleberry.

Objection:

The City objects to this request on the grounds that it is duplicative to the extent it seeks documents that have already been produced to Plaintiff's counsel, and is vague and ambiguous as to "at any time," and "referring to or relating to."

ROBERT M. KOHN
Deputy Corporation Counsel

Without waiving said objections and the General Objections, and subject to them, and to the extent The City understands the question, the City responds as follows:

Response:

See deposition transcript of Abraham Bruhn and exhibits. The City has no other documents responsive to this request.

Discovery and investigation are ongoing. The City reserves the right to supplement its response to this Request at a later time.

4