IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JOSHUA SPRIESTERSBACH,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAIʻI, CITY AND COUNTY OF HONOLULU, DEPARTMENT OF PUBLIC SAFETY, OFFICE OF THE PUBLIC DEFENDER, NIETZSCHE LYNN TOLAN, MICHELLE MURAOKA, LESLEY MALOIAN, JASON BAKER, SETH PATEK, DR. JOHN COMPTON, DR. MELISSA VARGO, DR. SHARON TISZA, HAWAIʻI STATE HOSPITAL, DR. ALLISON GARRETT, and JOHN/JANE DOES 1-20,<br><br>Defendants. | CIVIL NO. CV21-00456 LEK/RT<br><br>DECLARATION OF GLEN NAKAMA |

## DECLARATION OF GLEN NAKAMA

I, GLEN NAKAMA, declare as follows:

1. I have personal knowledge of and am competent to make this declaration concerning the matters set forth below.

2. I am a retired police officer of the Honolulu Police Department (HPD). I began my service with HPD in 1988, when I received my initial training at HPD's training academy, and I received annual recall training every year until I retired in 2020. I was trained on HPD Policy 7.01 (Arrests and Arrested Persons).

3. I served as a lieutenant in HPD's Central Receiving Division (CRD) from 2011 until 2020.

4. Pursuant to my training and knowledge as a CRD lieutenant, if a patrol officer brought a suspect to CRD, a determination would be made whether or not to approve the arrest. This determination was based on available information such as any physical identification that the suspect presented, any verbal representations that the suspect made, the suspect's mugshot and fingerprints, the State of Hawaii's Criminal Inquiry Justice System database (CJIS), HPD's Case Report System database (CRS) that contained records of prior arrests, and the warrants database on HPD's mainframe computer.

5. ==I was not familiar with the digital notebook and never used it during the time I served in CRD.==

I, GLEN NAKAMA, state under penalty of perjury that the foregoing is true and correct.

DATED: Honolulu, Hawaii, _____MAY 1 7 2024_____.

_____
GLEN NAKAMA

2