DANA M. O. VIOLA      6095
Corporation Counsel

RICHARD D. LEWALLEN      7092
ROBERT M. KOHN      6291
PAUL S. AOKI      1286
Deputies Corporation Counsel
City and County of Honolulu
530 S. King Street, Room 110
Honolulu, Hawaiʻi  96813
Telephone:  (808) 768-5242, 5129, 5132
Facsimile:  (808) 768-5105
Email: rlewallen@honolulu.gov, robert.kohn@honolulu.gov, paoki@honolulu.gov

Attorneys for Defendant
CITY AND COUNTY OF HONOLULU

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JOSHUA SPRIESTERSBACH,<br><br>        Plaintiff,<br><br>  vs.<br><br>STATE OF HAWAIʻI, CITY AND COUNTY OF HONOLULU, OFFICER ABRAHAM K. BRUHN, DEPARTMENT OF PUBLIC SAFETY, OFFICE OF THE PUBLIC DEFENDER, NIETZSCHE LYNN TOLAN, MICHELLE MURAOKA, LESLIE MALOIAN, JACQUELINE ESSER, JASON BAKER, MERLINDA GARMA, SETH PATEK, DR. JOHN COMPTON, DR. MELISSA VARGO, DR. SHARON TISZA, HAWAIʻI STATE HOSPITAL, DR. ALLISON GARRETT, and JOHN/JANE DOES 1-20,<br><br>        Defendants. | CIVIL NO. CV21-00456 LEK/RT<br><br>DEFENDANT CITY AND COUNTY OF HONOLULU'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT CITY OF HONOLULU<br><br><br><br><br><br><br><br><br><br><br><br>Trial Date: August 26, 2024 |

EXHIBIT
31

DEFENDANT CITY AND COUNTY OF HONOLULU'S RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSION TO DEFENDANT CITY OF HONOLULU

Defendant CITY AND COUNTY OF HONOLULU ("City") responds to Plaintiff's Requests for Admission to Defendant City of Honolulu, dated October 23, 2023, as follows:

## GENERAL OBJECTIONS

1. The City objects as Plaintiff failed to provide any definitions.

2. The City objects to the Request for Admissions to the extent that they ask for the disclosure of privileged communications, information that is protected work product, and information concerning documents and tangible things prepared in anticipation of litigation or trial, and asks for legal conclusions.

3. Without waiving said objections, and subject to other specific objections, a good faith effort to respond is made.

4. Discovery, investigation, and trial preparation have not been completed. Any and all responses are based only on information and documents available to the City at the time that its responses and objections were prepared.

5. The City objects to Plaintiff's Request for Admissions which seek any and all matters not relevant or proportional to the needs of the case.

6. All specific responses and objections are made without waiving any of the general responses and objections.

7. The City does not concede that any of its responses will be admissible evidence at trial. Further, the City does not waive any objections, whether or not stated herein, to use such answers at trial.

### OBJECTING ATTORNEY'S SIGNATURE PURSUANT TO RULES 36(a)(5) OF THE FEDERAL RULES OF CIVIL PROCEDURE

The undersigned objects to certain requests for admission propounded herein, having stated the basis for the objection after each such request.

DATED: Honolulu, Hawaiʻi, November 22, 2023.

> DANA M. O. VIOLA
> Corporation Counsel
>
> By: /s/ Robert M. Kohn
>     PAUL S. AOKI
>     RICHARD D. LEWALLEN
>     ROBERT M. KOHN
>     Deputies Corporation Counsel
>
>     Attorneys for Defendant
>     CITY AND COUNTY OF HONOLULU

REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION 1**: Admit that Mr. Joshua C. Spriestersbach was arrested by officers employed by the Honolulu Police Department (HPD) on May 11, 2017 under HPD report number 17-174648 (C000220 attached).

Response:

The City objects to this request because the phrases "arrested by officers" and "under HPD report" are vague and ambiguous. Without waiving said objections and the General Objections above, the City denies that he was arrested by "officers," but admits that he was arrested by an officer.

**REQUEST FOR ADMISSION 2**: Admit that the basis for the arrest of Mr. Spriestersbach on 5/11/17 was a bench warrant issued by Judge M. Wilson for Thomas R. Castleberry (warrant #400443, Depo Ex 2, p. 2, C000214 attached)("the 2009 bench warrant").

Response:

The City objects to this request because the phrase "basis for the arrest" is vague and ambiguous. Without waiving said objections and the General Objections above, the City admits the request.

