ppUNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSHUA SPRIESTERSBACH,<br><br>        Plaintiff,<br><br>    vs.<br><br>STATE OF HAWAII, CITY AND COUNTY OF HONOLULU, OFFICER ABRAHAM K. BRUHN, DEPARTMENT OF PUBLIC SAFETY, OFFICE OF THE PUBLIC DEFENDER, NIETZSCHE LYNN TOLAN, MICHELLE MURAOKA, LESLIE MALOIAN, JACQUELINE ESSER, JASON BAKER, MERLINDA GARMA, SETH PATEK, DR. JOHN COMPTON, DR. MELISSA VARGO, DR. SHARON TISZA, HAWAII STATE HOSPITAL, DR. ALLISON GARRETT, JOHN/JANE DOES 1-20,<br><br>        Defendants. | CIV. NO. 21-00456 LEK-RT |

**ORDER GRANTING THE PD DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF JOSHUA SPRIESTERSBACH'S *THIRD AMENDED COMPLAINT* FILED ON AUGUST 19, 2024 AND ORDERING PLAINTIFF'S COUNSEL TO SHOW CAUSE WHY THEY SHOULD NOT BE SANCTIONED**

On August 30, 2024, Defendants Office of the Public Defender ("OPD"), Nietzsche Lynn Tolan, Michele Muraoka, Lesley Maloian, Jason Baker, and Seth Patek (collectively "PD Defendants") filed their Motion for Partial Dismissal of Plaintiff Joshua Spriestersbach's *Third Amended Complaint* Filed on August 19, 2024 ("Motion"). [Dkt. no. 558.] Plaintiff Joshua Spriestersbach ("Spriestersbach" or "Plaintiff") filed a statement of non-opposition to the Motion ("Response") on

September 3, 2024. [Dkt. no. 559.] This Court finds the Motion suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). The PD Defendants' Motion is hereby granted insofar as Spriestersbach's legal malpractice claim against OPD is stricken. Further, Spriestersbach's counsel are ordered to show cause why they should not be sanctioned for their willful violation of this Court's prior orders regarding the legal malpractice claim against OPD.

## BACKGROUND

Spriestersbach filed his original Complaint on November 21, 2021, and he filed his First Amended Complaint on October 18, 2023. [Dkt. nos. 1, 250.] Spriestersbach's legal malpractice claim against OPD was dismissed with prejudice in the instant case, but without prejudice to an attempt to assert the claim in state court. See Order Granting in Part and Denying in Part the PD Defendants' Motion to Dismiss Plaintiff Joshua Spriestersbach's *First Amended Complaint* Filed on October 18, 2023, filed 3/15/24 (dkt. no. 351) ("3/15/24 PD Defendants Order"), at 12.[1]

---

[1] The 3/15/24 PD Defendants Order is also available at 2024 WL 1142830.

On March 29, 2024, Spriestersbach filed his Second Amended Complaint. [Dkt. no. 362.] The Second Amended Complaint included a legal malpractice claim against all of the PD Defendants. See id. at ¶¶ 346-53. This Court struck the portion of the legal malpractice claim alleged against OPD, citing the 3/15/24 PD Defendants Order. See Minute Order - EO: Court Order Granting in Part and Denying in Part the PD Defendants' Motion to Dismiss Plaintiff Joshua Spriestersbach's *Second Amended Complaint* Filed on March 29, 2024, filed 4/22/24 (dkt. no. 388) ("4/22/24 EO"), at PageID.4946. The PD Defendants' motion for judgment on the pleadings or for summary judgment, [filed 5/28/24 (dkt. no. 455),] which addresses the Second Amended Complaint, remains pending before this Court and is not affected by the instant Order.

On July 19, 2024, Spriestersbach was granted leave to file a third amended complaint. See Order Granting in Part and Denying in Part the State Defendant's Motion to Dismiss or in the Alternative for Judgment on the Pleadings, filed 7/19/24 (dkt. no. 518) ("7/19/24 Order"), at 24.[2] Spriestersbach filed his Third Amended Complaint on August 19, 2024. [Dkt. no. 551.]

---

[2] The 7/19/24 Order is also available at 2024 WL 3488365.

