UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSHUA SPRIESTERSBACH,<br><br>                Plaintiff,<br><br>     vs.<br><br>STATE OF HAWAII, CITY AND COUNTY OF HONOLULU, OFFICER ABRAHAM K. BRUHN, DEPARTMENT OF PUBLIC SAFETY, OFFICE OF THE PUBLIC DEFENDER, NIETZSCHE LYNN TOLAN, MICHELLE MURAOKA, LESLIE MALOIAN, JACQUELINE ESSER, JASON BAKER, MERLINDA GARMA, SETH PATEK, DR. JOHN COMPTON, DR. MELISSA VARGO, DR. SHARON TISZA, HAWAII STATE HOSPITAL, DR. ALLISON GARRETT, JOHN/JANE DOES 1-20,<br><br>                Defendants. | CIV. NO. 21-00456 LEK-RT |

ORDER: GRANTING IN PART AND DENYING IN PART
MOTION BY PLAINTIFF TO AMEND SCHEDULING ORDER
AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT (FthAC);
AND GRANTING IN PART AND DENYING IN PART
DEFENDANT ALLISON GARRETT, M.D.'S MOTION TO STRIKE
PORTIONS OF THIRD AMENDED COMPLAINT (ECF DKT. 551)

Before the Court is Plaintiff Joshua Spriestersbach's

("Spriestersbach" or "Plaintiff") Motion by Plaintiff to Amend

Scheduling Order and for Leave to File Fourth Amended Complaint

(FthAC) ("Motion to Amend"), filed on July 29, 2024. [Dkt.

no. 531.] On August 12, 2024, Defendant Hawaii Sate Hospital

("HSH"), Defendant Allison Garrett, M.D. ("Dr. Garrett"),

Defendants Office of the Public Defender, Nietzsche Lynn Tolan,

Michele Muraoka, Lesley Maloian, Jason Baker, and Seth Patek
(collectively "PD Defendants"), and Defendant City and County of
Honolulu ("the City") filed their respective memoranda in
opposition to the Motion to Amend. [Dkt. nos. 545 (HSH Opp. to
Motion to Amend), 546 (Dr. Garrett's Opp. to Motion to Amend),
547 (PD Defendants' Opp. to Motion to Amend), 548 (City Opp. to
Motion to Amend).] On August 26, 2024, Spriestersbach filed a
reply addressing all of the memoranda in opposition. [Dkt.
no. 553.]

Also before the Court is Dr. Garrett's Motion to
Strike Portions of Third Amended Complaint (ECF Dkt. 551)
("Motion to Strike"), filed on December 2, 2024. [Dkt. no. 585.]
The Court finds that no response to the Motion to Strike is
necessary.[1]

The Court finds these matters suitable for disposition
without a hearing pursuant to Rule LR7.1(c) of the Local Rules
of Practice for the United States District Court for the
District of Hawaii ("Local Rules"). For the reasons set forth
below, Spriestersbach's Motion to Amend is granted in part and
denied in part, and Dr. Garrett's Motion to Strike is granted in
part and denied in part. The Motion to Amend is granted insofar

---

[1] Although no briefing schedule was issued regarding the
Motion to Strike, the PD Defendants filed a statement of no
position on December 16, 2024, [dkt. no. 588].

as Spriestersbach is granted leave to file a fourth amended complaint adding Darryl Kon as a defendant. The Motion to Amend is denied as to Spriestersbach's request to add other new defendants. Spriestersbach's fourth amended complaint must be consistent with the rulings in this Order on the Motion to Strike. Spriestersbach is directed to file his fourth amended complaint by **January 3, 2025.**

## BACKGROUND

The case arises from Spriestersbach's May 11, 2017 arrest by Honolulu Police Department ("HPD") officers and Spriestersbach's prosecution for crimes committed by Thomas R. Castleberry, as well as from Spriestersbach's subsequent detention at the Oahu Community Correctional Center ("OCCC") and his civil commitment related to the May 11, 2017 arrest at HSH. See Third Amended Complaint (Revised) ("Revised TAC"), filed 10/11/24 (dkt. no. 577), at ¶¶ 1-2, 196.[2]

---

[2] Spriestersbach filed his original Third Amended Complaint on August 19, 2024. [Dkt. no. 551.] The changes between the Second Amended Complaint, [filed 3/29/24 (dkt. no. 362),] and the original Third Amended Complaint were noted in a redline version attached as an exhibit to the original Third Amended Complaint. [Dkt. no. 551-1.]

