UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JOSHUA SPRIESTERSBACH,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF HAWAII, CITY AND COUNTY OF HONOLULU, OFFICER ABRAHAM K. BRUHN, DEPARTMENT OF PUBLIC SAFETY, OFFICE OF THE PUBLIC DEFENDER, NIETZSCHE LYNN TOLAN, MICHELLE MURAOKA, LESLIE MALOIAN, JACQUELINE ESSER, JASON BAKER, MERLINDA GARMA, SETH PATEK, DR. JOHN COMPTON, DR. MELISSA VARGO, DR. SHARON TISZA, HAWAII STATE HOSPITAL, DR. ALLISON GARRETT, JOHN/JANE DOES 1-20,<br><br>　　　　Defendants. | CIV. NO. 21-00456 LEK-RT |

**ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION
AND DISMISSING PLAINTIFF'S REMAINING CLAIMS
<u>AGAINST THE INDIVIDUAL PD DEFENDANTS</u>**

　　　　On December 20, 2024, this Court issued an entering order directing Plaintiff Joshua Spriestersbach ("Spriestersbach" or "Plaintiff") and Defendants Nietzsche Lynn Tolan, Michele Muraoka, Lesley Maloian, Jason Baker, and Seth Patek, each of whom was a Deputy Public Defender at all times relevant to this case (collectively "Individual PD Defendants"), to brief the issue of supplemental jurisdiction over Spriestersbach's remaining claims against the Individual PD

Defendants. [Dkt. no. 592.] The other defendants were given the opportunity to file optional briefs. [Id. at PageID.13804.] Spriestersbach filed his brief on January 10, 2025 ("Spriestersbach's Brief"), and the Individual PD Defendants filed their brief on January 14, 2025 ("Individual PD Defendants' Brief"). [Dkt. nos. 598, 602.] Defendant Allison Garrett, M.D. ("Dr. Garrett") filed a brief on January 30, 2025 ("Dr. Garrett's Brief"). [Dkt. no. 604.] Having reviewed the briefs and the relevant filings in this case, this Court declines to exercise supplemental jurisdiction over Spriestersbach's remaining claims against the PD Defendants and dismisses those claims. The dismissal is without prejudice to Spriestersbach's pursuit of those claims in state court.

## DISCUSSION

The relevant background of this case is set forth in the December 19, 2024 Amended Order Granting in Part and Denying in Part the PD Defendants' Motion for Judgment on the Pleadings, or in the Alternative, for Summary Judgment ("12/19 PD Defendants Order"). [Dkt. no. 591.] The 12/19 PD Defendants Order addressed Spriestersbach's Second Amended Complaint, [filed 3/29/24 (dkt. no. 362)]. See 12/19 PD Defendants Order at 2. The operative pleading in this case is now Spriestersbach's Second Revised Fourth Amended Complaint ("Fourth Amended Complaint"), [filed 1/3/25 (dkt. no. 595)]. However, the

amendments in the subsequent versions of Spriestersbach's complaint are not relevant to his claims against the Individual PD Defendants. See Order Granting in Part and Denying in Part the State Defendant's Motion to Dismiss or in the Alternative for Judgment on the Pleadings, filed 7/19/24 (dkt. no. 518) ("7/19/24 State Defendants Order"), at 22 (granting leave to file a third amended complaint to add additional allegations against Defendant Hawaii State Hospital ("HSH")); Order: Granting in Part and Denying in Part Motion by Plaintiff to Amend Scheduling Order and for Leave to File Fourth Amended Complaint (FthAC); and Granting in Part and Denying in Part Defendant Allison Garrett, M.D.'s Motion to Strike Portions of Third Amended Complaint (ECF Dkt. 551), filed 12/19/24 (dkt. no. 590) ("12/19/24 Leave to Amend Order"), at 2-3 (granting leave to file a fourth amended complaint to add Darryl Kon as a defendant).[1] Thus, the claims against the Individual PD Defendants in the Fourth Amended Complaint are consistent with the rulings in the 12/19/24 PD Defendants Order.