**REQUEST FOR ADMISSION 3**: Admit in making the arrest on 5/11/17 HPD officer Abraham Bruhn relied in part on warrant pages in a digital notebook created and maintained by the City of Honolulu and those warrant pages indicated that there was an open warrant for Thomas R. Castleberry.

Response:

The City objects to this request because the phrase "relied in part" is vague and ambiguous. Without waiving said objections and the General Objections above, the City admits the request.

1

**REQUEST FOR ADMISSION 4**:  Admit that in May 2017 it was a custom and practice of the HPD for officers to rely in part on the digital notebook when deciding whether to arrest people on bench warrants.  Officers were also trained by the City to rely in part on the information and photos in the digital notebook.

Response:

The City objects to this request because it is compound and argumentative and speculative, and the phrases "custom and practice" and "rely in part" and "when deciding whether" and "information" are vague and ambiguous. Without waiving said objections and the General Objections above, the City denies the request.

**REQUEST FOR ADMISSION 5**: Admit Bruhn Depo Exhibit #1 (attached) is a copy of the page from the digital notebook that officer Bruhn reviewed before making the arrest of Joshua Spriestersbach on 5/11/17.

Response:

The City objects to this request because the phrase "reviewed before" is vague and ambiguous. Without waiving said objections and the General Objections above, the City admits the request.

**REQUEST FOR ADMISSION 6**: Admit that Bruhn Depo Exhibit #1 (attached) lists the name and personal information belonging to Thomas R. Castleberry but lists the photo of Joshua Spriestersbach and not the photo of Thomas R. Castleberry.

Response:

The City objects to this request because the phrases "lists" and "personal information belonging" are vague and ambiguous. Without waiving said objections and the General Objections above, the City admits the request.

**REQUEST FOR ADMISSION 7**: Admit that Officer Bruhn relied in part on a copy of Depo Ex #1(attached) in deciding to take Joshua Spriestersbach into physical custody on the 2009 bench warrant for Thomas R. Castleberry on 5/11/17.

Response:

The City objects to this request because the phrase "relied in part" is vague and ambiguous. The City also objects to the extent it implies that Officer Bruhn "relied in part" on a copy of document that was made an exhibit to a deposition that took place after 5/11/17. Without waiving said objections and the General Objections above, the City admits the request.

**REQUEST FOR ADMISSION 8**: Admit that on May 11, 2017, Officer Bruhn presented Mr. Spriestersbach to the officer in charge of the receiving desk.

Response:

The City objects to this request because the phrases "presented" and "officer in charge of the receiving desk" are vague and ambiguous. Without waiving said objections and the General Objections above, the City denies the request.

**REQUEST FOR ADMISSION 9**: Admit that on May 11, 2017, the officer in charge of receiving desk was responsible for ensuring the person taken into custody on the 2009 bench warrant for Thomas R Castleberry was in fact the person wanted on that bench warrant.

Response:

The City objects to this request because the phrases "officer in charge of receiving desk" and "responsible for ensuring" and "was in fact" are vague and ambiguous. Without waiving said objections and the General Objections above, the City admits the request.

3

**REQUEST FOR ADMISSION 10**:  Admit that on May 11, 2017, the officer in charge of the receiving desk had authority to detain suspects without further internal HPD review until their transfer from HPD custody or release by a court.

Response:

The City objects to this request because the phrases "officer in charge of receiving desk" and "had authority" and "without further internal HPD review" are vague and ambiguous. Without waiving said objections and the General Objections above, the City denies that said person always had sole or unfettered "authority to detain suspects without further internal HPD review," but admits that said person sometimes had such authority.

**REQUEST FOR ADMISSION 11**:  Admit that in May 2017, decisions of the officer in charge of the receiving desk regarding the identity of a person arrested were not subject to further internal review within the HPD and the person was then detained until the person was transferred from HPD police custody or released by court order.

Response:

The City objects to this request because it is compound, and the phrases "decisions," and "officer in charge of receiving desk" and "regarding the identity" and "subject to further internal HPD review" are vague and ambiguous. Without waiving said objections and the General Objections above, the City denies the request to the extent it implies that decisions were never "subject to further review," but admits that sometimes they were not "subject to further review."

**REQUEST FOR ADMISSION 12**:  Admit that on May 11, 2017, when Joshua Spriestersbach's arrest was reviewed by the officer in charge of the receiving desk, the person serving as officer in charge of the receiving desk was Lt. D. Kon/447450.

Response:

The City objects to this request because the phrases "reviewed" and "officer in charge of receiving desk" and "person serving as officer in charge of the receiving desk" and "Kon/447450" are vague and ambiguous. Without waiving said objections and the General Objections above, the City admits the request as to Lt. D. Kon.