Spriestersbach's Third Amended Complaint again alleges a legal malpractice claim against all of the PD Defendants.[3] See Third Amended Complaint at ¶¶ 347-54. In the instant Motion, the PD Defendants ask this Court to dismiss the Third Amended Complaint's legal malpractice claim against OPD because, in light of this Court's prior orders, that claim fails to state a claim upon which relief can be granted. See Motion, Mem. in Supp. at 8.

## DISCUSSION

It is undisputed that Spriestersbach's legal malpractice claim against OPD has been dismissed with prejudice in the instant case. See 3/15/24 PD Defendants Order, 2024 WL 1142830, at *5. Spriestersbach states the inclusion of that claim in the Third Amended Complaint was not intended to be a request for reconsideration of the dismissal.[4] See Response at 1.

---

[3] The 7/19/24 Order also permitted Spriestersbach to file a motion seeking an amendment of the scheduling order and seeking leave to file a fourth amended complaint. See 7/19/24 Order, 2024 WL 3488365, at *8. On July 29, 2024, Spriestersbach filed the motion permitted by the 7/19/24 Order ("Motion to Amend"). [Dkt. no. 531.] The Proposed Fourth Amended Complaint submitted with the Motion to Amend also includes a legal malpractice claim against all of the PD Defendants. See id., Exh. 2 (Proposed Fourth Amended Complaint) at ¶¶ 326-33.

[4] Even if Spriestersbach's inclusion of a legal malpractice claim against OPD in the Third Amended Complaint was an attempt to seek reconsideration of the dismissal of the claim, the attempt would be improper and untimely. A **motion** for reconsideration based on "[m]anifest error of law or fact" had to be filed within fourteen days after the 3/15/24 PD Defendants

(. . . continued)

4

This Court therefore grants the PD Defendants' Motion insofar as Spriestersbach's legal malpractice claim against OPD is stricken from the Third Amended Complaint.

Although the Motion does not request sanctions, this Court *sua sponte* considers whether an award of sanctions is warranted under the circumstances presented here.

> "Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Goodyear [Tire & Rubber Co. v. Haeger, 581 U.S. 101, 107], 137 S. Ct. [1178,] 1186 [(2017)] (quoting Link v. Wabash R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). "That authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" Id. (quoting Chambers [v. NASCO, Inc.], 501 U.S. [32,] 44-45, 111 S. Ct. 2123 [(1991)]). . . .

Am. Unites for Kids v. Rousseau, 985 F.3d 1075, 1088 (9th Cir. 2021). The possible sanctions include dismissal, the exclusion of witnesses or other evidence, an award of attorney's fees, and/or a fine. Id.

> "To protect against abuse and to ensure parties receive due process, individuals subject to sanction are afforded procedural protections, the nature of which varies depending upon the violation, and the type and magnitude of the sanction." F.J. Hanshaw [Enters., Inc. v. Emerald River Dev., Inc.], 244 F.3d [1128,] 1137 [(9th Cir. 2001)]. "The more punitive the nature of the sanction, the greater the protection to which an individual is entitled." Id. Thus, when a court

---

order was issued. See Local Rule LR60.1(c). In short, there is no justifiable basis to include this claim.

5

is considering using its inherent authority to impose sanctions, the first step is to determine whether the potential sanctions that may be imposed are compensatory, punitive, or both. The answer to this question will affect both the procedural requirements and the substantive limitations that apply. To use a simplistic analogy, a district court must first determine whether the party commencing a legal action is seeking a civil (compensatory) remedy or a criminal (punitive) outcome so that the correct procedural requirements and substantive limitations can be correctly applied.

The Supreme Court has explained that when strictly compensatory or remedial sanctions are sought, civil procedures, rather than criminal-type procedures, may be applied. See Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 826–830, 114 S. Ct. 2552, 129 L. Ed. 2d 642 (1994). Thus, when only civil procedures are used, the sanction may go no further than to redress the wronged party "for losses sustained" and may not impose any additional consequence as punishment for the sanctioned party's misbehavior. Id. at 829, 114 S. Ct. 2552 (quoting United States v. Mine Workers, 330 U.S. 258, 304, 67 S. Ct. 677, 91 L. Ed. 884 (1947)).

. . . .