On October 1, 2024, Spriestersbach filed a Motion for Leave to File Revised Complaints in order to remove defendants and claims that were previously dismissed with prejudice ("Motion to Revise Complaints"). [Dkt. no. 572.] The magistrate judge granted the Motion to Revised Complaints and permitted Spriestersbach to file the Revised TAC and a revised version of the proposed pleading that is at issue in the instant Motion to
(. . . continued)

The City is or was the employer of the individual HPD officers whose actions are at issue in this case. [Id. at ¶ 11.] The City has been a defendant in this case since its inception. See Complaint, filed 11/21/21 (dkt. no. 1), at ¶ 11. Among the defendants named in the original Complaint was the Department of Public Safety ("DPS"), a State of Hawai`i agency that operates OCCC. See id. at ¶ 13. DPS answered the original Complaint. See Defendants Department of Public Safety, Dr. John Compton, Dr. Melissa Vargo, and Hawaii State Hospital's Answer to Complaint Filed on November 21, 2021, filed 1/24/22 (dkt. no. 33) ("1/24/22 Answer to Complaint"). The 1/24/22 Answer to Complaint raised Eleventh Amendment and sovereign immunity defenses. [Id. at pg. 5.]

On August 18, 2022, an order was issued that, *inter alia*, granted judgment on the pleadings in favor of the City as to all of the claims against the City in the original Complaint ("8/18/22 Order"). [Dkt. no. 151.[3]] Spriestersbach was granted leave to file a first amended complaint to add further allegations to support the claims that Spriestersbach asserted against the City in the original Complaint. 8/18/22 Order, 622

───────────────

Amend. See EO, filed 10/10/24 (dkt. no. 575); see also Proposed Fourth Amended Complaint (Revised) ("Revised Proposed FthAC"), filed 10/11/24 (dkt. no. 578).

[3] The 8/18/22 Order is also available at 622 F. Supp. 3d 948.

F. Supp. 3d at 971. Spriestersbach was instructed to file his amended complaint by September 16, 2022, and this Court expressly stated that "leave to amend is limited to adding further allegations to support the claims that Spriestersbach asserted against the City in the Complaint, and Spriestersbach does not have leave to add new claims against the City." Id. However, the September 16, 2022 deadline was extended to October 17, 2022, then held in abeyance pending the resolution of the issue of whether a guardian should be appointed to litigate this case on Spriestersbach's behalf, and then held in abeyance again until the issue of Spriestersbach's competency was resolved. The psychiatric evaluation of Spriestersbach was filed, under seal, on September 27, 2023. See Order Denying Plaintiff's Objections to Magistrate Order Dated 09.28.23 Which Denies Plaintiff Opportunity to Amend Complaint and Affirming the Magistrate Judge's Order, filed 11/28/23 (dkt. no. 280) ("11/28/23 Order"), at 3-5 (summarizing the procedural background relevant to the objections).[4] The magistrate judge directed Spriestersbach to file his first amended complaint by October 10, 2023. See Minutes - EP: Telephone Conference and Rule 16 Scheduling Conference, filed 9/27/23 (dkt. no. 244), at PageID.2538.

---

[4] The 11/28/23 Order is also available at 2023 WL 8237057.

5

Spriestersbach filed his First Amended Complaint on
October 18, 2023.[5] [Dkt. no. 250.] Pursuant to the leave granted
in the 8/18/22 Order, Spriestersbach only amended his
allegations against the City. See First Amended Complaint at
pgs. 1-2 n.1.

DPS answered the First Amended Complaint. See
Defendants State of Hawaii, Department of Public Safety, and
Hawaii State Hospital's Answer to First Amended Complaint, filed
11/1/23 (dkt. no. 260) ("11/1/23 Answer to First Amended
Complaint"). The 11/1/23 Answer to First Amended Complaint
raised Eleventh Amendment and sovereign immunity defenses. [Id.
at pg. 5.]