The 12/19/24 PD Defendants Order granted summary judgment:

- in favor of Defendant Office of the Public Defender ("OPD") as to Spriestersbach's claim brought pursuant to Title II of the Americans with Disabilities Act ("ADA"), Title 42

---

[1] The 7/19/24 State Defendants Order is also available at 2024 WL 3488365, and the 12/19/24 Leave to Amend Order is also available at 2024 WL 5170926.

United States Code Section 12101, *et seq.* ("Count III"); [12/19/24 PD Defendants Order at 67;] and

-in favor of the Individual PD Defendants as to Spriestersbach's intentional infliction of emotional distress ("IIED") claim ("Count XI"), [id. at 55-56].

Thus, there are no claims remaining against OPD, and the only claims that remain for trial against the Individual PD Defendants are Spriestersbach's legal malpractice claim ("Count XIII"); and his negligent infliction of emotional distress ("NIED") claim ("Count XII"). [Id. at 69.]

> Pursuant to 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction over state law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). In undertaking this evaluation, the Court "should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).[2] Although the Court's decision is discretionary, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. at 350 n.7.

[Order Granting in Part and Denying in Part Defendant Allison Garrett, M.D.'s Motion for Summary Judgment, filed 11/18/24

---

[2] United Mine Workers was superseded on other grounds by Section 1367, and Carnegie-Mellon was superseded on other grounds by amendments to Title 28 United States Code Section 1447(c). See Hazzard v. Schaaf, Case No. 22-cv-02921-JSW, 2023 WL 27351, at *3 (N.D. Cal. Jan. 3, 2023), *aff'd*, No. 23-15097, 2023 WL 8714901 (9th Cir. Dec. 18, 2023).

(dkt. no. 579) ("11/19/24 Dr. Garrett Order"), at 30 (alteration and some citations omitted).³] In addition,

> Section 1367(d) tolls the statute of limitations "for any claim asserted under subsection (a) . . . while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d); see also Artis v. District of Columbia, 583 U.S. ----, 138 S. Ct. 594, 603, 199 L. Ed. 2d 473 (2018) (identifying § 1367(d) as a tolling provision that "suspends the statute of limitations for two adjacent time periods: while the claim is pending in federal court and for 30 days postdismissal"); Smith v. Davis, 953 F.3d 582, 597 (9th Cir. 2020) (acknowledging that the proper reading of § 1367(d) is to suspend the statute of limitations and grant a 30-day grace period (citing Artis, 583 U.S. at ----, 138 S. Ct. at 603-04)).

Prem v. Wing Spirit Inc., CIVIL NO. 20-00399 JAO-RT, 2022 WL 801338, at *4 (D. Hawai`i Mar. 16, 2022) (alteration in Prem) (footnote omitted).

> When a district court has original jurisdiction in a civil action, subsection (a) confers "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," . . . . 28 U.S.C. § 1367(a).

Id. at *4 n.2. This Court has original jurisdiction over the instant case because of the federal claims included within the original Complaint. See Complaint, filed 11/21/21 (dkt. no. 1),

---

³ The 11/19/24 Dr. Garrett Order is also available at 2024 WL 4818507.

5

at pgs. 22-29 (alleging federal claims). Because this Court has supplemental jurisdiction over the related claims under Hawai`i law, Section 1367(d) will apply if this Court declines to exercise supplemental jurisdiction over the remaining claims against the Individual PD Defendants.

Because the remaining claims against the PD Defendants are state law claims, this Court has discretion to decline to exercise supplemental jurisdiction over those claims. See § 1367(c)(3). Federal claims remain against other defendants: Title 42 United State Code Section 1983 claims against Defendant Darryl Kon, a Honolulu Police Department officer; [Fourth Amended Complaint at pgs. 40-42, 43-45;] and the ADA Title II claim against HSH, [id. at pgs. 42-43]. These claims do not compel this Court to exercise supplemental jurisdiction over the claims against the Individual PD Defendants because the legal malpractice claim and NIED claim that remain against them are unrelated to the remaining federal claims.