4

**REQUEST FOR ADMISSION 13**: Admit that on May 11, 2017, when Joshua Spriestersbach's arrest was reviewed by the officer in charge of the receiving desk, the person serving as officer in charge of the receiving desk was Lt. D. Chang.

Response:

The City objects to this request because the phrases "reviewed" and "officer in charge of receiving desk" and "person serving as officer in charge of the receiving desk" are vague and ambiguous. Without waiving said objections and the General Objections above, the City denies the request.

**REQUEST FOR ADMISSION 14**: Admit that on May 11, 2017, Joshua Spriestersbach's mugshot and fingerprints were both taken while he was in HPD custody.

Response:

The City objects to this request because it is compound and the phrases "mugshot" and "were both taken" are vague and ambiguous. Without waiving said objections and the General Objections above, the City admits the request.

**REQUEST FOR ADMISSION 15**: Admit that on May 11, 2017, the mugshot revealed that the person in custody was Joshua Spriestersbach and not Thomas R. Castleberry, the person wanted on the 2009 bench warrant.

Response:

The City objects to this request because the phrase "mugshot revealed" is vague and ambiguous. Without waiving said objections and the General Objections above, the City denies the request to the extent that it implies that Joshua Spriestersbach and Thomas R. Castleberry were not associated and implies that Joshua Spriestersbach did not use Thomas R. Castleberry as an alias, but admits that the "mugshot" was of Joshua Spriestersbach.

**REQUEST FOR ADMISSION 16**: Admit that on May 11, 2017, the fingerprint analysis revealed that the person in custody was Joshua Spriestersbach and not Thomas R. Castleberry, the person wanted on the 2009 bench warrant.

Response:

The City objects to this request because the phrase "fingerprint analysis revealed" is vague and ambiguous. Without waiving said objections and the General Objections above, the City denies the request that the fingerprint analysis revealed such on May 11, 2017, and denies the request to the extent it implies that Joshua Spriestersbach did not use Thomas R. Castleberry as an alias, but admits that the analysis revealed such on a later date.

**REQUEST FOR ADMISSION 17**: Admit that since May 11, 2017, the record of the mugshot and the record of the fingerprints relating to Joshua Spriestersbach's booking on May 11, 2017, have been destroyed.

Response:

The City objects to this request because it is compound and argumentative, and the phrases "record of the mugshot" and "record of the fingerprints" and "destroyed" are vague and ambiguous. Without waiving said objections and the General Objections above, the City denies the request to the extent that it implies unilateral HPD action, rather than a process of disassociation voluntarily undertaken by counsel for Plaintiff and the City under the aegis of the magistrate judge and as part of a settlement process, but the City admits that the record has been expunged and the "mugshot" and fingerprints were removed during that disassociation and settlement process.

**REQUEST FOR ADMISSION 18**: Admit that in 2017 HPD had an internal Case Reporting System ("CRS") that is a self-contained electronic informational database that accesses data from HPD criminal investigative reports. (Doc. 50-2, Page ID #371 attached).

Response:

The City objects to this request because it is compound and the phrases "internal" and "self-contained electronic informational database" and "accesses data" are vague and ambiguous. Without waiving said objections and the General Objections above, the City admits that HPD had CRS in 2017.

**REQUEST FOR ADMISSION 19**: Admit that once HPD's criminal investigation is concluded, HPD does not have a policy allowing alterations to closed police reports. (Doc. 50-2, Page ID #372 attached)

Response:

The City objects to this request because the phrases "concluded" and "policy allowing alterations" and "closed police reports" are vague and ambiguous. Without waiving said objections and the General Objections above, the City denies the request to the extent that it implies that addendums and corrections and clarifications and additional information cannot be added to "closed police reports," but admits that the statements and declarations in "closed police reports" cannot be altered.

**REQUEST FOR ADMISSION 20**: Admit that Joshua Spriestersbach's date of birth is ▮▮/71 and his Hawaii state ID# is A6017796.

Response:

The City objects to this request because it is compound, lacks foundation, and calls for speculation. The City is unable to verify with certitude that Joshua Spriestersbach was born on that date. Without waiving said objections and the General Objections above, the City admits that its records indicate the stated date of birth and Hawai'i state ID number.

**REQUEST FOR ADMISSION 21**: Admit that Joshua Spriestersbach's Social Security Number is ▮▮▮-▮▮-4632.

Response:

The City objects to this request because it is compound, lacks foundation, and calls for speculation. The City is unable to verify with certitude his social security number. Without waiving said objections and the General Objections above, the City admits that its records indicate the stated social security number.