If . . . sanctions are strictly limited to compensatory or remedial measures, . . . criminal-type protections are not required. Further, as the Supreme Court explained, "[c]ompensation for a wrong . . . tracks the loss resulting from that wrong." Goodyear, 137 S. Ct. at 1186. Thus, "a sanction counts as compensatory only if it is calibrated to the damages caused" by the sanctionable conduct on which it is based. Id. (cleaned up). Moreover, a district court acting under its inherent authority to impose compensatory sanctions must apply a "but-for" causation standard. Id. at 1187. In other words, but for the sanctionable misconduct, would there be any harm warranting compensatory relief? If so, a sanction might be available but must be

6

> limited to compensating for the specific harm. If not, the sanction would appear to be punitive.
>
> When acting under its inherent authority to impose a sanction, as opposed to applying a rule or statute, a district court must find either: (1) a willful violation of a court order; or (2) bad faith. See Evon [v. L. Off. of Sidney Mickell], 688 F.3d [1015,] 1035 [(9th Cir. 2012)]. As the Supreme Court has explained, a sanction may be awarded either for willful disobedience of a court order or when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. See Roadway Exp.[, Inc. v. Piper], 447 U.S. [752,] 766, 100 S. Ct. 2455 [(1980)]; Fink v. Gomez, 239 F.3d 989, 991 (9th Cir. 2001).

Id. at 1088-90 (some alterations in Am. Unites for Kids) (footnote omitted).

Spriestersbach states he does not intend to pursue the legal malpractice claim against OPD in light of the 3/15/24 PD Defendants Order and the 4/22/24 EO. His position appears to be that he was justified in including the legal malpractice claim against OPD in the Third Amended Complaint because his counsel believed the 7/19/24 Order only permitted the changes identified in that order. See Response at 1 ("Plaintiff did not remove claims here based on counsels' understanding of the Court's order concerning what was to be done with the Third Amended

7

Complaint and out of cautiousness about doing more otherwise.").[5] Spriestersbach's argument is disingenuous.

The 4/22/24 EO stated that the legal malpractice claim against OPD was stricken from the Second Amended Complaint. See 4/22/224 EO at PageID.4946. The 3/15/24 PD Defendants Order and the 4/22/24 EO made it clear that Spriestersbach is not permitted to litigate a legal malpractice claim against OPD in the instant case. Therefore, it was not reasonable for Spriestersbach's counsel to expect that the 7/19/24 Order would expressly direct the omission of the legal malpractice claim against OPD when the order described the scope of

---

[5] Spriestersbach also appears to have included the legal malpractice claim against OPD in an attempt to preserve his right to appeal the dismissal of that claim. See Third Amended Complaint at pg. 2 n.1 ("Medical Defendants (Defendants [Dr. John] Compton, [Dr. Melissa] Vargo, and [Dr. Sharon] Tisza) dismissed by the Court in Doc 151 are not removed in order to preserve appeal rights."); see also Response, Declaration of John Washington ("Washington Decl."), Exh. 2 (letter dated 8/29/24 to defense counsel from Spriestersbach's counsel) at PageID.12828 ("We have not removed claims dismissed without leave to amend for reasons we have mentioned. We believe it is appropriate for preservation of appeal rights."). However, it is well established that, when a claim is dismissed with prejudice, the plaintiff is not required to include that claim in subsequent versions of the complaint to preserve the claim for appeal. See Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled."), *superseded by rule on other grounds, as stated in* Hensley v. Bank of New York Mellon, No. CV-12-01248-PHX-JAT, 2013 WL 791294, at *7 (D. Ariz. Mar. 4, 2013). This is entirely improper.

8

Spriestersbach's leave to amend. Under the circumstances of this case, this Court is inclined to find that Spriestersbach's counsel willfully violated the 3/15/24 PD Defendants Order and the 4/22/24 EO because counsel deliberately included a legal malpractice claim against OPD in the Third Amended Complaint after that claim was dismissed with prejudice from the First Amended Complaint and stricken from the Second Amended Complaint. See Am. Unites for Kids, 985 F.3d at 1090 ("a 'willful' violation of a court order does not require proof of mental intent such as bad faith or an improper motive, but rather, it is enough that a party acted deliberately" (citation and some quotation marks omitted)).