The City filed two motions addressing the First
Amended Complaint. [Defendant City and County of Honolulu's
Motion to Strike and/or Dismiss with Prejudice Newly Added
Federal Failure to Discipline, Train, and Supervise and Final
Policy-Maker Claims, filed 11/1/23 (dkt. no. 257); Defendant
City and County of Honolulu's Motion to Dismiss First Amended
Complaint (ECF No. 250), filed 11/1/23 (dkt. no. 258).] The
City's motions were both granted in part and denied in part.
[Order Granting in Part and Denying in Part Defendant City and

---

[5] Spriestersbach filed a redline version of the First
Amended Complaint on October 10, 2023. [dkt. no. 247.]

County of Honolulu's Motions Filed on November 1, 2024, [Dkt.
Nos. 257, 258], filed 4/19/24 (dkt. no. 386) ("4/19/24 City
Order").[6]] To the extent that some of Spriestersbach's claims
against the City were dismissed, the dismissals were with
prejudice. See 4/19/24 City Order, 2024 WL 1703114, at *20.
Thus, the 4/19/24 City Order did not prevent Spriestersbach from
filing the Second Amended Complaint on March 29, 2024. See
4/19/24 City Order, 2024 WL 1703114, at *20; see also Minute
Order, filed 3/15/24 (dkt. no. 352) (informing the parties of
this Court's rulings on the City's motions to dismiss the First
Amended Complaint and stating that the ruling and the written
order that was to follow did not affect the deadline to file the
second amended complaint).

In the Second Amended Complaint, Spriestersbach had
leave to amend some of his claims against the PD Defendants and
some of his claims against Dr. Garrett. See generally Order
Granting in Part and Denying in Part Defendant Allison Garrett,
M.D.'s Motion to Dismiss First Amended Complaint Filed
October 18, 2023 (ECF 250), filed 3/15/24 (dkt. no. 350); Order
Granting in Part and Denying in Part the PD Defendants' Motion
to Dismiss Plaintiff Joshua Spriestersbach's First Amended

---

[6] The 4/19/24 City Order is also available at 2024 WL
1703114.

Complaint Filed on October 18, 2023, filed 3/15/24 (dkt. no. 351).[7]

On May 28, 2024, Defendants State of Hawai`i ("the State"), DPS, and HSH (collectively "State Defendants") filed their Motion to Dismiss or in the Alternative for Judgment on the Pleadings. [Dkt. no. 447.] On July 19, 2024, this Court issued an order granting the State Defendants' motion in part and denying it in part ("7/19/24 Order"). [Dkt. no. 518.[8]] Based on Eleventh Amendment immunity, judgment on the pleadings was granted in favor of the State Defendants as to Count I, a claim pursuant to Title 42 United States Code Section 1983, and as to Counts VI through XII, Spriestersbach's state law claims against the State Defendants. 7/19/24 Order, 2024 WL 3488365, at *2 (identifying the claims in the Second Amended Complaint alleged against the State Defendants), *3 (Eleventh Amendment analysis).

Judgment on the pleadings was granted in favor of the State and DPS as to Count III, Spriestersbach's claim under Title II of the Americans with Disabilities Act ("ADA"), Title 42 United States Code Section 12101, *et seq.*, because

---

[7] The March 15, 2024 order regarding Dr. Garrett is also available at 2024 WL 1142198, and the March 15, 2024 order regarding the PD Defendants is also available at 723 F. Supp. 3d 955.

[8] The 7/19/24 Order is also available at 2024 WL 3488365.

Spriestersbach no longer intended to pursue those claims.
7/19/24 Order, 2024 WL 3488365, at *3. Judgment on the pleadings
was granted in favor of HSH as to Count III, but Spriestersbach
was granted leave to amend as to the portion of Count III
alleging an ADA Title II claim against HSH based upon vicarious
liability. Id. at *7-8. This Court directed Spriestersbach to
file his third amended complaint by August 19, 2024.[9] Id. at *9.
To the extent that Spriestersbach sought leave to make other
changes to the Second Amended Complaint, this court directed him
to file a motion seeking an amendment of the scheduling order to
reopen the deadline to add parties and amend pleadings and
seeking leave to file a fourth amended complaint. Id. at *8. The
instant Motion to Amend followed.