The fact that this case has been pending before this Court for more than three years weighs in favor of the continued exercise of supplemental jurisdiction. A more significant factor, however, is Spriestersbach's legal malpractice action against OPD, which is pending in the State of Hawai`i First Circuit Court ("state court"). See Spriestersbach v. Off. of the Pub. Def., 1CCV-24-0000470 (Hawai`i 1st Cir. Ct.)

("Spriestersbach v. OPD"), First Amended Complaint, filed 10/8/24 (dkt. no. 16). Spriestersbach attempted to pursue his legal malpractice claim against OPD in the instant case, but the claim was dismissed based on OPD's Eleventh Amendment immunity. See Order Granting in Part and Denying in Part the PD Defendants' Motion to Dismiss Plaintiff Joshua Spriestersbach's First Amended Complaint Filed on October 18, 2023, filed 3/15/24 (dkt. no. 351) ("3/15/24 PD Defendants Order"), at 11-12.[4]

    This Court finds that "the values of judicial economy, convenience, fairness, and comity" weigh in favor of allowing the state court to rule upon Spriestersbach's claims against the Individual PD Defendants with his legal malpractice claim against OPD. See Carnegie-Mellon Univ., 484 U.S. at 350. Spriestersbach concedes that "[i]t would promote judicial efficiency and would be more efficient for Plaintiff[, OPD, and the Individual PD] Defendants to litigate all claims concerning OPD's representation of Plaintiff in one forum" and it would "also be more efficient for the other parties in the case." [Spriestersbach's Brief at 2.]

    Finally, neither Spriestersbach nor the Individual PD Defendants are asking this Court to continue to exercise supplemental jurisdiction. See Spriestersbach's Brief at 3

---

[4] The 3/15/24 PD Defendants Order is also available at 723 F. Supp. 3d 955.

(requesting remand); Individual PD Defs.' Brief, Mem. in Supp. at 2 (arguing this Court should decline to exercise supplemental jurisdiction). After careful consideration of the circumstances presented in the instant case, this Court declines to exercise supplemental jurisdiction over Spriestersbach's claims against the Individual PD Defendants in Counts XII and XIII.

Spriestersbach asks this Court to "remand the remaining state law claims against the [Individual PD] Defendants to state court for adjudication." [Spriestersbach's Brief at 3.] Remand is not available because Spriestersbach originally filed the action in this district court. See, e.g., Digi Fama LLC v. SnapNHD, LLC, CV 20-11792-RSWL-JEMx, 2021 WL 8773299, at *7 (C.D. Cal. Sept. 15, 2021) ("'federal courts lack the authority to remand a case to state court if it was originally filed in federal court'" (quoting Sierra v. Spearman, No. 1:17-CV-01691-DAD-EPG, 2019 WL 5061333, at *2 (E.D. Cal. Oct. 9, 2019))). Spriestersbach's claims against the Individual PD Defendants in Counts XII and XIII must therefore be dismissed.

## CONCLUSION

For the foregoing reasons, Spriestersbach's legal malpractice claim (Count XIII) and his negligent infliction of emotional distress claim (Count XII) against the Individual PD Defendants are DISMISSED. The dismissal is WITHOUT PREJUDICE to

the pursuit of those claims in state court. The Clerk's Office is DIRECTED to terminate the Individual PD Defendants as parties on **February 27, 2025.**

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, February 12, 2025.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

JOSHUA SPRIESTERSBACH VS. STATE OF HAWAII, ET AL; CV 21-00456 LEK-RT; ORDER DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION AND DISMISSING PLAINTIFF'S REMAINING CLAIMS AGAINST THE INDIVIDUAL PD DEFENDANTS