**REQUEST FOR ADMISSION 22**: Admit that Thomas R. Castleberry's date of birth is ▇▇/71; his Hawaii state ID # is A1077743; and his Social Security Number is ▇▇▇▇▇8007.

Response:

The City objects to this request because it is compound, lacks foundation, and calls for speculation. The City is unable to verify with certitude his date of birth and social security number. Without waiving said objections and the General Objections above, the City admits that CRS records indicate the stated date of birth and social security number, but CRS records do not indicate Hawaiʻi state ID number A1077743.

**REQUEST FOR ADMISSION 23**: Admit that the CRS includes an arrest report, #10-264830 (C000190 attached), that lists the defendant state ID no. in box 1 as A6017796 belonging to Joshua Spriestersbach but lists the Defendant's name (box 4) as Castleberry, Thomas R along with the birth date of ▇▇/71 belonging to Thomas Castleberry (box 8). There is also a Social Security number listed (box 14) belonging to Thomas R. Castleberry. Box 39 on the report states how arrested "BENCH WARRANT."

Response:

The City objects to this request because it is compound, lacks foundation, and calls for speculation. The City also objects that the arrest report speaks for itself. Without waiving said objections and the General Objections above, the City admits that a review of the report in CRS records indicates the name to be Thomas R. Castleberry, the state ID number to be A6017796, the date of birth to be ▇▇▇▇ 1971, the social security number to be ▇▇▇▇8000, 39: how arrested: Bench Warrant.

//

//

8

**REQUEST FOR ADMISSION 24**: Admit that the CRS includes an arrest report, #11-373552 (C000572-574 attached), that lists the state ID no. as A6017796 belonging to Joshua Spriestersbach but lists the "persons involved" as Castleberry, William C and under "Names" lists both Castleberry, Thomas and Castleberry, William C. The report states the arrest reason was for "BENCH WARRANT."

Response:

The City objects to this request because it is compound, lacks foundation, calls for speculation, and it speaks for itself. Without waiving said objections and the General Objections above, the City denies the request to the extent that it implies that the report was created in the CRS, rather than in the previous Records Management system, and to the extent it implies that the data in the report is easily searched by officers, but otherwise admits the request.

**REQUEST FOR ADMISSION 25**: Admit that the CRS includes an arrest report, #11-373548 (C000436-000438 attached), that lists two state ID nos.: (1) A6017796 belonging to Joshua Spriestersbach and (2) A1077743 belonging to Thomas Castleberry but lists the "persons involved" as Castleberry, William C. and under "Names" it lists both Castleberry, Thomas and Castleberry, William C.

Response:

The City objects to this request because it is compound, lacks foundation, calls for speculation, it speaks for itself. Without waiving said objections and the General Objections above, the City denies the request to the extent that it implies that the report was created in the CRS, rather than in the previous Records Management system, and to the extent it implies that the data in the report is easily searched by officers, but otherwise admits the request.

//

//

**REQUEST FOR ADMISSION 26**: Admit that the CRS includes an arrest report, #12-075948 (PSD 0264 attached), that lists the defendant state ID no. (box 1) as A1077743 belonging to Thomas R. Castleberry but lists the Defendant name (box 4) as Castleberry, William C. with a date of birth (box 8) belonging to Joshua Spriestersbach.

Response:

The City objects to this request because it is compound, lacks foundation, calls for speculation, it speaks for itself. Without waiving said objections and the General Objections above, the City denies the request to the extent that it implies that the report was created in the CRS, rather than in the previous Records Management system, and to the extent it implies that the data in the report is easily searched by officers. The City denies that the number typed in box 1 is A6017796 to the extent that it is crossed out with the handwritten word "wrong" to the left of it, while "A6017796 – Correct" are handwritten above box 1. The City admits that a review of the report indicates Defendant's name to be William C. Castleberry, date of birth to be ▮▮-71.

**REQUEST FOR ADMISSION 27**: Admit that the CRS includes an arrest report, #17-174648 (C000220 attached) that lists the defendant state ID no. as A6017796 and Social Security No. belonging to Joshua Spriestersbach and lists Castleberry, Thomas as an alias name with Thomas Castleberry's Social Security No. as an alias social security number.

Response:

The City objects to this request because it is compound, lacks foundation, calls for speculation, it speaks for itself. Without waiving said objections and the General Objections above, the City denies the request because CRS does not contain the report inasmuch as it was expunged and removed during the process of disassociation voluntarily undertaken by counsel for Plaintiff and the City under the aegis of the magistrate judge and as part of a settlement process.