This Court is inclined to impose a compensatory sanction against Spriestersbach's counsel that would represent the attorney's fees and costs that the PD Defendants reasonably incurred in connection with the instant Motion and in addressing the sanctions issue. The only relief sought in the Motion is the dismissal of the legal malpractice claim against OPD. But for Spriestersbach's counsel's disregard of this Court's prior orders, the PD Defendants would not have been required to bring the instant Motion and would not have incurred attorney's fees and costs. This Court recognizes that, on August 23, 2024, Spriestersbach's counsel conferred with the PD Defendants' counsel about the PD Defendants' intent to file the instant

9

Motion. See Washington Decl. at ¶ 3. Spriestersbach's counsel offered to stipulate to the dismissal of the legal malpractice claim against OPD, and the PD Defendants' counsel stated she would consider a proposed stipulation and order. See id. at ¶¶ 4-5. Spriestersbach's counsel provided a proposed stipulation and order to the PD Defendants' counsel on August 28, 2024, [id. at ¶ 7,] but ultimately no agreement was reached. The fact that Spriestersbach offered to stipulate to the dismissal of the legal malpractice claim against OPD in the Third Amended Complaint does not preclude a compensatory sanctions award. A stipulation would not have been necessary if Spriestersbach's counsel had not violated this Court's orders in the first instance. Further, having considered the communications between defense counsel and Spriestersbach's counsel regarding the amendments to the various versions of Spriestersbach's pleadings, see Washington Decl., Exh. 1 (email correspondence from 8/28/24 to 8/29/24 between defense counsel and Spriestersbach's counsel), this Court is inclined to find that it was reasonable for the PD Defendants to file the instant Motion rather than agreeing to Spriestersbach's proposed stipulation and order.

        Spriestersbach's counsel are ORDERED to show cause why they should not be sanctioned, under this Court's inherent authority, for willfully violating the 3/15/24 PD Defendants

10

Order and the 4/22/24 EO. Spriestersbach's counsel shall file a response to this order to show cause by **September 24, 2024.**

The PD Defendants are DIRECTED to file a memorandum, with supporting materials, setting forth the attorney's fees and costs that they reasonably incurred in connection with the instant Motion and in preparing their memorandum regarding the amount of the potential award. Cf. PAMCAH-UA Loc. 675 Pension Fund v. Gordon Mech. LLC, CIVIL NO. 24-00082 LEK-WRP, 2024 WL 3905619, at *4 (D. Hawai`i Aug. 7, 2024) ("Reasonable attorney's fees are generally based on the traditional 'lodestar' calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate." (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000))).[6] The PD Defendants shall file their memorandum by **September 17, 2024.** Spriestersbach's response to the order to show cause shall also include any response to the amount requested in the PD Defendants' memorandum. This Court will take the sanctions issue under advisement thereafter. If this Court awards sanctions, the matter will be referred to the magistrate judge to determine the amount of the award.

---

[6] The magistrate judge's report and recommendation in PAMCAH-UA was adopted by this Court on August 22, 2024. 2024 WL 3904719.

11

**CONCLUSION**

For the foregoing reasons, the PD Defendants' Motion to Dismiss Plaintiff Joshua Spriestersbach's *Third Amended Complaint* Filed on August 19, 2024, [filed 8/30/24 (dkt. no. 558),] is HEREBY GRANTED insofar as the legal malpractice claim against OPD is STRICKEN from Spriestersbach's Third Amended Complaint, [filed 8/19/24 (dkt. no. 551)].

Further, Spriestersbach's counsel are ORDERED to show cause why they should not be sanctioned as set forth in this Order. As set forth more fully above, the PD Defendants must file a memorandum regarding the amount of the potential sanctions award by **September 17, 2024,** and Spriestersbach's counsel must file a response to the order to show cause by **September 24, 2024.** The response by Spriestersbach's counsel must also address any objections to the amount reflected in the PD Defendants' memorandum.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 10, 2024.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JOSHUA SPRIESTERBACH VS. STATE OF HAWAII, ET AL; CV 21-00456 LEK-RT; ORDER GRANTING THE PD DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF JOSHUA SPRIESTERSBACH'S THIRD AMENDED COMPLAINT FILED ON AUGUST 19, 2024 AND ORDERING PLAINTIFF'S COUNSEL TO SHOW CAUSE WHY THEY SHOULD NOT BE SANCTIONED**

13