The deadline to file motions to add parties or amend
pleadings is closed. See Third Amended Rule 16 Scheduling Order,
filed 12/5/23 (dkt. no. 285), at ¶ 2. The original scheduling
order set a November 29, 2022 deadline to file motions to add
parties or amend pleadings. See Rule 16 Scheduling Order, filed
6/23/22 (dkt. no. 144), at ¶ 2. The original deadline was held

---

[9] As previously noted, Spriestersbach filed his original
Third Amended Complaint on August 19, 2024, but the operative
pleading is the Revised TAC. HSH's Motion to Dismiss Third
Amended Complaint, [filed 8/30/24 (dkt. no. 556),] which is
construed as addressing the Revised TAC, is pending before this
Court and will be addressed in a separate order.

in abeyance pending a December 6, 2022 status conference, but
the original deadline expired after the magistrate judge's
December 8, 2022 denial of the parties' request to suspend all
deadlines. See 11/28/23 Order, 2023 WL 8237057, at *3.

In the Motion to Amend, Spriestersbach seeks an
amendment of the current scheduling order to reopen the deadline
to file motions to add parties and amend pleadings, and he seeks
leave to file the Revised Proposed FthAC. Spriestersbach
proposes to add the following defendants:

-Darryl Kon ("Kon"), an HPD officer, who was previously
    identified in prior versions of the complaint at Defendant
    Doe 1;[10] see Revised Proposed FthAC at ¶ 19;

-Francis Sequeira ("Sequeira"), who was the Warden of OCCC at
    all times relevant to the instant case; see id. at ¶ 21;

-Michael Hoffman ("Hoffman"), who was the Director of DPS's
    Institution Division at all times relevant to this case;
    see id.;

-Jodie Maesaka-Hirata ("Maesaka-Hirata"), who was DPS's Director
    for Corrections at all times relevant to this case; see
    id.; and

-Tommy Johnson ("Johnson"), who is the current DPS Director, see
    id.

_____

[10] This Court has previously noted that Kon was the HPD
Central Receiving Division ("CRD") desk officer when
Spriestersbach was brought in following his May 11, 2017 arrest.
See Order Granting in Part and Denying in Part Defendant City
and County of Honolulu's Motion for Summary Judgment, filed
11/29/24 (dkt. no. 583) ("11/29/24 City Order"), at 7. This
position is what this Court referred to in prior orders as the
"Receiving Officer-in-Charge." See id. at 7 n.2 (citing 4/19/24
City Order, 2024 WL 1703114, at *6). The 11/29/24 City Order is
also available at 2024 WL 4922903.

Kon would be sued in his individual capacity. See id. at ¶ 19.
Spriestersbach alleges that, at all times relevant to this case,
Sequeira, Hoffman, and Maesaka-Hirata were DPS policymakers.
They would be sued in their individual capacities. See id. at
¶ 21. Johnson would be sued in his individual capacity, but only
for purposes of Spriestersbach's prayer for injunctive relief.
See id. Sequeira, Hoffman, Maesaka-Hirata, and Johnson will be
referred to collectively as "the Individual DPS Defendants."

      The Revised Proposed FthAC does not add any new
counts, but Spriestersbach proposes to add Kon to the defendants
named in:

-Spriestersbach's Title 42 United States Code Section 1983 claim
    alleging violations of his rights under the Fourth
    Amendment to the United States Constitution ("Count I");

-his Section 1983 claim alleging violations of his due process
    rights under the Fourteenth Amendment ("Count II");

-his Section 1983 Fourteenth Amendment abuse of process claim
    ("Count IV");

-his malicious prosecution claim ("Count V");

-his intentional infliction of emotional distress ("IIED") claim
    ("Count XI"); and

-his negligent infliction of emotional distress ("NIED") claim
    ("Count XII").

Spriestersbach proposes to add Sequeira, Hoffman, and Maesaka-
Hirata to the defendants named in: Count I; his false
imprisonment claim ("Count VI"); his negligence claim
("Count VII"); Count XI; and Count XII.

11

In the Motion to Amend, Spriestersbach argues there is
good cause to amend the scheduling order, and he could not have,
with diligence, complied with the deadline to file motions to
add parties and amend pleadings, which expired after the
December 8, 2022 denial of the request to suspend all case
deadlines. See Motion to Amend at 11-13. Spriestersbach also
argues the proposed claims against the new defendants are not
futile. See id. at 13-18.

In the Motion to Strike, Dr. Garrett argues
Spriestersbach's Third Amended Complaint exceeded the leave to
amend that the 7/19/24 Order granted, and these impermissible
amendments are prejudicial to her. She also argues this Court
should strike the claims that have been dismissed and the claims
as to which summary judgment was granted to a defendant.
Further, allegations that support claims that have been disposed
of should also be stricken. [Motion to Strike, Mem. in Supp. at
2-3.]

**DISCUSSION**

I.    **Motion to Amend**

      A.    **Amendment of the Scheduling Order**

A scheduling order "may be modified only for good
cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).
In order to obtain an amendment of the scheduling order,
Spriestersbach must establish that there was good cause for his

12

failure to make the amendments proposed in the Motion to Amend
before the deadline to file motions to add parties and amend
pleadings expired. See Kamal v. Eden Creamery, LLC, 88 F.4th
1268, 1277 (9th Cir. 2023) ("Under Rule 16(b), a plaintiff must
show good cause for failing to amend the complaint before the
time specified in the scheduling order expired." (citation and
internal quotation marks omitted)).

> The good cause standard "primarily considers the
> diligence of the party seeking the amendment." In
> re W. States Wholesale Nat. Gas Antitrust Litig.,
> 715 F.3d 716, 737 (9th Cir. 2013) (quoting
> Johnson [v. Mammoth Recreations, Inc.], 975 F.2d
> [604,] 609 [(9th Cir. 1992)]). "Although the
> existence or degree of prejudice to the party
> opposing the modification might supply additional
> reasons to deny a motion, the focus of the
> inquiry is upon the moving party's reasons for
> seeking modification," and "[i]f that party was
> not diligent, the inquiry should end." Johnson,
> 975 F.2d at 609.

Id. (some alterations in Kamal).

### 1.    **Addition of Kon as a Defendant**

The 8/18/22 Order granted Spriestersbach leave to add
factual allegations to the original Complaint to support his
claims against the City. 622 F. Supp. 3d at 971. Following the
resolution of the guardianship and competency issues,
Spriestersbach timely filed his First Amended Complaint in
October 2023. During the period while the filing of the First
Amended Complaint was pending, the parties agreed to hold
outstanding discovery responses and medical releases in abeyance

13

until the competency issue was resolved. See Minutes – EP:
Telephone Conference, filed 12/6/22 (dkt. no. 193).

One of the ways that Spriestersbach attempted to cure
the defects identified in the 8/18/22 Order was to add factual
allegations about the HPD officer this Court has referred to as
the Receiving Officer-in-Charge. See 4/19/24 City Order, 2024 WL
1703114, at *6-8 (discussing the new allegations against the
City in the First Amended Complaint, including allegations about
the Receiving Officer-in-Charge). As previously noted, Kon is
the HPD officer who was referred to in the 4/19/24 Order as the
Receiving Officer-in-Charge. The record indicates that
Spriestersbach learned about the Receiving Officer-in-Charge
during the period prior to the filing of the First Amended
Complaint in October 2023, but he did not learn about Kon's
identity as the Receiving Officer-in-Charge until after that
point. It can be reasonably inferred from the record that
Spriestersbach was unable to learn about Kon's identity earlier
because the parties agreed to hold outstanding discovery in
abeyance until the competency issue was resolved.

Under the circumstances of this case, Spriestersbach
could not have filed his claims against Kon before the deadline
for motions to add parties and amend pleadings expired in
December 2022. This Court therefore finds that Spriestersbach
was diligent in pursuing his claims against Kon, and there is

14

good cause to amend the scheduling order to permit
Spriestersbach to seek leave to add his claims against Kon.

### 2. <u>Addition of the Individual DPS Defendants</u>

As previously noted, DPS was one of the original
defendants in this case. The counts alleged against DPS,
identified in the Complaint as "P.S.D.," included the same
counts to which Spriestersbach now seeks leave add Sequeira,
Hoffman, and Maesaka-Hirata. <u>See</u> Complaint at pg. 22
(Section 1983 Fourth Amendment claim), pg. 30 (false
imprisonment claim and negligence claim), pg. 35 (IIED claim),
pg. 36 (NIED claim). Spriestersbach was on notice as early as
January 24, 2022 that DPS was asserting Eleventh Amendment and
sovereign immunity defenses. <u>See</u> 1/24/22 Answer to Complaint at
pg. 5. At that point, Spriestersbach's counsel knew or should
have known that the claims against DPS would fail as a matter of
law. <u>See</u> 7/19/24 Order, 2024 WL 3488365, at *3. Counsel also
knew or should have known that Spriestersbach might be able to
assert his claims for damages against DPS officials in their
individual capacities. <u>See</u> <u>id.</u> ("states, their agencies, and
their **officials in their official capacities** are immune from
damage suits under state or federal law by private parties in
federal court unless there is a valid abrogation of that
immunity or an unequivocal express waiver by the state"
(brackets omitted) (emphasis added)).

15

The original Complaint included a request for
prospective injunctive relief in the form of "appropriate orders
to remedy systemic defects in" OCCC's booking and detention
procedures. See Complaint at ¶ 148. Once DPS asserted its
Eleventh Amendment and sovereign immunity defense in the 1/24/22
Answer, Spriestersbach's counsel knew or should have known that
Spriestersbach would need to pursue the request for injunctive
relief against a DPS state official, in his official capacity.
See Planned Parenthood Great Nw. v. Labrador, No. 23-35518, 2024
WL 4966057, at *10 (9th Cir. Dec. 4, 2024) ("suits seeking
prospective relief under federal law may ordinarily proceed
against state officials sued in their official capacities" (some
citations omitted) (citing Ex parte Young, 209 U.S. 123
(1908))).

The identities of the DPS officials who Spriestersbach
intended to pursue his claims against could have been learned
through simple discovery requests to DPS and/or through
reasonable investigation. This Court therefore finds that
Spriestersbach could have, with the exercise of diligence,
learned the identities of the Individual DPS Defendants before
the guardianship and competency issues arose. Thus, he could
have filed his claims against the Individual DPS Defendants
before the deadline to file motions to add parties and amend
pleadings expired in December 2022. Because Spriestersbach was

16

not diligent in pursuing his claims against the Individual DPS
Defendants, good cause to amend the scheduling order is lacking.
Spriestersbach's Motion to Amend is denied as to his request to
add the Individual DPS Defendants to his existing claims.

This Court emphasizes that the amendment of the
scheduling order only applies to Spriestersbach's motion for
leave to add Kon to the existing claims in this case.
Spriestersbach is not permitted to file a motion seeking leave
to add any other new parties, nor is he permitted to file a
motion seeking leave to add any new claims.

B.    **Amendment of Pleadings**

Federal Rule of Civil Procedure 15(a)(2) states "a
party may amend its pleading only with the opposing party's
written consent or the court's leave." Because the defendants
have not consented to the filing of a fourth amended complaint,
Spriestersbach must obtain leave of court. "The court should
freely give leave when justice so requires." Fed. R. Civ.
P. 15(a)(2).

The District Court has discretion over the
grant or denial of a motion for leave to amend a
pleading. Foman v. Davis, 371 U.S. 178, 182
(1962); In re Morris, 363 F.3d 891, 894 (9th Cir.
2004). . . .

Five factors are considered when evaluating
leave to amend a pleading: bad faith, undue
delay, prejudice to the opposing party, futility,
and whether the plaintiff has previously amended
the complaint. See Johnson v. Buckley, 356 F.3d

17

> 1067, 1077 (9th Cir. 2004); <u>In re Morris</u>, 363
> F.3d at 894. Futility is a sufficient basis to
> deny a motion for leave to amend. <u>Johnson</u>, 356
> F.3d at 1077; <u>Nunes v. Ashcroft</u>, 375 F.3d 805,
> 808 (9th Cir. 2004).

<u>Sayer v. Univ. of Hawai`i at Mānoa</u>, CV No. 23-00600 HG-RT, 2024
WL 3011183, at *2 (D. Hawai`i June 14, 2024).

      Under the circumstances of this case, the critical
issue is whether the claims against Kon are futile. In
particular, the City argues that Kon is entitled to qualified
immunity as to Spriestersbach's Section 1983 claims, and that he
is entitled to the protection of the conditional privilege as to
Spriestersbach's state law claims. <u>See</u> City Opp. to Motion to
Amend at 8-10. The City also argues that Spriestersbach's claims
against Kon fail as a matter of law, even apart from the
qualified immunity and conditional privilege issues. <u>See</u> <u>id.</u> at
10-16. The City's arguments are more appropriate in a motion for
summary judgment filed Kon.[11] This Court therefore finds that,
for purposes of the Rule 15(a)(2) analysis, Spriestersbach's
claims against Kon are not futile.

      Spriestersbach's Motion to Amend is granted, insofar
as Spriestersbach is granted leave to file a fourth amended
complaint that adds Kon as a defendant to Counts I, II, IV, V,

---

[11] In light of the advanced stage of this litigation and the
significant amount of discovery that has been conducted
regarding the City, Kon is discouraged from filing a motion to
dismiss the fourth amended complaint.

XI, and XII. However, in addition to removing the proposed
amendments regarding the Individual DPS Defendants,
Spriestersbach must also make the changes to the Revised
Proposed FthAC that are described below.

## II.  **The Motion to Strike and the Fourth Amended Complaint**

"The court may strike from a pleading . . . any
redundant, immaterial, impertinent, or scandalous matter." Fed.
R. Civ. P. 12(f). Dr. Garrett's Motion to Strike asks this Court
to strike portions of the original Third Amended Complaint and
the Revised TAC. See Motion to Strike, Declaration of Counsel,
Exh. A (excerpts of the original Third Amended Complaint showing
the portions that Dr. Garrett asks this Court to strike), Exh. B
(excerpts of the Revised TAC showing the portions that
Dr. Garrett asks this Court to strike). First, because the
original Third Amended Complaint has been superseded by the
Revised TAC, the request to strike portions of the original
Third Amended Complaint is denied as moot.

In addition, because Spriestersbach has been granted
leave to file a fourth amended complaint, this Court declines to
strike portions of the Revised TAC. The Motion to Strike is
denied as unnecessary as to that request. The issue before this
Court is whether the corresponding portions of the Revised
Proposed FthAC should be stricken for the reasons identified by
Dr. Garrett in the Motion to Strike.

19

To the extent that the Revised Proposed FthAC includes claims that were previously disposed of in this case, those claims are immaterial to claims that remain in this case. Therefore, this Court strikes the following from the Revised Proposed FthAC: all claims that have been dismissed with prejudice; all claims as to which judgment on the pleadings was granted in favor of a defendant, without leave to amend; and all claims as to which summary judgment was granted in favor of a defendant.

Spriestersbach is CAUTIONED to review the prior orders of this Court and to remove all claims described above before filing his fourth amended complaint. This Court acknowledges that Spriestersbach filed his Revised Proposed FthAC on October 11, 2024, before the summary judgment orders were issued. However, Spriestersbach failed to remove some claims that were dismissed with prejudice before October 11, 2024. For example, the Revised Proposed FthAC still alleges Count IV, the abuse of process claim, against the City, even though that claim was dismissed with prejudice months before Spriestersbach filed the Motion to Amend. See Revised Proposed FthAC at pg. 101; 4/19/24 City Order, 2024 WL 1703114, at *20.

Spriestersbach is CAUTIONED that if his fourth amended complaint fails to comply with the instant Order, this Court may impose sanctions because the issue of Spriestersbach's inclusion

20

of claims that that have been previously disposed of has been
address numerous times by this Court. See, e.g., Order Granting
the PD Defendants' Motion for Partial Dismissal of Plaintiff
Joshua Spriestersbach's Third Amended Complaint Filed on
August 19, 2024 and Ordering Plaintiff's Counsel to Show Cause
Why They Should Not Be Sanctioned, filed 9/10/24 (dkt. no. 565).

        This Court also strikes any factual allegations from
the Revised Proposed FthAC that relate solely to claims that
have been stricken from the Revised Proposed FthAC. For example,
the only claims remaining against the City are the portions of
Counts XI and XII based on Kon's actions and omissions. See
11/29/24 City Order, 2024 WL 4922903, at *15. The Revised
Proposed FthAC's allegations of deliberate indifference by the
City appear to address the Section 1983 claims and the ADA claim
that have been stricken. See, e.g., Revised Proposed FthAC at
¶ 106 ("The failure to supervise and train H.P.D. officers to
correct errors in personal information in H.P.D. records was
deliberately indifferent to the rights of persons with personal
information in H.P.D. records, including [Spriestersbach]."
(emphasis omitted)).

        Dr. Garrett also argues the new allegations that
Spriestersbach included in the Revised Proposed FthAC are
prejudicial to her. [Motion to Strike, Mem. in Supp. at 2.]
First, the allegations that Spriestersbach added in the Revised

21

TAC (and which also appear in the Revised Proposed FthAC) to
support his ADA claim against HSH do not reopen the claims as to
which Dr. Garrett has been granted summary judgment. Moreover,
Spriestersbach cannot rely solely on the allegations of his
operative pleading to oppose future summary judgment motions or
at trial. See Hernandez v. Spacelabs Med. Inc., 343 F.3d 1107,
1112 (9th Cir. 2003) (stating that, where a defendant moves for
summary judgment and carries its burden of production, the
plaintiff "must produce evidence in response" and "cannot defeat
summary judgment with allegations in the complaint, or with
unsupported conjecture or conclusory statements" (some citations
omitted) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
249–52, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986))). This Court
therefore rejects Dr. Garrett's argument that some of
Spriestersbach's new allegations are prejudicial to her.

   Finally, even after filing the Revised Proposed FthAC,
Spriestersbach's proposed pleading is still "a mess." See HSH's
Opp. to Motion to Amend at 8 ("the proposed fourth amended
complaint which accompanies Plaintiff's motion is a mess"). The
combination of strike-through text, colored text, and
highlighted text make an already lengthy pleading that involves
multiple defendants even longer and more confusing. Further, if
that type of pleading were shown to the jury at trial, it would

be almost incomprehensible and would give the jury irrelevant
information about claims that are not before it.

Spriestersbach is therefore ordered to file his fourth
amended complaint in a **clean** format, *i.e.* without any strike-
through, colored, or highlighted text. To the extent that
Spriestersbach believes it is necessary to file a redline
version of the fourth amended complaint showing the differences
between the fourth amended complaint and the Revised Proposed
FthAC, the redline version must be filed as a separate docket
entry.

<u>**CONCLUSION**</u>

For the foregoing reasons, Spriestersbach's Motion by
Plaintiff to Amend Scheduling Order and for Leave to File Fourth
Amended Complaint (FthAC), filed July 29, 2024, is HEREBY
GRANTED IN PART AND DENIED IN PART. The Motion to Amend is
GRANTED insofar as Spriestersbach is permitted to add Kon as a
defendant in Counts I, II, IV, V, XI, and XII. The Motion to
Amend is DENIED in all other respects. Spriestersbach must
prepare and file his fourth amended complaint in a form that is
consistent with the rulings in the instant Order.

Dr. Garrett's Motion to Strike Portions of Third
Amended Complaint (ECF Dkt. 551), filed December 2, 2024, is
GRANTED IN PART AND DENIED IN PART. The Motion to Strike is
GRANTED insofar as this Court strikes the following from the

Revised Proposed FthAC: all claims that have been dismissed with prejudice; all claims as to which judgment on the pleadings was granted in favor of a defendant, without leave to amend; all claims as to which summary judgment was granted in favor of a defendant; and all factual allegations that relate solely to stricken claims. Dr. Garrett's Motion to Strike is DENIED in all other respects.

Spriestersbach is ORDERED to file his fourth amended complaint by **January 3, 2025.** Spriestersbach is CAUTIONED that his fourth amended complaint must comply with the rulings in this Order. If Spriestersbach fails to do so, the fourth amended complaint will be stricken.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 19, 2024.



/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

JOSHUA SPRIESTERSBACH VS. STATE OF HAWAII, ET AL; CV 21-00456 LEK-RT; ORDER:  GRANTING IN PART AND DENYING IN PART MOTION BY PLAINTIFF TO AMEND SCHEDULING ORDER AND FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT (FthAC); AND GRANTING IN PART AND DENYING IN PART DEFENDANT ALLISON GARRETT, M.D.'S MOTION TO STRIKE PORTIONS OF THIRD AMENDED COMPLAINT (ECF DKT. 551)